UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JASON DOHERTY,

                                                        CIVIL ACTION NO.
                        Plaintiff,

- against -

PATRICIA BICE, individually and as Dean of Student      **COMPLAINT WITH**
Affairs for Purchase College, State University of New      **JURY DEMAND**
York; JARED STAMMER, individually and as Conduct
Officer for Purchase College, State University of New
York; and QUI QUI BALASCIO, individually and as
Associate Dean for Student Affairs for Purchase College,
State University of New York,

                                                        Defendants .
------------------------------------------------------------------------X

      Plaintiff, Jason Doherty, by his attorney, Ruskin Moscou Faltischek, P.C., as and for his Complaint herein, alleges:

### Jurisdiction

1.     This case arises under 42 U.S.C. §§1983 and 1988, 42 U.S.C. §12132, and the Fourteenth Amendment to the United States Constitution. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343.

### Venue

2.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the events giving rise to this action occurred in this District.

### Parties

3.     Plaintiff Jason Doherty ("Doherty") is a nineteen (19) year old student attending Purchase College, State University of New York ("Purchase"), and currently resides in Westchester County, New York.

4. Defendant Patricia Bice ("Bice") is the Dean of Student Affairs for Purchase and is responsible for disciplinary and administrative processes involving the students who attend Purchase.

5. Defendant Jared Stammer ("Stammer") is the Conduct Officer for Community Standards at Purchase, and is responsible for the issuance of no contact orders.

6. Defendant Qui Qui Balascio ("Balascio") is the Associate Dean for Student Affairs for Purchase and is responsible for reviewing the issuance of no contact orders.

**Facts**

7. Doherty suffers from Asperger Syndrome, and has been classified as a disabled student.

8. Despite his disability, Doherty graduated from John Jay High School in Cross River, New York, with honors, and received several awards, including the National Technical Honors Society.

9. While attending John Jay High School, Doherty participated in programs at Putnam Northern Westchester BOCES where he had contentious interactions with Casper Horsfield a/k/a Chelsea Horsfield ("Horsfield").

10. Doherty began attending Purchase as a freshman, and attended freshman orientation in August of 2017.

11. During the orientation period Doherty socialized with a number of freshman, including Alexa Newman ("Newman").

12. When Doherty went with Newman to her room with a number of other students, he was surprised to see Horsfield who was Newman's roommate.

13. Then, after Doherty had exited the room with Newman and some other students, and then tried to re-enter, Horsfield yelled at Doherty to "get out".

14. Doherty stepped away from room and Horsfield closed the door and locked it.

15. A few minutes later, two campus police officers approached Doherty and his friend John while they were standing in the hallway, and asked for their IDs.

16. Doherty asked the campus police officers what he did wrong, and in response one of the officers started yelling at Doherty to leave and that if he didn't he would be arrested, a restraining order against him would be issued and he would not be allowed in the dorms.

17. Doherty, as a result of his Asperger's, was terribly frightened and intimidated, and afraid for his safety, and immediately left the building and called his mother.

18. Doherty was worried and was concerned that he was going to jail, even though he did not know what he had done wrong.

19. Doherty, with the help from another student, then went to the Office for Students with Disabilities and stayed there until his parents arrived.

20. Doherty's parents were able to calm him down and he left the orientation.

21. However, later that day he received a call from defendant Stammer. Stammer advised Doherty that three (3) girls had filed do not contact orders against him, and sent Doherty emails of the no contact orders.

22. The individuals who requested the no contact orders were Horsfield, Newman, and Casey O'Riordan ("O'Riordan").

23. Doherty has never met O'Riordan, and would not recognize her.

24. Thereafter, the fact that Doherty had no contact orders issued against him was posted on a community online chat room.

25. Do not contact orders are provided for in *Education Law* §6444 4(a), which provides:

> When the accused or respondent is a student, to have the institution issue a "no contact order" consistent with institution policies and procedures, whereby continued intentional contact with the reporting individual would be a violation of institution policy subject to additional conduct charges; if the accused or respondent and a reporting individual observe each other in a public place, it shall be the responsibility of the accused or respondent to leave the area immediately and without directly contacting the reporting individual. Both the accused or respondent and the reporting individual shall, upon request and consistent with institution policies and procedures, be afforded a prompt review, reasonable under the circumstances, of the need for and terms of a no contact order, including potential modification, and shall be allowed to submit evidence in support of his or her request. Institutions may establish an appropriate schedule for the accused and respondents to access applicable institution buildings and property at a time when such buildings and property are not being accessed by the reporting individual.

26. At the time the no contact orders were filed against Doherty, Purchase did not have any specific appeal mechanism, nor was there any hearing or other process available either prior to or after the issuance of the no contact orders.

27. Upon information and belief, at the time the no contact orders were filed against Doherty, no reason had been given for why they should be issued.

28. With regard to do not contact orders, at the time that they were issued against Doherty, Purchase's website stated:

> In cases involving allegations of sexual misconduct, sex discrimination, domestic violence, dating violence, and/or stalking, when the accused is a student, the college may issue a "No Contact Order," meaning that attempts to contact the complainant is a violation of college policy subject to additional conduct charges. Additionally, if the accused and complainant observe each other in a public place, it is the responsibility of the accused to leave the area immediately and without directly contacting the complainant.

29. Further, the do not contact orders issued against Doherty state:

> My office has received a request for a no contact order with Jason Doherty.
>
> Alexa Newman and Jason Doherty are directed to not have any contact neither in person, nor by any other means (e.g. telephone, letters, recordings, electronic, etc.). Furthermore, no individual is to have contact on your behalf in any form. This no contact order remains in effect until such time as it is officially lifted in writing by the College.
>
> Please note that as per Office of Community Engagement policy, if you are roommates/suitemates/apartment-mates, both parties will be moved. There will be situations where certain accommodations will not allow for student moves to occur. The Office of Community Engagement will evaluate and decide the final outcome/relocation at its discretion.
>
> In cases involving allegations of sexual misconduct, sex discrimination, domestic violence, dating violence, and/or stalking, if the accused and complainant are in the same location, it is the responsibility of the accused to leave the area immediately and without directly contacting the complainant.
>
> In any case, a violation of a No Contact Order should be reported to either the Office of Community Standards, the Office of Community Engagement, or University Police. A violation of a No Contact Order is subject to disciplinary action. If you have any questions about a No Contact Order or wish to have review of the terms of the No Contact Order, please contact the Office of Community Standards at saf.conduct@purchase.edu or call 914-251-6027.
>
> cc: Community Engagement
> Student File
> University Police

30. At the time the no contact orders were filed against Doherty, Purchase provided no process to challenge the issuance of no contact orders, nor did it require any factual assertion for the issuance of no contact orders.

31. Upon information and belief, no complaints were filed alleging that Doherty had violated the Code of Conduct or committed any other wrongful conduct, and the police did not file any charges against Doherty.

32. Doherty requested review of the no contact orders, and also indicated that he believed that because of his disability, he was being discriminated against.

33. Doherty was informed by Balascio and Bice that Purchase's process was followed with the issuance of the no contact orders, and they would not be vacated.

34. As a result of the issuance of the no contact orders and his disability, Doherty suffers great anxiety and depression, has difficulty going to class or utilizing Purchase's facilities for fear of being arrested, and is afraid to socialize with other students.

35. Subsequent to the issuance of the no contact orders against Doherty, Purchase adopted rules and procedures to review no contact orders.

36. However, these new rules and procedures were not applied to Doherty, and the request to remove the no contact orders from his file and to have them dismissed were without avail.

**FIRST CLAIM FOR RELIEF**
**(Due Process)**

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Defendants, under color of law, deprive plaintiff of his equal protection and due process rights secured by the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. §1983.

39. The do not contact orders issued against Doherty should be vacated and declared void.

40. In addition, Doherty has been damaged in an amount to be determined, but believed to exceed One Hundred Thousand ($100,000.00) Dollars.

## SECOND CLAIM FOR RELIEF

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. By reason of Doherty's disability, Doherty has difficulty in comprehending social ques, and comprehending certain directives.

43. Doherty also suffers from severe anxiety, especially in social situations, or adversarial or disciplinary circumstances.

44. The issuance and existence of the no contact orders create great stress for Doherty, who believes he will be arrested if he is in the presence of any of the three individuals, whether he is aware of it or not, including O'Riordan whom he does not know.

45. As a result, Doherty has difficulty availing himself of the facilities at Purchase, and is afraid to socialize.

46. Defendants did not take into account Doherty's disability when issuing the no contact orders, nor did they consider whether the no contact orders were being requested in an effort to tease and bully Doherty because of his disability.

47. Defendants took no steps to accommodate Doherty's disability when issuing the no contact orders.

48. By reason of the above, defendants have violated 42 U.S.C. §12132.

49. As a result, the do not contact orders issued against Doherty should be vacated and declared void.

50. In addition, Doherty has been damaged in an amount to be determined, but believed to exceed One Hundred Thousand ($100,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against defendants on his complaint:

(a) declaring the do not contact orders issued against Doherty are vacated and void;

(b) in an amount to be determined, but believed to exceed One Hundred Thousand ($100,000.00) Dollars;

(c) attorney's fees in an amount to be determined, but believed to exceed Fifty Thousand ($50,000.00) Dollars;

(d) the costs and disbursements for this action; and

(e) such further and other relief the Court deems appropriate.

Dated: Uniondale, New York
November 19, 2018

RUSKIN MOSCOU FALTISCHEK P.C.

By: _____
E. Christopher Murray
*Attorney for Plaintiffs*
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600

794593