

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

DIRECT DIAL: (212) 416-8874

February 21, 2019

**By ECF and by fax**
Honorable Nelson Stephen Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

  Re: *Doherty v. Bice, et al.*, **18-cv-10898 (NSR)**

Dear Judge Roman:

  This Office represents Defendants Patricia Bice, Dean of Student Affairs, Qui Qui Balascio, Associate Dean of Students, and Jared Stammer, former Conduct Officer for Community Standards ("Defendants") at the State University of New York at Purchase ("Purchase"). Plaintiff Jason Doherty ("Plaintiff"), a current Purchase student, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment rights to equal protection and due process, and pursuant to 42 U.S.C. § 12132, alleging disability discrimination. Plaintiff seeks monetary and injunctive relief based on the issuance of three no-contact orders ("NCO") between himself and three students, which were imposed after an incident in which Plaintiff tried unsuccessfully to re-enter a dorm room. Pursuant to Your Honor's Individual Practices, I submit this letter setting forth the grounds for Defendants' anticipated motion to dismiss Plaintiff's complaint ("Cplt.") pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and to respectfully request a pre-motion conference.

  **I.** **Plaintiff's § 1983 Claims Require Dismissal**

  There are several independent grounds which support dismissal of the § 1983 claims. First, to the extent Plaintiff has sued Defendants in their official capacities for damages, the Eleventh Amendment bars such relief. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1989); *see also Morales v. New York*, 22 F. Supp. 3d 256, 272 (S.D.N.Y. 2014) (NSR). Further, under *Will v. Michigan,* 491 U.S. 58, 64-65 (1989), a state official sued in his or her official capacity is not a "person" within the meaning of § 1983, and Plaintiff is precluded from seeking monetary relief against Defendants. Accordingly, all claims for monetary relief brought against Defendants sued in their official capacities require dismissal.

  Second, to proceed beyond the pleading stage, all civil complaints must overcome a basic factual threshold. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Specifically, "[t]o survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff's equal protection and due process claims are defective and require dismissal.

  The equal protection clause essentially "directs state actors to treat similarly situated people alike." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir.1995) (citing *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). A critical component of any equal protection claim is discriminatory intent. *Washington v. Davis*, 426 U.S. 229, 242 (1976); *see also Silver v. City Univ. of New York*, 947 F.2d 1021, 1022 (2d Cir.1991). To "draw [a] reasonable inference" that Defendants are liable for violating Plaintiff's equal protection rights, Plaintiff must allege that he was intentionally treated differently than others, and that the intention behind that behavior was to discriminate against him. Plaintiff cannot meet this basic standard, and his complaint offers no reason, much less a plausible one, to support his contention that Defendants issued NCOs with any purposeful bias. Rather, Plaintiff conclusorily alleges that "he believed" that he was being discriminated against "because of his disability." Cplt. ¶ 32. But Plaintiff's "belief," without more, is insufficient to sustain his claim. As the Supreme Court explained in *Iqbal*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Plaintiff's "belief" that he was discriminated against because of his disability is just that—a legal conclusion. There is nothing in the Complaint to suggest that Defendants treated Plaintiff differently than others, let alone intentionally, and Plaintiff's personal opinion that he was subjected to discrimination fails to plausibly state an equal protection claim.

  Plaintiff's procedural due process claim is also flawed. To succeed on a procedural due process claim a plaintiff must prove two elements: "(1) the existence of a property or liberty interest that was deprived; and (2) deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dept.*, 692 F.3d 202, 218 (2d Cir. 2012)). As an initial matter, Plaintiff has not articulated anywhere in the Complaint what constitutionally-protected property interest he has allegedly been deprived of. Nor has he plausibly alleged that he was denied any such interest without due process. The Supreme Court has recognized that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *Matthews v. Eldridge*, 424 U.S. 319, 334 (1976). Thus, in "the particular [time sensitive] situation" of a university issuing NCOs—the goal of which is to keep all students safe, free of harassment and unwanted conduct—Plaintiff received all the process he was due. For Plaintiff to allege that he should have somehow received fuller process before the mutual, two-sided NCOs were issued ignores the reality of the "particular situation." Plaintiff also concedes that he was aware of and was afforded process in connection with the NCOs, *see* Cplt. ¶¶ 29 & 33, and cannot plausibly claim he was denied procedural due process simply because he engaged in the applicable process and did not like the results. His procedural due process claim fails.

  Finally, Defendants, sued in their individual capacities, are entitled to qualified immunity from suit for § 1983 claims seeking monetary relief. Qualified immunity shields government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Duffy v. Wallace*, 737 F. App'x 591, 591 (2d Cir. 2018) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Morales*, 22 F. Supp. 3d at 274 (citations omitted). Defendants did not violate any clearly established right of Plaintiff's concerning the NCOs, and their alleged actions were objectively reasonable. Plaintiff

alleges nothing in his Complaint to plausibly support his claim that the NCOs were discriminatorily based or that he was denied process regarding them. *See* Cplt. ¶¶ 29 & 33.

## II.     Plaintiff's ADA Claim Requires Dismissal

As an initial matter, the ADA does not "provid[e] for individual capacity suits against state officials." *Garcia v. Health Science Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Andino v. Fischer*, 698 F.Supp.2d 362, 380 (S.D.N.Y. 2010); *Holly v. Cunningham*, No. 15-cv-284, 2016 WL 8711593, at *4 (S.D.N.Y. June 17, 2016) (internal quotations and citations omitted). Accordingly, Plaintiff's ADA claim against Defendants sued in their individual capacities requires dismissal.

In addition, the ADA Title II claim for monetary relief against Defendants in their official capacities requires dismissal. As already demonstrated with respect to the putative §1983 claims, the Complaint is devoid of any allegations to plausibly support that the NCOs were issued with ill-will or discriminatory animus. Thus, Plaintiff's ADA claim fails and he is not entitled to monetary relief. *Garcia*, 280 F.3d at 112; *see Holly*, 2016 WL 8711593, at *5.

Nor is Plaintiff entitled to injunctive relief (declaring that the relevant NCOs are vacated and voided) (Wherefore Clause (a)) against Defendants sued in their official capacity because he has failed to properly state a claim. In order to do so, a plaintiff must allege "that (1) [he or she is a] qualified individual[] with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff[] w[as] denied the opportunity to participate in or benefit from defendants' services, programs, or activities or w[as] otherwise discriminated against by defendants, by reason of plaintiff['s] disabilities." *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (citation omitted). Even assuming that Plaintiff is a qualified individual with a disability, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Plaintiff's statement that he "believed that because of his disability, he was being discriminated against," Cplt.¶ 32, is exactly that—a legal conclusion disguised as fact. Yet Plaintiff never actually alleges how he was "denied the opportunity to participate in or benefit from defendants' services, programs, or activities," or how he was "otherwise discriminated against by defendants, by reason of [his] disabilit[y]." *Shomo*, 579 F.3d at 185. Because Plaintiff has failed to state an ADA claim, he is not entitled to injunctive relief in the form of vacatur of the NCOs, and that claim requires dismissal.

For the foregoing reasons, Defendants respectfully request a pre-motion conference regarding their anticipated motion to dismiss Plaintiff's complaint.

Respectfully submitted,

/s/ *Alyssa Anzalone-Newman*
Alyssa Anzalone-Newman
Assistant Attorney General
Attorney for Defendants