

*Counselors at Law*

Writer's Direct Dial: (516) 663-6515
Writer's Direct Fax: (516) 663-6715
Writer's E-Mail: emurray@rmfpc.com

February 26, 2019

**By ECF and by Fax**

Hon. Nelson Stephen Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    *Doherty v. Bice, et. al.*
            18-cv-10898 (NSR)

Dear Judge Roman:

    I am a partner in Ruskin Moscou Faltischek, P.C., attorney for plaintiff Jason Doherty ("Doherty") in this action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §12132. I submit this letter in response to the request for a pre-motion conference by defendants Patricia Bice, Qui Qui Balascio, and Jared Stammer for a proposed motion to dismiss. Further, Doherty requests leave to file an Amended Complaint prior to any motion to dismiss.

    As set forth in the Complaint, Doherty, an individual with Autism who attends SUNY Purchase ("Purchase"), brought this action for monetary and injunctive relief when he was issued three no contact orders without any process whatsoever. The no contact orders required Doherty to stay away from three students and subjected him to further discipline if he violated the orders. The no contact orders were issued without any process whatsoever.

    Further, Doherty was afforded no process after the no contact orders were issued, even though he requested a review. Simply put, Doherty had no ability to contest, either before or after, the basis for the issuance of the no contact orders. In addition, the issuance of the no contact orders further exasperated Doherty's disability and harmed his ability to function at the school.

    Initially, defendants contend that monetary damages under Section 1983 cannot be sought against them in their official capacity. This ignores that the Complaint seeks injunctive relief against the defendants in their official capacity, and monetary damages against them in the individual capacity. The defendants have been properly sued in both their individual and official capacities, and this fact does not give rise to a motion to dismiss.



**RMF**
RUSKINMOSCOUFALTISCHEK P.C.
*Counselors at Law*

February 26, 2019
Page 2

      Further, defendants contend that Doherty has failed to allege a constitutional protected property interest which would give rise to a due process claim. First of all, the defendants misstate the allegations of the Complaint regarding both the circumstances of the issuance of the no contact orders, and in contending that they were mutual. In any event, Doherty has property and liberty interests that give rise to the due process claim.

      Under well settled law, Doherty has a constitutionally protected property interest by reason of the implied contract between Purchase and Doherty under New York law. This implied contract requires Purchase to act in good faith in its dealings with Doherty, and may support a due process claim. *Oladokun v. Ryan*, No. 06 CV 2330, 2007 WL 3125317 (S.D.N.Y. Oct. 23, 2007).

      In addition to a property interest, the no contact orders also violated Doherty's liberty interest. Disciplinary actions for a violation that can lead to the expulsion of a student from a college can violate the liberty interest of a student. *Albert v. Carovano*, 824 F.2d 1333, 1339, n.6 (2d Cir. 1987). Here, if Doherty violates the no contact orders he can be expelled from Purchase.

      There was absolutely no due process provided to Doherty before the issuance of the no contact orders, and there was no process that allowed Doherty to contest the basis for the no contact orders after they were issued. *See also, Donohoe v. Baker*, 976 F. Supp. 136 (N.D.N.Y. 1997). Apparently recognizing the failure to provide due process before issuing the no contact orders, Purchase subsequently amended its procedures with regard to no contact orders to provide a process to contest them. However, those procedures were not provided to Doherty.

      As to any claim for qualified immunity, it was clearly established law that Doherty had a property and liberty interest of being free of discipline without due process. *See e.g. Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729 (1975). Accordingly, qualified immunity would not apply.

      As for the claim under Americans With Disability Act ("ADA"),[1] the issuance of the no contact orders has interfered with Doherty's ability to attend and fully benefit from his attendance at college. Doherty is an individual with disabilities suffering from Autism, and whether no contact orders should have been issued should have taken into account his disability. Further, the no contact orders have a disproportionate impact on him because of his disability, creating anxiety and confusion, and preventing him from fully engaging in his college studies.

---

[1] The Complaint does not contain an equal protection claim.



February 26, 2019
Page 3

      Thus, as will be fully established by Doherty, the Complaint sets forth the elements that he is a qualified individual with a disability, that the defendants are subject to the ADA (which they do not contest), and because of the issuance of the no contact orders he has been denied an opportunity to participate in and benefit fully from defendants' services. *See Alexiadis v. New York College of Health Professions*, 891 F. Supp.2d 418 (E.D.N.Y. 2012).

      Accordingly, the Complaint sets forth the claims alleged therein, and any motion to dismiss would be futile.

Respectfully submitted,

E. Christopher Murray

ECM:emr

840881