

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

DIRECT DIAL: (212) 416-8874

August 27, 2019

**By ECF and by Fax**
Honorable Nelson Stephen Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    *Doherty v. Bice, et al.*, **18-cv-10898 (NSR)**

Dear Judge Román:

    This Office represents Defendants Patricia Bice, Dean of Student Affairs, Qui Qui Balascio, Associate Dean of Students, and Jared Stammer, former Conduct Officer for Community Standards ("Defendants") at the State University of New York at Purchase. In accordance with Local Rule 37.2 and Your Honor's Individual Practices, we write to respectfully request a pre-motion conference in anticipation of Defendants' proposed motion to stay discovery.

    By letter dated February 21, 2019, Defendants requested a pre-motion conference in anticipation of moving to dismiss pursuant Federal Rules 12(b)(1) and 12(b)(6). (Docket No. 15). That letter outlined the numerous grounds for dismissal of Plaintiff's claims, in their entirety.[1] On August 16, 2019, Your Honor waived the pre-motion conference, and set the following briefing schedule: Defendants' Motion to Dismiss is due on September 20, 2019; Plaintiff's Opposition is due on October 21, 2019; and, Defendants' Reply Memorandum is due on November 5, 2019. (Docket No. 22). Your Honor also ordered that the parties complete a Case Management Plan and Scheduling Order by this Friday, August 30, 2019. (Docket No. 22). In light of the fact that Defendants anticipate filing a fully dispositive motion to dismiss, they respectfully request that the Court stay discovery, including the parties' obligation to submit a Case Management Plan and Scheduling Order, until Defendants' motion to dismiss is decided. Plaintiff does not consent.

---

[1] On March 13, 2019, Plaintiff filed an amended complaint (Docket No. 17), and Defendants submitted a letter in response on March 29, 2019 (Docket No. 19).

A court has the discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c)(1). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In deciding whether to grant a stay, "a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Those factors weigh in favor of a stay in this action.

First, Defendants' proposed motion for a stay is supported by the strength of their upcoming motion to dismiss, which Defendants described in their February 21, 2019 pre-motion letter to the Court. (Docket No. 15). While "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed," a motion to dismiss may constitute "good cause" to stay discovery when the movant makes "'substantial arguments for dismissal'" or "a 'strong showing' that they will prevail on their motion." *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72-73 (S.D.N.Y. 2013). Here, Defendants have outlined several substantial arguments for dismissal in their pre-motion letter. These include that Plaintiff has failed to properly state any claims, Plaintiff has sued Defendants in the improper capacities, and Defendants are entitled to qualified immunity. (Docket No. 15). Because these are strong and not "frivolous" legal arguments, a stay of discovery should be granted. *See Boelter v. Hearst Commc'ns, Inc.*, No. 15-cv-03934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) ("an initial review of the arguments presented in [support of Defendant's motion to dismiss] suggest that none are frivolous and, because succeeding on each argument alone may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant."); *Hong*, 297 F.R.D. at 75 (staying discovery to avoid creating "a significant burden on defendants in the face of a seemingly strong motion to dismiss").

Second, Defendants should not be burdened with discovery in light of their fully dispositive motion to dismiss. Although the parties have not yet exchanged discovery demands, Plaintiff asserts two separate claims against three individual defendants concerning "No Contact Orders" that are in place between him and three different Purchase College students. Because discovery in this case is likely to be onerous, discovery should be stayed.

Finally, a stay will not prejudice Plaintiff nor unduly delay the proceedings. *Boelter*, 2016 WL 361554, at *5 (quoting *Rivera v. Heyman*, No. 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.")). "Each of Defendant[s'] proffered grounds for dismissing the action pose strictly legal questions, and Plaintiff has not demonstrated that discovery is necessary to rebut Defendant[s'] arguments." *Boelter*, 2016 WL 361554, at *5. Accordingly, discovery should be stayed.

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ *Alyssa Anzalone-Newman*
Alyssa Anzalone-Newman
Assistant Attorney General
Attorney for Defendants