UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JASON DOHERTY                                                    :
                                                             :
      Plaintiff,                   :
                                                             :  18-cv-10898 (NSR)
  - against -                                           :
                                                             :
PATRICIA BICE, individually and as Dean of                       :
Student Affairs for Purchase College, State                      :
University of New York; JARED STAMMER,                           :
individually and as Associate Dean for Student                   :
Affairs for Purchase College, State University of                :
New York; and QUI QUI BALASCIO, individually                     :
and as Associate Dean for Student Affairs for                    :
Purchase College, State University of New York,                  :
                                                             :
      Defendants.                  :
---------------------------------------------------------------- X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

            LETITIA JAMES
            Attorney General of the
            State of New York
            <u>Attorney for Defendants</u>
            28 Liberty Street, 17th Floor
            New York, New York 10005
            Tel.: (212) 416-8874

ALYSSA ANZALONE-NEWMAN
Assistant Attorney General
<u>Of Counsel</u>

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 1

    I.    PLAINTIFF'S § 1983 CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES MUST BE DISMISSED BECAUSE THEY ARE BARRED BY THE ELEVENTH AMENDMENT ....................................................... 1

    II.    BECAUSE PLAINTIFF FAILS TO ALLEGE A VIOLATION OF HIS DUE PROCESS RIGHTS, HIS § 1983 CLAIM SHOULD BE DISMISSED ..................... 2

    III.    BECAUSE PLAINTIFF CANNOT SUE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES UNDER THE ADA, AND PLAINTIFF FAILS TO SUBSTANTIVELY ALLEGE AN ADA CLAIM, THIS CLAIM SHOULD BE DISMISSED ................................................................................................. 7

    IV.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ........................... 9

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**                     **Page(s)**

*Albert v. Carovano*, 824 F.2d 1333 (2d Cir.) *modified on reh'g*, 839 F.2d 871 (2d Cir. 1987), *on reh'g en banc*, 851 F.2d 561 (2d Cir. 1988) ........................................................ 3

*Anti–Monopoly, Inc. v. Hasbro, Inc.*,
958 F. Supp. 895 (S.D.N.Y.), *aff'd*, 130 F.3d 1101 (2d Cir. 1997) .......................... 2

*B.C. v. Mount Vernon Sch. Dist.*,
837 F.3d 152 (2d Cir. 2016) ................................................................................ 8-9

*Branum v. Clark*,
927 F.2d 698 (2d Cir. 1991) ..................................................................................... 5

*Clavin v. Cty. of Orange*,
620 F. App'x 45 (2d Cir. 2015) ............................................................................ 2-3

*Garcia v. Health Science Center of Brooklyn*,
280 F.3d 98 (2d Cir. 2001) ....................................................................................... 7

*Germano v. Dzurenda*,
2011 WL 1214435 (D. Conn. Mar. 28, 2011) ......................................................... 6

*Gonzalez v. City of Schenectady*,
728 F.3d 149 (2d Cir. 2013) ................................................................................... 10

*Haidak v. Univ. of Massachusetts at Amherst*,
299 F. Supp. 3d 242 (D. Mass. 2018), *aff'd in part, vacated in part, remanded sub nom. Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56 (1st Cir. 2019) ................................................................................................................... 4-5

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009) ....................................................................................... 7

*Jennings v. Rodriguez*,
138 S. Ct. 852 (2018) ............................................................................................ 5-6

*Keitt v. New York City*,
882 F. Supp. 2d 412 (S.D.N.Y. 2011) ...................................................................... 7

*Malley v. Briggs*,
475 U.S. 335 (1986) ............................................................................................... 10

*Martinez v. Sanders*,
2004 WL 1234041 (S.D.N.Y. June 3, 2004) ........................................................... 2

*Matthews v. Eldridge*,
    424 U.S. 319 (1976) ..................................................................................................... 6

*Morales v. New York*,
    22 F. Supp. 3d 256 (S.D.N.Y. 2014) (NSR) ............................................................. 7, 10

*Morrissey v. Brewer*,
    408 U.S. 471 (1972) ..................................................................................................... 6

*Pearson v. Callahan*,
    555 U.S. 223 (2009) ..................................................................................................... 9

*Powell v. Nat'l Bd. of Med. Exam'rs*,
    364 F.3d 79 (2d Cir. 2004) ........................................................................................... 9

*Shomo v. City of New York*,
    579 F.3d 176 (2d Cir. 2009) ......................................................................................... 7

*Taravella v. Town of Wolcott*,
    599 F.3d 129 (2d Cir. 2010) ....................................................................................... 10

*Tsombanidis v. W. Haven Fire Dep't*,
    352 F.3d 565 (2d Cir. 2003) ......................................................................................... 8

*White v. Pauly*,
    137 S.Ct. 548 (2017) .................................................................................................... 9

**CONSTITUTIONS**

Eleventh Amendment .......................................................................................................... 1-2

**FEDERAL STATUTES**

42 U.S.C. § 1983 .............................................................................................................. 1-3, 6

Americans with Disabilities Act (ADA) Title II ............................................................ 1, 7-9

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 12(b)(1) ..................................................................... 1

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................................. 1, 2

Defendants Patricia Bice, Dean of Student Affairs, Qui Qui Balascio, Associate Dean of Students, and Jared Stammer, former Conduct Officer for Community Standards ("Defendants") at the State University of New York at Purchase ("Purchase College," "Purchase," or "the College"), respectfully submit this reply memorandum of law in further support of their motion to dismiss Plaintiff's amended complaint ("the Complaint" or "Compl.") in this action, filed on March 13, 2019, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. For the reasons set forth below and in Defendants' initial moving papers, Plaintiff's complaint should be dismissed in its entirety.

## PRELIMINARY STATEMENT

In their opening papers, Defendants demonstrated that Plaintiff's claims fail as a matter of law because: (1) the Eleventh Amendment bars him from suing Defendants in their official capacities under Section 1983; (2) Plaintiff fails to adequately state a due process claim; (3) Plaintiff is unable to sue Defendants in their individual capacities under the Americans with Disabilities Act ("ADA"); (4) Plaintiff fails to state a substantive ADA claim; (5) Defendants are entitled to qualified immunity; and, (6) any of Plaintiff's non-monetary claims against Defendant Stammer are barred because he no longer works at Purchase College, and therefore does not have the authority to implement such relief. Plaintiff's opposition fails to adequately address these arguments, and therefore, the complaint should be dismissed.

## ARGUMENT

### I. PLAINTIFF'S § 1983 CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES MUST BE DISMISSED BECAUSE THEY ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff has named each of the defendants in this lawsuit in both their individual *and* official capacities. *See* Compl. at 1. By doing so, all claims in the complaint are read as being made

1

against Defendants in both of these capacities. In Defendants' memorandum of law in support of their motion to dismiss, they explained why a § 1983 claim against them in their official capacities is improper—the Eleventh Amendment bars such claims, and no exception to state employees' Eleventh Amendment immunity applies here.[1] However, Plaintiff's only attempt to respond to this argument is his statement in his opposition brief that "defendants are *also* being sued in their individual capacity, and it is well settled that a 1983 plaintiff may seek damages against defendants in their individual capacities" (emphasis added). Plaintiff's Response to Defendants' Motion to Dismiss (hereinafter "Resp. to Mot. to Dismiss"), at 9-10. But that has no bearing on the fact that Plaintiff's claims against Defendants in their official capacities are barred by sovereign immunity, which is not contested, or even addressed, by Plaintiff. *See, e.g., Martinez v. Sanders*, 2004 WL 1234041 at *3 (S.D.N.Y. June 3, 2004) ("Because Plaintiff did not address Defendant's motion to dismiss with regard to these claims, they are deemed abandoned."); *Anti–Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y.) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue ... which provides an independent basis for dismissal."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997). Accordingly, Plaintiff's § 1983 claim cannot proceed against Defendants in their official capacities. *See* Defendants' Memorandum of Law in Support of their Motion to Dismiss (hereinafter "Mem. in Support"), Section I.

**II.  BECAUSE PLAINTIFF FAILS TO ALLEGE A VIOLATION OF HIS DUE PROCESS RIGHTS, HIS § 1983 CLAIM SHOULD BE DISMISSED**

For the reasons demonstrated in Defendants' moving papers and below, the Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. "To assert a claim under

---

[1] Among Defendants' arguments that Plaintiff did not address in his opposition brief is that even if the exception to state employees' Eleventh Amendment immunity did apply here, no such exception could apply to Defendant Stammer, since he no longer works at Purchase College and thus does not have the authority to implement the relief Plaintiff has requested.

2

Section 1983 based on an alleged violation of procedural due process, plaintiff must plead (1) he possesses a liberty or property interest protected by the Constitution or a federal statute, and (2) he was deprived of that liberty or property interest without due process." *Clavin v. Cty. of Orange*, 620 F. App'x 45, 47-48 (2d Cir. 2015). As established in Defendants' moving papers, Plaintiff's amended complaint fails to articulate any property interest. Mem. in Support at 8-9. In his opposition, Plaintiff reasserts the same purported interest he referenced in his February 26, 2019 letter to the Court (Dkt. No. 16): that Plaintiff "has a constitutionally protected property interest by reason of the implied contract between Purchase and [Plaintiff]. This implied contract requires Purchase to act in good faith in its dealings with [Plaintiff], and may support a due process claim." Resp. to Mot. to Dismiss at 7 (citations omitted). Plaintiff also claims he has a liberty interest at stake, since "[d]isciplinary actions for a violation that can lead to the expulsion of a student from a college can violate the liberty interest of a student." *Id.* (citations omitted). However, as Defendants explained in their motion to dismiss, the alleged liberty interest Plaintiff refers to is non-existent, because he has misconstrued the case law. In attempting to show that he had a liberty interest at stake, Plaintiff relies exclusively on misinterpretation of a footnote in *Albert v. Carovano*. *See* Resp. to Mot. to Dismiss at 7 (citing *Albert v. Carovano*, 824 F.2d 1333, 1339, n.6 (2d Cir.) *modified on reh'g*, 839 F.2d 871 (2d Cir. 1987), *on reh'g en banc*, 851 F.2d 561 (2d Cir. 1988)). That footnote reads: ""A preliminary question here would be whether the appellants have been deprived of any constitutionally protected rights *by their suspension*. Although the students' complaint does not specify which rights they claim to have been deprived of, we note that, at a minimum, the students' protected liberty interest is at stake because of the 'stigma' attached to *suspension from college* for disciplinary reasons." *Albert*, 824 F.2d at 1339, n.6 (italics added). As previously explained, this footnote clearly states that a liberty interest is triggered when a student

has actually been suspended—not upon the mere existence of a no contact order. Mem. in Support at 9. Here, there have been no suspensions or expulsions, and Plaintiff does not allege otherwise. Although he repeatedly has tried to conflate no contact orders with suspensions and expulsions, they are not the same, and no contact orders do not implicate the same constitutional- or statutorily-protected interests as the latter two outcomes.

Plaintiff's attempt to rely on *Haidak v. University of Massachusetts at Amherst* is similarly misguided. *See* Resp. to Mot. to Dismiss at 8; *Haidak v. Univ. of Massachusetts at Amherst*, 299 F. Supp. 3d 242, 265 (D. Mass. 2018), *aff'd in part, vacated in part, remanded sub nom. Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56 (1st Cir. 2019). As explained in Defendants' moving papers, *Haidak* held that "a no-contact order does not implicate a substantial property or liberty interest such as education or reputation." *Id.* at 265; Mem. in Support at 9. Accordingly, Plaintiff has failed to plead that he has a constitutionally-protected interest sufficient to sustain a due process claim. Nonetheless, Plaintiff argues that "in [*Haidak*], the [c]ourt found that the University complied with the due process requirement when issuing an NCO to the plaintiff because he was given an opportunity to contest the complaint against him, and he was also 'given an opportunity to contest the no-contact order.'" Resp. to Mot. to Dismiss at 8. But Plaintiff has fundamentally misrepresented the substance of *Haidak*, which held:

> It is true that the first no-contact order on April 19, 2013, after Gibney's initial complaint, was issued without any opportunity for Plaintiff to be heard ahead of time. This fact does not, however, raise due process concerns for at least three reasons. First, as a preliminary matter, a no-contact order does not implicate a substantial property or liberty interest such as education or reputation. The procedural safeguards, in this context, may be more rudimentary than formal.

*Haidak*, 299 F. Supp. 3d at 265.

Thus, *Haidak* stands firmly for the proposition that no contact orders do *not* create a protected property or liberty interest for students. Furthermore, even the sentences Plaintiff has

4

cherry-picked from *Haidak* support Defendants' argument. The court in *Haidak* ultimately found that the plaintiff received due process, because he was given an opportunity *after* the no contact order was issued to contest the complaint against him, as well as the no contact order itself. *Id.* *Haidak* did not evaluate whether the plaintiff received due process *before* the no contact order was issued, because the plaintiff did not have any right to such process. With respect to the process afforded after the no contact order was issued, Plaintiff here was afforded those same opportunities as found sufficient in *Haidak*, of which he availed himself. *See* Mem. in Support, Section II.

Nor has Plaintiff alleged that he had a protected property or liberty interest by virtue of the "implied contract" between Plaintiff and the College. Even if such an "implied contract" could create a protected interest, Plaintiff fails to allege that he was deprived of this interest, because he has put forth no facts showing that Defendants violated Purchase College's "implied contract" with him. The implied contract between a university and its students requires the university to act in good faith in its dealings with students. *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). In his Amended Complaint, Plaintiff has alleged no facts to support a finding that Defendants acted with anything other than good faith towards him, and he has not even addressed this point in his opposition papers. Once again, courts in this circuit have held that a plaintiff's failure to respond to contentions raised in a motion to dismiss constitutes an abandonment of those claims. *See* p. 2. Thus, Plaintiff's conclusory statement that the "implied contract requires Purchase to act in good faith in its dealings with Jason, and may support a due process claim" is insufficient to sustain a due process claim. *See* Resp. to Mot. to Dismiss at 7; Mem. in Support at 9-10.

Lastly, even if Plaintiff had adequately alleged a deprivation of a property right, which he has not, Plaintiff has failed to allege facts showing that he has been deprived of such a right without due process. As discussed more thoroughly in Defendants' motion to dismiss, "[d]ue process is

5

flexible [and] calls for such procedural protections as the particular situation demands." *Jennings v. Rodriguez*, 138 S. Ct. 852 (2018) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)); *see also Matthews v. Eldridge*, 424 U.S. 319, 348-49 (1976)). Here, Plaintiff tried to reenter his classmates' dorm room, one of them yelled at him to leave and then shut and locked the door, and Purchase College police were called to the scene. Compl. at ¶¶ 13-15. This particular situation, and that same implied contract between Purchase College and its students, called for a process by which all students were kept safe in an expeditious manner, and did not require a full investigation to be conducted before no contact orders were issued. *See Germano v. Dzurenda*, 2011 WL 1214435, at *18 (D. Conn. Mar. 28, 2011).

Additionally, although Plaintiff has repeatedly claimed that he received no process after the no contact orders were issued, this simply is untrue. As Defendants demonstrated in their moving papers, Plaintiff was given the opportunity to request a review of the orders, which he did. Mem. in Support at 12. The orders were reviewed and subsequently upheld, after which Plaintiff filed this lawsuit. *Id.* While Plaintiff's opposition states that Dean of Student Affairs Bice's email to Plaintiff's mother "does not reference any opportunity to contest the NCOs," Resp. to Mot. to Dismiss at 9, that is contradicted by Plaintiff's own complaint, which alleges that Plaintiff availed himself of the opportunity to contest the NCOs. Compl. at ¶ 32. Again, Plaintiff's dissatisfaction with the outcome of the process to challenge the no contact orders does not negate the fact that he received such process. For the reasons above and those discussed in Section II of Defendants' memorandum in support of their motion to dismiss, Plaintiff has failed to state a § 1983 claim and this claim should be dismissed.

### III. BECAUSE PLAINTIFF CANNOT SUE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES UNDER THE ADA, AND PLAINTIFF FAILS TO SUBSTANTIVELY ALLEGE AN ADA CLAIM, THIS CLAIM SHOULD BE DISMISSED

Plaintiff's ADA claim against Defendants in their individual capacities cannot survive because the ADA does not "provid[e] for individual capacity suits against state officials." *Garcia v. Health Science Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Morales v. New York*, 22 F. Supp. 3d 256, 271 (S.D.N.Y. 2014) (NSR); *Keitt v. New York City*, 882 F. Supp. 2d 412, 426 (S.D.N.Y. 2011) (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). In opposition, Plaintiff does not provide any legal or factual basis supporting his claim. Instead, he relies upon the same logic he invoked with regard to his due process claim; Plaintiff argues, "[a]s for the assertion that under the ADA defendants cannot be sued in their individual capacities, this simply ignores that they have also been sued in their official capacities." Resp. to Mot. to Dismiss at 11. But, as stated above, the fact that Plaintiff has asserted an ADA claim against Defendants in their official capacities has no bearing on whether this claim can proceed against them as individuals. The applicable case law mandates the dismissal of Plaintiff's ADA claim against Defendants in their individual capacities. *See* Mem. in Support, Section III.

Further, Plaintiff fails to state a claim under the ADA. To successfully plead a claim under Title II of the ADA, a plaintiff must show that: (1) he is a qualified individual with a disability, (2) the defendants are subject to the ADA, and (3) that the plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, *by reason of plaintiff's disability*. *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (citation omitted) (italics added); *see Morales*, 22 F. Supp. 3d at 269. In Plaintiff's opposition, he argues that the issuance of the no contact orders has a disproportionate impact on him because he has Asperger's Syndrome. Resp. to Mot. to Dismiss at

7

10 (citing *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016)). However, Plaintiff neglects to cite or reference the very next lines of *Mount Vernon School District*, which read, "To establish a prima facie case under a disparate impact theory, plaintiff must demonstrate '(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices.'" *Id.* (quoting *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 574-75 (2d Cir. 2003)) (emphasis omitted). The Second Circuit continues: "Thus, 'plaintiffs are ordinarily required to include statistical evidence to show disparity in outcome between groups.' This can be done by offering evidence showing that a neutral policy adversely affects a much greater percentage of people with a disability than it affects people without a disability." *Mount Vernon Sch. Dist.*, 837 F.3d at 158. (internal citation omitted).

Yet despite this clear instruction, Plaintiff has taken none of the steps required to establish a prima facie case under the disparate impact theory. Instead, Plaintiff merely alleges the occurrence of an outwardly neutral practice: the issuance and upholding of no contact orders. Resp. to Mot. to Dismiss at 4-6. Beyond that, Plaintiff has offered no allegations or evidence—statistical or otherwise—that could support an assertion that: (1) disabled students or those with Asperger's Syndrome specifically face disparate outcomes as a result of Defendants' facially neutral practices regarding no contact orders, or (2) Purchase's policy affects a much greater percentage of people with a disability than people without one. Instead, Plaintiff merely claims that because of his Asperger's Syndrome he "fears he is going to be arrested, and because of that fear is not able to fully participate in college life. As a result, the issuance of the NCOs has a disproportionate impact on [Plaintiff] because of his disability." Resp. to Mot. to Dismiss at 11. Plaintiff further argues that he has sufficiently alleged an ADA claim because: he is disabled, the

no contact orders were issued prior to a hearing being held that considered his disability, and, due to the "exasperated [sic] adverse impact on [Plaintiff] and his ability to benefit from Purchase's services." *Id.* Again, these statements do not meet the standard articulated in the very case Plaintiff relies upon, *Mount Vernon School District*. Instead, they are conclusory statements supported only by a circular logic in which Plaintiff claims he was discriminated against by Defendants simply because he "believe[s]" he was. *See* Compl. at ¶ 32; *cf. Mount Vernon Sch. Dist.*, 837 F.3d at 158 (explaining the framework for making a prima facie case of discrimination under the ADA).

Finally, a plaintiff seeking monetary damages to remedy an alleged Title II violation must show "not only that there was a violation, but that such violation was motivated either by discriminatory animus or ill will stemming from plaintiff's disability." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 89 (2d Cir. 2004). Here, Plaintiff has wholly failed to allege any facts showing that any exclusion or discrimination he allegedly faced was by reason of his disability, or that any of the defendants acted with discriminatory animus towards him or with ill will stemming from his disability. Mem. in Support, Section IV. Accordingly, any claim under the ADA for monetary damages must be dismissed.

### IV.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

As demonstrated in Defendants' moving papers, qualified immunity is "an immunity from suit rather than a mere defense to liability," and the "driving force" behind this concept is "a desire to ensure that insubstantial claims against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotations omitted). Simply put, qualified immunity "attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S.Ct. 548 (2017) (internal citations omitted).

In Plaintiff's extremely cursory response to Defendants' argument regarding qualified immunity, he states only that defeating a qualified immunity defense does not require "that the specific wrongful conduct has previously been held illegal." Resp. to Mot. to Dismiss at 11. However, as articulated in Defendants' motion, a qualified immunity analysis must examine "(1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the [government] officer[s] to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (citing *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-134 (2d Cir. 2010)); *see also Morales*, 22 F. Supp. 3d at 274. *See* Mem. in Support, Section V.

As discussed above, Defendants did not violate any of Plaintiff's clearly established rights in the process of issuing and upholding the no contact orders, and nothing about their conduct suggests it would not have been objectively reasonable for them to think their actions were lawful. *Id.* Nor has Plaintiff offered anything in his opposition papers that would suggest this. Conversely, all he has done is state in a conclusory manner that "[h]ere, it would not be reasonable for defendants to believe they could issue NCOs against Jason without providing him with any due process, either before or after they were issued." Resp. to Mot. to Dismiss at 11. "The scope of qualified immunity is broad, and it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Morales*, 22 F. Supp. 3d at 274 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Because Plaintiff has alleged no facts suggesting that Defendants were incompetent, knowingly violated the law, or were not objectively reasonable in believing their conduct was lawful, Defendants are entitled to qualified immunity in this case.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in their moving papers, Defendants respectfully request that the Complaint be dismissed in its entirety, together with such other and further relief as it deems just and proper.

Dated: New York, New York
November 26, 2019

                                          Respectfully submitted,

                                          LETITIA JAMES
                                          Attorney General of the State of New York
                                          <u>Attorney for Defendants</u>

By:   <u>/s Alyssa Anzalone-Newman</u>
        Alyssa Anzalone-Newman
        Assistant Attorney General
        28 Liberty Street
        New York, New York 10005
        (212) 416-8874
        Alyssa.Anzalone-Newman@ag.ny.gov