UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
JASON DOHERTY, :
:
                        Plaintiff, :
:
      - against - :
: **ANSWER TO AMENDED**
PATRICIA BICE, individually and as Dean of : **COMPLAINT**
Student Affairs for Purchase College, State :
University of New York; JARED STAMMER, : 18-cv-10898 (NSR)
individually and as Conduct Officer for Purchase :
College, State University of New York; and QUI : **ORIGINAL FILED BY ECF**
QUI BALASCIO, individually and as Associate :
Dean for Student Affairs for Purchase College, :
State University of New York :
:
                        Defendants. :
:
:
----------------------------------------------------------------X

      Defendants PATRICIA BICE ("Bice"), JARED STAMMER ("Stammer"), and QUI QUI BALASCIO ("Balascio") (collectively, "Defendants")[1], by their attorney LETITIA JAMES, Attorney General of the State of New York, answer the Amended Complaint dated March 13, 2019, ECF No. 17 ("Amended Complaint") of plaintiff Jason Doherty ("Plaintiff") as follows:

      Defendants object to any claims or allegations relating to claims which were dismissed in the September 16, 2020 decision and order of the Hon. Nelson Román, ECF No. 37 ("the Dismissal Order"). All such allegations are implicitly denied as irrelevant and unnecessary.

---

[1] Pursuant to the Dismissal Order, only claims against Defendants Stammer, Bice, and Balascio in their official capacities remain. *See* Opinion & Order, ECF No. 37. Because an official capacity suit "is not a suit against the official but rather is a suit against the official's office," Plaintiff's official capacity claims are actually claims against the State University of New York ("SUNY") and are answered accordingly. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. *See also* Fed. R. Civ. P. 25(d).

1

Defendants deny the allegations contained in each unnumbered paragraph and heading in the Amended Complaint.

Defendants deny any allegations in the Amended Complaint that are not specifically addressed herein.

This answer is based upon information currently available to Defendants and they reserve the right to supplement the answer as more information becomes available.

## AS TO JURISDICTION

1. Paragraph 1 of the Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendants deny the allegations contained in paragraph 1 of the Amended Complaint, and respectfully refer to the statutes cited therein for a complete and accurate statement of their content but deny any characterization thereof.

## AS TO VENUE

2. Paragraph 2 of the Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendants deny the allegations contained in paragraph 2 of the Amended Complaint, and respectfully refer to the statutes cited therein for a complete and accurate statement of their content but deny any characterization thereof.

## AS TO THE ALLEGED PARTIES

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 3 of the Amended Complaint except that Defendants admit Plaintiff is a student currently enrolled at Purchase College, State University of New York ("SUNY Purchase").

4. Defendants deny the allegations contained in paragraph 4 of the Amended Complaint except admit that Defendant Bice served as the Interim Dean of Student Success from August 2014- August 2016, the Dean of Student Success from August 2016- July 2019, and Interim Vice President for Student Affairs as of August 2019, and that the Office of Community Standards reports to Defendant Bice.

5. Defendants deny the allegations contained in paragraph 5 of the Amended Complaint except admit that Jared Stammer was the Conduct Officer within the Office of Community Standards at SUNY Purchase from January 2015 through September 2017 and that the Office of Community Standards is one of the offices responsible for the issuance of no contact orders.

6. Defendants deny the allegations contained in paragraph 6 of the Amended Complaint, except admit that Qui Qui Balascio acted as the Associate Dean for Student Affairs at SUNY Purchase between August 2008 and October 2020 and that Defendant Balascio reviewed the three mutual no-contact orders at issue in this litigation between Plaintiff and Casper Horsfield, Plaintiff and Alexa Newman, and Plaintiff and Casey O'Riordan dated August 24, 2017, and revised on August 25, 2017 (the "No Contact Orders").

## AS TO THE ALLEGED FACTS

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint except Defendants deny that Plaintiff has been classified as a disabled student.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 9 of the Amended Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint except admit that Plaintiff enrolled at SUNY Purchase as a first-year student in August 2017.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint except admit that two New York State University Police ("NYSUP") officers spoke to Plaintiff on August 24, 2017.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint except admit that two NYSUP officers spoke to Plaintiff on August 24, 2017.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 19 of the Amended Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Amended Complaint except admit that Defendant Stammer called Plaintiff to inform him that the Office of Community Standards issued the mutual No Contact Orders and provided copies of the No Contact Orders to Plaintiff via email.

22. Defendants admit the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Amended Complaint except admit that Plaintiff's parents provided a purported screen shot of an online post allegedly referencing a no contact order involving Plaintiff.

25. Paragraph 25 of the Amended Complaint does not contain any factual allegations to which Defendants can respond. To the extent any response is deemed to be required, Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint, and respectfully refer to the statutes cited therein for a complete and accurate statement of their content but deny any characterization thereof.

26. Defendants deny the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Amended Complaint, except admit that upon information and belief in or about October 2017 SUNY Purchase's website contained the text identified in paragraph 28 of the Amended Complaint but deny any

characterization thereof.

29. Defendants deny the allegations contained in paragraph 29 of the Amended Complaint and respectfully refer to the documents cited therein for a complete and accurate statement of their content but deny any characterization thereof.

30. Defendants deny the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Amended Complaint, except admit that Plaintiff sent an e-mail to Defendant Balascio on September 25, 2017 requesting review of the No Contact Orders, and respectfully refer the Court to Plaintiff's e-mail for a complete and accurate statement of its contents but deny any characterization thereof.

33. Defendants deny the allegations contained in paragraph 33 of the Amended Complaint except admit that Defendants Balascio and Bice informed Plaintiff that the No Contact Orders were issued in accordance with SUNY Purchase's processes and would remain in effect.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Amended Complaint except admit that SUNY Purchase implemented a revised policy regarding the issuance of no contact orders in January 2018.

36. Defendants deny the allegations contained in paragraph 36 of the Amended Complaint, except admit that SUNY Purchase implemented a revised policy regarding the issuance of no contact orders in January 2018 which applied to no contact orders issued within or after January 2018. The No Contact Orders were already in effect prior to January 2018 and remain in effect.

## AS TO THE FIRST CLAIM FOR RELIEF
### (Due Process)

37. No response is required to the allegations contained in paragraph 37 of the Amended Complaint as the due process claims asserted under the Fourteenth Amendment of the United States Constitution were dismissed by the Dismissal Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38. No response is required to the allegations contained in paragraph 38 of the Amended Complaint as the due process claims asserted under the Fourteenth Amendment of the United States Constitution were dismissed by the Dismissal Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

39. No response is required to the allegations contained in paragraph 39 of the Amended Complaint as the due process claims asserted under the Fourteenth Amendment of the United States Constitution were dismissed by the Dismissal Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 39 of the Amended Complaint.

40. No response is required to the allegations contained in paragraph 40 of the Amended Complaint as the due process claims asserted under the Fourteenth Amendment of the United States Constitution were dismissed by the Dismissal Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF
### (Americans with Disabilities Act)

41. Defendants repeat and reallege their responses to paragraphs 1 through 40 of the Amended Complaint.

42. Paragraph 42 of the Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendants respectfully refer to the statutes cited therein for a complete and accurate statement of their content but deny any characterization thereof.

43. Paragraph 43 of the Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Amended Complaint, and specifically deny that Defendants knew that Plaintiff suffered from Asperger Syndrome or was subjected to purported bullying at the time the No Contact Orders were issued.

52. Defendants deny the allegations contained in paragraph 52 of the Amended Complaint, and specifically deny that Defendants knew that Plaintiff suffered from Asperger Syndrome at the time the No Contact Orders were issued.

53. Paragraph 53 of the Amended Complaint contains legal conclusions as to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

54. Paragraph 54 of the Amended Complaint does not contain any factual allegations to which Defendants can respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 54 of the Amended Complaint.

55. Paragraph 55 of the Amended Complaint does not contain any factual allegations to which Defendants can respond.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

## AS TO THE ALLEGED RELIEF SOUGHT

56. Defendants admit that Plaintiff purports to seek the relief described in the "WHEREFORE" section of the Amended Complaint but deny that Plaintiff is entitled to any such relief.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

57. For further and separate defenses to the causes of action alleged by Plaintiff in the Amended Complaint, and without admitting that Defendants have the burden of proof on any fact, issue, element of a cause of action, or any of these matters, or that anything stated herein is intended

or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations, Defendants allege as follows.  Defendants reserves the right to amend these defenses and to assert additional defenses to the full extent permitted by law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58. The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. Some or all of Plaintiff's claims are barred by the relevant statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. Some or all of Plaintiff's claims are barred by New York State's sovereign immunity and/or the Eleventh Amendment to the United States Constitution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Some or all of the relief requested by Plaintiff is not available under the applicable statutes and claims for relief.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. If Plaintiff sustained injuries or harm, they were not caused by Defendants, but were caused, in whole or in part, by his own conduct or by the conduct of another party, a third party, or third parties.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. Defendants did not directly and/or proximately cause Plaintiff's injuries.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

65. With respect to some or all of Plaintiff's claims and to the extent that Plaintiff is successful in

recovering damages, Plaintiff's request for damages is barred to the extent that he has failed to mitigate those damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

66. Plaintiff has failed to exhaust his administrative remedies with respect to some or all of his claims.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

67. Some or all of Plaintiff's claims are barred by qualified immunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

68. The Amended Complaint fails to allege an adequate basis upon which Plaintiff should recover costs, expenses, or attorneys' fees.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

69. The Amended Complaint fails to allege an adequate basis upon which Plaintiff could receive declaratory or injunctive relief.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims for equitable relief are barred in whole or in part to the extent they would impose an undue hardship on Defendants.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

71. Some or all of the relief requested by Plaintiff is not available under the applicable law, statutes, and causes of action.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

72. Some or all of the Defendants are not a proper party to this action.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

73. Some or all of Plaintiff's claims are barred by laches.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

74. Some or all of Plaintiff's claims have already been dismissed by the Dismissal Order.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims against three individuals in their official capacities are redundant and duplicative.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

76. Plaintiff lacks standing to bring some or all of his claims.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

77. Some or all of Plaintiff's claims alleged against Defendants in this action are barred on ripeness, mootness, and/or other justiciability grounds.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

78. Granting the relief requested by Plaintiff would require measures that would fundamentally alter the nature of the Defendants' programs, services, or activities.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

79. Granting the relief requested by Plaintiff would result in undue burden for Defendants.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred to the extent that the programs at SUNY Purchase were readily accessible to Plaintiff.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

81. Some or all of Plaintiff's claims fail because Plaintiff was not treated with discriminatory animus or ill will on account of his disability.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

82. Defendants acted in good faith compliance with all relevant statutory laws and deny that they

has ever acted in willful disregard of Plaintiff's rights.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

83. Plaintiff is not a qualified individual pursuant to the Americans with Disabilities Act.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

84. All of the decisions made by Defendants, and any actions taken by same, were made for legitimate, nondiscriminatory reasons.

WHEREFORE, Defendants request judgment dismissing the Amended Complaint with prejudice, together with costs and disbursements, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 16, 2020

LETITIA JAMES
Attorney General of the
State of New York
*Attorney for Defendants*

By: *Shaina Schwartz*
Shaina L. Schwartz
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8560
shaina.schwartz@ag.ny.gov