

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

May 24, 2021

*Via ECF*
Hon. Andrew E. Krause
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *Doherty v. Bice, et al.*, 18 Civ. 10898 (NSR)(AEK)

Dear Judge Krause:

    This Office represents defendants Patricia Bice, Qui Qui Balascio, and Jared Stammer[1] (collectively, "Defendants") in the above-captioned action. I write pursuant to Local Civil Rule 37.2 and Your Honor's Order dated April 1, 2021 (ECF No. 43), to respectfully request a conference regarding Defendant's anticipated motion to compel Plaintiff to produce documents and information relating to his claims, including his medical and mental health treatment, and signed releases for his medical and psychotherapy records.

    Plaintiff Jason Doherty is a student at Purchase College, State University of New York ("SUNY Purchase").[2] In August 2017, in response to requests from three students, the Office of Community Standards issued mutual no contact orders preventing contact between Plaintiff and the three students (the "No Contact Orders"). The No Contact Orders form the basis of Plaintiff's claim for disability discrimination pursuant to the Americans with Disabilities Act ("ADA"). Specifically, Plaintiff alleges that he suffers from severe anxiety, and that the "issuance and existence of the no contact orders create great stress" for Plaintiff, preventing him from availing himself of the facilities at SUNY Purchase. *See* Am. Compl. ¶¶ 47-48 (ECF No. 17).

    Based on these allegations, Defendants requested: (a) documents and communications concerning Plaintiff's disability (Ex. B, Request No. 23); (b) documents and communications relating to any consultation or treatment by any medical or mental health provider (Ex. B, Request No. 25); (c) releases to enable Defendants to obtain documents and information relating to Plaintiff's examination, evaluation, or treatment (Ex. B, Request Nos. 26-27); and (d) the

---

[1]    Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. *See* Fed. R. Civ. P. 25(d).

[2]    Plaintiff is anticipated to graduate this semester.

identification of any medical and mental health professionals who have treated or counseled Plaintiff (Ex. A, Interrogatory No. 7). Plaintiff objected to Defendants' requests, and refused to provide the requested documents, releases, and information, claiming the requests were "overbroad, irrelevant, and unduly burdensome," and that "Plaintiff did not seek any medical treatment for the damage suffered by Defendants' conduct." *See* Exs. C, D.

Plaintiff's objections are unfounded, and the requested information and documents, including releases, must be produced. Plaintiff's medical condition forms the basis for his claim, and Defendants are entitled to information concerning his condition. As an initial matter, Plaintiff alleges that he was discriminated against due to his disability. Thus, documents and records concerning Plaintiff's purported disability, including his medical condition and whether it impacts his ability to engage in a major life activity, are directly relevant to his claims, and must be produced.[3] *See Grabin v. Marymount Manhattan Coll.*, 2014 WL 2592416, at *12 (S.D.N.Y. June 10, 2014) ("Courts in the Second Circuit have consistently held that when a plaintiff fails to offer any medical evidence substantiating the specific limitations to which he claims he is subject due to his condition, he cannot establish that he is disabled within the meaning of the ADA.") (quoting *Baerga v. Hosp. for Special Surgery*, 2003 WL 22251294, at *6 (S.D.N.Y. Sept. 30, 2003)). Further, Plaintiff's claim centers on his allegations that he had difficulty accessing SUNY Purchase's facilities. *See* Am. Compl. ¶¶ 45, 47-48 (ECF No. 17). Specifically, Plaintiff alleges that he suffers from severe anxiety, and that, because of his disability, the No Contact Orders caused him such great stress that he could not avail himself of the facilities at SUNY Purchase. *Id*. These allegations place Plaintiff's mental health directly at issue and therefore waive the psychotherapist privilege. *See Anderson v. City of N.Y.*, 2006 WL 1134117, at *1 (E.D.N.Y. Apr. 28, 2006); *see also Manessis v. N.Y.C. Dep't of Transp.*, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) ("Where, however, a litigant puts his physical or mental condition into issue in the litigation, he waives his right to privacy in any relevant medical records."). Thus, despite Plaintiff's objection, Plaintiff's medical and mental health records are relevant beyond his purported emotional damages. They are directly relevant to Plaintiff's allegation that, because of his disability, the No Contact Orders prevented him from accessing facilities at SUNY Purchase, and thus must be produced.

For these reasons, Defendants respectfully request a conference concerning their anticipated motion to compel.[4] Thank you for your time and consideration of this matter.

---

[3] While Plaintiff has agreed to produce some limited documents reflecting his diagnosis, that is insufficient. Defendants will be prejudiced if they are forced to rely on documents cherry-picked by Plaintiff concerning the crux of Plaintiff's disability claim. Plaintiff has placed his medical condition squarely at issue in this litigation, including its impact on how Plaintiff functions and his ability to access facilities at SUNY Purchase. Thus, Defendant is entitled to comprehensive records concerning that condition and its effects on Plaintiff, including releases for Plaintiff's medical and psychotherapy records.

[4] The parties met and conferred on the issue of the medical records, including by telephone on May 11, 2021, and are at an impasse. Defendants continue to meet and confer with Plaintiff on other deficiencies in their production and responses, and will raise them with the Court, if necessary, in accordance with Your Honor's Individual Practices.

Hon. Andrew E. Krause
May 24, 2021
Page 3 of 3

Respectfully submitted,

*/s/ Shaina Schwartz*
Shaina L. Schwartz
Assistant Attorney General
212-416-8560
shaina.schwartz@ag.ny.gov

cc: E. Chris Murray, Esq. (*via* ECF)