# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
JASON DOHERTY, :
:
                      Plaintiff, :
:
    - against - :
: **DEFENDANTS' FIRST SET OF**
PATRICIA BICE, individually and as Dean of : **INTERROGATORIES TO**
Student Affairs for Purchase College, State : **PLAINTIFF**
University of New York; JARED STAMMER, :
individually and as Conduct Officer for Purchase :
College, State University of New York; and QUI :
QUI BALASCIO, individually and as Associate :
Dean for Student Affairs for Purchase College, :
State University of New York :
:
                      Defendants. :
:
:
---------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that, in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.3 and 33.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendants Patricia Bice, Jared Stammer, and Qui Qui Balascio[1] (collectively, "Defendants"), by their attorney, LETITIA JAMES, Attorney General of the State of New York, hereby requests that Plaintiff Jason Doherty answer the interrogatories set forth below, in writing and under oath, and serve such answers upon the Office of the Attorney General, 28 Liberty Street, New York, New York 10005, in care of the

---

[1] Pursuant to the Dismissal Order, only claims against Defendants Stammer, Bice, and Balascio in their official capacities remain. *See* Opinion & Order, ECF No. 37. Because an official capacity suit "is not a suit against the official but rather is a suit against the official's office," Plaintiff's official capacity claims are actually claims against the State University of New York ("SUNY") and are answered accordingly. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. *See also* Fed. R. Civ. P. 25(d).

1

undersigned counsel, by March 12, 2021, as per the proposed Civil Case Discovery Plan and Scheduling Order in this matter (ECF No. 39).

## **GENERAL INSTRUCTIONS AND DEFINITIONS**

Unless specifically indicated or otherwise required by the context in which the terms, names, and instructions are used, the following instructions and definitions shall be applicable in this First Set of Interrogatories.

      A.      The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 are incorporated herein by reference, and shall apply to these interrogatories and all responses thereto in addition to the definitions set forth herein.

      B.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available.

      C.      In responding to these interrogatories, Plaintiff is to furnish all available information, including information in the possession of Plaintiff's agents and all persons acting on their behalf, including their attorneys. This information includes information from documents presently in the possession, custody or control of Plaintiff's attorneys, their investigators, or any third party or parties to whom Plaintiff has surrendered possession, custody or control, or who are acting on Plaintiff's behalf, or who have otherwise obtained possession, custody or control, or who, upon Plaintiff's request, would surrender possession, custody or control to Plaintiff. This information also includes data stored on any third-party server or network which is accessible to Plaintiff, including without limitation, emails, cloud data, and data contained on social media sites.

      D.      If an interrogatory requires you to identify a document or oral communication which you claim to be privileged, identify the nature of the privilege being claimed and provide the following information in the objection:

        1.      for documents: (i) its type, (*e.g.* letter, memorandum, or e-mail); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author or preparer of the document; (v) the addressees of the document and any other recipients shown in the document, whether indicated or blind copies; (vi) the name(s) of each person or entity to whom or to which the document or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, or in any manner disclosed; and, where not apparent, the relationship of the author, addressees, and recipients to each other; *and*

        2.      for oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

      E.      The term "relating to" means constituting, embodying, evidencing, comprising, reflecting, identifying, stating, referring to, concerning, dealing with, commenting on, responding to, describing, analyzing, or containing information concerning or in any way pertinent to the subject matter.

      F.      The terms "and" and "or" shall be construed disjunctively or conjunctively, as necessary to make the interrogatory inclusive rather than exclusive. "Any" shall be construed to

include the word "all" and "all" shall be construed to include the work "any." "Each" includes the word "every" and "every" includes the work "each." The use of the singular shall include the plural, and vice versa, and the use of the masculine shall include the feminine and neuter form, and vice versa, as the context requires.

  G. When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and when referring to a natural person, additionally, the present or last known place of employment and position.

  H. When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

  I. When referring to communications, acts, transactions, events, occasions, or instances, "identify" means to give the date and place of occurrence, the identity of each person participating therein, who each such person participating therein represented or purported to represent, the nature and subject matter of any circumstances surrounding it, and the substance of what transpired or was said.

  J. For each interrogatory, identify all persons, documents, and communications upon whom or which you relied or consulted in preparing your response and attach copies of all documents and written communications so identified to the answers to these interrogatories.

  K. Unless otherwise specified, the time period for all interrogatories and instructions is January 2017 to the present.

  L. These interrogatories are continuing in nature. If, after answering these interrogatories, Plaintiff obtains information that any response was incorrect or incomplete when made or that the response, though correct and complete when made, no longer is correct and

complete, and the circumstances are such that a failure to amend or supplement the response would be materially misleading, Plaintiff shall amend or supplement the response promptly.

    M.    "Document" refers to and includes but is not limited to:

        1.    the original or any copy of books, records, reports, memoranda, notes, letters, telegrams and cables, telexes, faxes, e-mails, diaries, opinions, summaries, schedules, graphs, charts, contracts, booklets, circulars, bulletins, instructions, guidelines, handbooks, written procedures, minutes, photographs, purchase orders, bills, checks, tabulations, questionnaires, tapes, surveys, messages, correspondence, tables, drawings, sketches, financial statements, electronic data, email, computer files, computer discs, CD-ROMS, backup tapes, electronic or computerized data compilations, and any other medium for storage of information recorded on any medium, computer printouts or programs, microfilms, records of meetings, conferences or telephone communications, and preliminary versions, drafts, or revisions of any of the foregoing, as well as any other tangible thing on which is recorded in writing or sound or any other manner, and shall include any document known to Plaintiffs or their counsel, whether or not in their possession, custody, or control.

        2.    all electronic mail and information about electronic mail, including without limitation message contents, header information, metadata, and logs of electronic mail system usage;

        3.    all databases, including without limitation, all records and fields and structural information in such databases; and

    4. all word processing or other program files and file fragments.

  N. "You," "your," or "Plaintiff" means the Plaintiff in this action, Jason Doherty, and all other persons or entities acting or purporting to act on their behalf or under his direction and/or control, including his attorneys.

  O. "Amended Complaint" or "Complaint" refers to the Amended Complaint in this action, dated and filed via ECF on March 13, 2019, and any subsequent complaints filed in this action.

  P. "Person" means any natural person or any business, legal, or governmental entity or association.

  Q. "SUNY" means the State University of New York (including, without limitation, Purchase College, and any and all other constituent colleges, institutes, divisions, units and any related entities). This includes but is not limited to SUNY officers, directors, trustees, and employees.

## INTERROGATORIES

**Interrogatory No. 1:**

  Identify any and all persons with knowledge or information relating to the alleged events described in the Amended Complaint, and for each person identified state the nature of the knowledge or information that person possesses and Plaintiff's relationship to that person.

**Interrogatory No. 2:**

  Identify any and all persons whom Plaintiff intends to call as a fact witness at the time of trial, and for each person identified specify the nature of the testimony that person is expected to provide at trial and the nature of Plaintiff's relationship to that person.

**Interrogatory No. 3:**

6

Identify any and all persons whom Plaintiff intends to call as an expert witness at the time of trial, and for each person identified specify the person's field of expertise and qualifications as an expert, the subject matter about which the person is expected to testify, and the opinions which the person is expected to express and the bases thereof.

**Interrogatory No. 4:**

Identify any and all economic injuries which Plaintiffs claim to have sustained as a result of Defendants' acts as alleged in the Amended Complaint, including a detailed description of their nature, the date(s) incurred, witnesses to such injuries, documentary evidence of such injuries, and the monetary amount(s) claimed.

**Interrogatory No. 5:**

Identify any and all physical or emotional injuries Plaintiffs claim to have sustained as a result of Defendants' acts as alleged in the Amended Complaint, including a detailed description of their nature, the date(s) incurred, witnesses to such injuries, documentary evidence of such injuries, and the monetary amount(s) claimed.

**Interrogatory No. 6:**

Identify any other injuries Plaintiffs claim to have sustained as a result of Defendants' acts as alleged in the Amended Complaint, including a detailed description of their nature, the date(s) incurred, witnesses to such injuries, documentary evidence of such injuries, and the monetary amount(s) claimed.

**Interrogatory No. 7:**

Identify every physician, doctor, medical professional, psychiatrist, psychologist, social worker, case worker, counselor, therapist and other health-care or mental health-care provider from whom Plaintiff sought treatment, with whom Plaintiff has consulted, or who has treated, examined

or counseled Plaintiff for any physical or mental condition, and identify treatment received, dates of treatment, diagnosis, prognosis, and outcome, from January 1, 2014 to the present.

**Interrogatory No. 8:**

Identify every hospital, clinic, or other medical or health-care facility (including, without limitation, every rehabilitation, substance abuse or mental health clinic) from which you have sought or received medical and/or mental health treatment for any condition related in any way to the injuries alleged in the Amended Complaint and identify treatment received, diagnosis, prognosis and outcome, from January 1, 2014 to the present.

**Interrogatory No. 9:**

Identify all computers, smartphones (including but not limited to iPhones, Blackberries, and/or Androids), laptops, websites including but not limited to Facebook, LinkedIn, Instagram, Twitter, and other social media, chat rooms, tablets, devices or any cloud computing infrastructure on which each Plaintiff has maintained, preserved, posted or transmitted any documents, communications or electronically stored information relating to the subject matter of this action, including but not limited to the current status and dates of use of all such devices and media, and describe the procedures implemented by each Plaintiff to preserve all electronically stored information in her possession or control relating to the subject matter of this action.

**Interrogatory No. 10:**

State the amount of damages you are claiming for each cause of action alleged in the Amended Complaint and how the amount was calculated.

**Interrogatory No. 11:**

Identify all complaints, formal or informal, that Plaintiff made to anyone at SUNY regarding discrimination and for each such complaint, state the nature or substance of the

complaint, the person or office to whom Plaintiff made the complaint, the date of the complaint, any other individuals who were present, and the outcome of the complaint.

**Interrogatory No. 12:**

Identify all meetings Plaintiff had with any representative of SUNY regarding any complaint and for each meeting, state all persons present, the date and location of the meeting, the purpose of the meeting, and the substance of the meeting.

**Interrogatory No. 13:**

Identify any and al persons with whom Plaintiff communicated about this action and/or the allegations contained therein, other than counsel, and for each person identified state the date of the communication, the type of communication (letter, telephone conversation, e-mail, etc.), the subject matter and the substance of the communication, and the relationship of Plaintiff with the individual.

**Interrogatory No. 14:**

Identify all persons Plaintiff claims allegedly discriminated against him on the basis of his disability.

Dated: New York, New York
February 12, 2021

                                                   LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By:
/s/ *Shaina Schwartz*

Shaina L. Schwartz
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8560

9

To:    E. Christopher Murray, Esq. (via email)
Ruskin Moscou Faltischek P.C.
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
*Attorney for Plaintiff*