Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
  :
JASON DOHERTY, :
  :
                    Plaintiff, :
  :
      - against - :
  :   **DEFENDANTS FIRST SET OF**
PATRICIA BICE, individually and as Dean of :   **DOCUMENT REQUESTS TO**
Student Affairs for Purchase College, State :   **PLAINTIFF**
University of New York; JARED STAMMER, :
individually and as Conduct Officer for Purchase :   18-cv-10898 (NSR)
College, State University of New York; and QUI :
QUI BALASCIO, individually and as Associate :
Dean for Student Affairs for Purchase College, :
State University of New York :
  :
                    Defendants. :
  :
  :
-------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that, in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendants Patricia Bice, Jared Stammer, and Qui Qui Balascio[1], by their attorney, LETITIA JAMES, Attorney General of the State of New York, hereby requests that Plaintiff Jason Doherty produce for copying and inspection each of the documents identified and described below that are in his possession, custody, or control, at the Office of the Attorney General, 28 Liberty Street, New York, New York 10005, in care of the undersigned counsel, by March 12, 2021, as per the parties' agreed

---

[1] Pursuant to the Dismissal Order, only claims against Defendants Stammer, Bice, and Balascio in their official capacities remain. *See* Opinion & Order, ECF No. 37. Because an official capacity suit "is not a suit against the official but rather is a suit against the official's office," Plaintiff's official capacity claims are actually claims against the State University of New York ("SUNY") and are answered accordingly. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. *See also* Fed. R. Civ. P. 25(d).

proposed Civil Case Management Plan in this action.

## GENERAL INSTRUCTIONS AND DEFINITIONS

Unless specifically indicated or otherwise required by the context in which the terms, names and instructions are used, the following instructions and definitions shall be applicable in this First Set of Document Requests.

A. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 are incorporated herein by reference, and shall apply to these requests and all responses thereto in addition to the definitions set forth herein.

B. "Communication" means any words, thoughts, information, or ideas that are heard, spoken, transmitted, documented, recorded, written, or electronically transmitted or received, including but not limited to email, at any time or place and under any circumstances.

C. "Document" refers to and includes but is not limited to:

1. the original or any copy of communications, books, records, reports, memoranda, notes, letters, telegrams and cables, telexes, faxes, e-mails, diaries, opinions, summaries, schedules, graphs, charts, contracts, booklets, circulars, bulletins, instructions, guidelines, handbooks, written procedures, minutes, photographs, purchase orders, bills, checks, tabulations, questionnaires, tapes, surveys, messages, correspondence, tables, drawings, sketches, financial statements, electronic data, computer files, computer discs, CD-ROMS, backup tapes, electronic or computerized data compilations, and any other medium for storage of electronic data or information recorded on any medium, computer printouts or programs, microfilms, records of meetings, conferences or telephone communications, and preliminary versions, drafts, or revisions of any of the foregoing, as well as any other tangible thing on which is recorded in writing or sound or any other manner, and shall include any document known to Plaintiff or his

counsel, whether or not in his possession, custody, or control;

        2.     all electronic mail and information about electronic mail, including without limitation message contents, header information, metadata, and logs of electronic mail system usage;

        3.     all databases, including without limitation, all records and fields and structural information in such databases; and

        4.     all word processing or other program files and file fragments.

    D.     "Electronically Stored Information" ("ESI") means any information that is created or stored electronically. ESI includes but is not limited to electronic communications (including but not limited to emails, text messages, instant messages, Gchats, Slack messages), information from social media sites and profiles, or data from computers or smart devices.

    E.     "Person" means any natural person or any business, legal, or governmental entity or association.

    F.     A document "relating to" a given subject matter, as used herein, means a document that, directly or indirectly, constitutes, embodies, comprises, reflects, identifies, states, refers to, concerns, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to the subject matter.

    G.     "You," "your," or "Plaintiff" means the plaintiff in this action, Jason Doherty, and all other persons or entities acting or purporting to act on his behalf or under his direction and control, including his attorneys.

    H.     "Individual Defendants" means Defendants Patricia Bice ("Bice"), Qui Qui Balascio ("Balascio"), and Jared Stammer ("Stammer") (individually and collectively), and all other persons or entities acting or purporting to act on their behalf or under their direction and

control, including their attorneys.

      I.      The singular form of a word should be interpreted as plural and vice versa.

      J.      "Amended Complaint" or "Complaint" refers to the Amended Complaint in this action, ECF No. 17, dated and filed via ECF on March 13, 2019, and any subsequent complaints filed by Plaintiff in this action.

      K.      "SUNY" means the State University of New York and any and all other constituent colleges, institutes, divisions, units and any related entities. This includes but is not limited to SUNY officers, directors, trustees, and employees.

      L.      In responding to these document requests, Plaintiff is to furnish all available information, including information in the possession of Plaintiff's agents and all persons acting on their behalf.  This includes documents presently in the possession, custody or control of Plaintiff's attorneys, their investigators, or any third party or parties to whom Plaintiff has surrendered possession, custody or control, or who are acting on Plaintiff's behalf, or who have otherwise obtained possession, custody or control, or who, upon Plaintiff's request, would surrender possession, custody or control to Plaintiff.  This also includes data stored on any third-party server or network which is accessible to Plaintiff, including without limitation, emails, cloud data, and data contained on social media sites.

      M.      Unless otherwise indicated, these requests apply to the period January 1, 2017 to the present.

      N.      With respect to each document produced, Plaintiff shall specify the document request or requests to which the document is responsive.

      O.      Defendants request that non-ESI documents and information be produced as a searchable .pdf file or files via file transfer protocol ("FTP"). Defendants request that ESI be

produced via FTP. If Plaintiff requires more specific instructions about ESI production specifications, Plaintiff should contact counsel.

P. If a document is available to Plaintiff both in paper and electronic form, Defendants request that Plaintiff produce the requested document in electronic form, as described herein.

Q. If Plaintiff cannot produce documents responsive to a document request in its entirety, Plaintiff shall so state in writing and shall produce documents responsive to all portions of said document request to which she is able to respond. Plaintiff shall specify in writing his inability to answer the remainder of the document request.

R. In the event that any document called for by these requests has been misplaced, lost or destroyed, that document is to be identified in writing as follows: (i) approximate date the document was misplaced, lost or destroyed; (ii) the circumstances of its having been misplaced, lost or destroyed; (iii) the last known person or persons who had custody of the document before it was misplaced, lost, or destroyed; and (iv) the contents of the document.

S. For any document called for by this request that is claimed to be privileged, Plaintiff shall identify the nature of the privilege (including attorney work product) that is being claimed, and indicate the privilege rule being invoked and identify each such document by specifying: (i) its type, (*e.g.* letter, memorandum, or email); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author or preparer of the document; (v) the addressees of the document and any other recipients shown in the document, indicated or blind copies; (vi) the name(s) of each person or entity to whom or which the document or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any manner disclosed; and, where not apparent, (vii) the relationship of the author, addressees, and

recipients to each other.

  T. These document requests constitute continuing requests until the date of trial of this action, and Plaintiff is to produce all additional documents responsive to this request which she discovers, receives, or generates between the time of the original production and trial.

  U. Upon failure to comply with these demands, Plaintiff may be precluded upon trial of the within action from offering in evidence or testifying as to any of these demands or matters addressed by them.

**DOCUMENT REQUESTS**

**Document Request No. 1:**

All documents and communications referenced in the Amended Complaint.

**Document Request No. 2:**

All documents and communications relied upon in drafting the Amended Complaint.

**Document Request No. 3:**

All documents and communications relating to the allegations in the Amended Complaint and Plaintiff's claims in this action.

**Document Request No. 4:**

All documents obtained from other persons relating to Plaintiff's allegations in this action, including, but not limited to, statements or affidavits.

**Document Request No. 5:**

All documents identified, referred to, or relied upon in the preparation of Plaintiff's responses to Defendants' Interrogatories to Plaintiff.

**Document Request No. 6:**

All documents identified in Plaintiff's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

**Document Request No. 7:**

All text messages, postings, messages, or communications on any social media account or website relating to the allegations in the Amended Complaint.

**Document Request No. 8:**

All documents and communications relating to Plaintiff's enrollment at SUNY.

**Document Request No. 9:**

All documents and communications Plaintiff intends to introduce into evidence or rely upon at trial.

**Document Request No. 10:**

All documents and communications relating to any complaint, written or otherwise, that Plaintiff made with respect to purported discrimination as alleged *inter alia*, in paragraph 32 of the Amended Complaint.

**Document Request No. 11:**

All documents and communications relating to Plaintiff's academic performance at SUNY.

**Document Request No. 12:**

All documents concerning any economic injuries which Plaintiff claims he sustained as a result of the acts alleged in the Amended Complaint.

**Document Request No. 13:**

All documents relied upon or considered in calculating the nature and amount of any economic injuries which Plaintiff claims he sustained as a result of the acts alleged in the Amended Complaint.

**Document Request No. 14:**

All documents concerning any non-economic injuries which Plaintiff claims he sustained as a result of the acts alleged in the Amended Complaint.

**Document Request No. 15:**

All documents relied upon or considered in calculating the nature and amount of any non-economic injuries which Plaintiff claims she sustained as a result of the acts alleged in the Amended Complaint.

**Document Request No. 16:**

All documents and communications related to any attempts by Plaintiff to mitigate any injuries, whether economic or non-economic, that Plaintiff claims were sustained because of Defendants' conduct as alleged in the Amended Complaint.

**Document Request No. 17:**

All documents concerning or relating to any expert report or evidence relating to this action, including without limitation all information required to be disclosed under Federal Rule of Civil Procedure 26.

**Document Request No. 18:**

All other documents upon which you rely to support any of your claims.

**Document Request No. 19:**

All recordings, electronic or otherwise, of conversations between Plaintiff and any individual currently or formerly employed by or associated with SUNY relating to the allegations in the Amended Complaints and/or Plaintiff's claims against Defendants.

**Document Request No. 20:**

All communications between Plaintiff and anyone that Plaintiff intends to call as a witness in a trial for this case that relate to the subject matter of this case.

**Document Request No. 21:**

All documents and communications relating to any of the relief sought by Plaintiff in the Amended Complaint including, but not limited to injunctive relief, compensatory damages, and attorneys' fees.

**Document Request No. 22:**

Pleadings filed in any other lawsuit or judicial proceeding initiated by Plaintiff in which he alleged discrimination and/or violations of due process.

**Document Request No. 23:**

All documents and communications concerning Plaintiff's disability.

**Document Request No. 24:**

All communications with SUNY concerning Plaintiff's disability.

**Document Request No. 25:**

All documents and communications relating to any consultation with or treatment by any physician, doctor, medical professional, psychiatrist, psychologist, social worker, case worker, counselor, therapist or other health-care provider for any physical or mental condition or disability, since January 1, 2014.

**Document Request No. 26:**

For each physician, doctor, medical professional, psychiatrist, psychologist, social worker, case worker, counselor, therapist, and other health care or mental health care provider you identified in your responses to Defendants' First Set of Interrogatories, produce written releases which would enable Defendants to obtain documents and electronically stored information relating to your examination, evaluation or treatment by any medical facility, physician, psychiatrist, psychologist, counselor, therapist, social worker, or other health care or mental health care professional.  An appropriate *Authorization for Release and Disclosure of Health Information* form and an appropriate *Authorization for Release and Disclosure of Psychotherapy Notes* form, compliant with the Health Insurance and Portability and Accountability Act ("HIPAA"), are annexed hereto as Exhibit A.  *Please note: a separate*

*release should be completed, executed, and notarized for each health care provider and for each mental health care provider.*

**Document Request No. 27:**

For each hospital, clinic, or other medical or health-care facility you identified in your responses to Defendants' First Set of Interrogatories, produce written releases which would enable Defendants to obtain documents and electronically stored information connected with your examination, evaluation or treatment by any medical facility, physician, psychiatrist, psychologist, counselor, therapist, social worker, or other health care or mental health care professional.  An appropriate *Authorization for Release and Disclosure of Health Information* form, compliant with HIPAA, is annexed hereto as Exhibit A.  *Please note: a separate release should be completed, executed, and notarized for each hospital, clinic, or other medical or health-care facility.*

**Document Request No. 28:**

All documents, including but not limited to invoices, time sheets and evidence of payment, relating to your attorney's fees and costs of this action.

**Document Request No. 29:**

All documents and communications relating to the no contact orders at issue in this litigation.

**Document Request No. 30:**

All documents and communications relating to the allegations that SUNY did not have a mechanism to appeal, review, or challenge the issuance of no contact orders as alleged *inter alia*, in paragraphs 26 and 30 of the Amended Complaint.

**Document Request No. 31:**

All documents and communications relating to the allegation that Plaintiff is "afraid to socialize with other students" as alleged *inter alia*, in paragraph 34, 48, and 50 of the Amended Complaint.

**Document Request No. 32:**

All documents and communications relating to the allegation that Plaintiff has difficulty "going to class" or "utilizing Purchase's facilities" as alleged *inter alia*, in paragraphs 34 and 48 of the Amended Complaint.

**Document Request No. 33:**

All documents and communications relating to the allegation that Plaintiff suffers "anxiety and depression" and "stress" as a result of the no contact orders as alleged *inter alia*, in paragraphs 34 and 47 of the Amended Complaint.

**Document Request No. 34:**

All documents and communications relating to the allegation that the no contact orders have disrupted Plaintiff's ability to perform academically as alleged *inter alia*, in paragraph 49 of the Amended Complaint.

**Document Request No. 35:**

All documents and communications relating to the allegation that Defendants did not take into account Plaintiff's disability when issuing the no contact orders as alleged *inter alia*, in paragraph 51 of the Amended Complaint.

**Document Request No. 36:**

All documents and communications relating to the allegation that Defendants did not take steps to accommodate Plaintiff's disability when issuing the no contact orders as alleged *inter alia*, in paragraphs 51-52 of the Amended Complaint.

**Document Request No. 37:**

All documents and communications relating to any request(s) for an accommodation made by Plaintiff or on his behalf regarding the no contact orders.

**Document Request No. 38:**

All documents and communications relating to the alleged content of SUNY's website as alleged *inter alia*, in paragraph 28 of the Amended Complaint.

**Document Request No. 39:**

All documents and communications relating to the allegation that "no reason had been given" for why the no contact orders were issued as alleged *inter alia*, in paragraph 27 of the Amended Complaint.

**Document Request No. 40:**

All documents and communications relating to the allegation that SUNY "did not require any factual assertion for the issuance of no contact orders" as alleged *inter alia*, in paragraph 30 of the Amended Complaint.

**Document Request No. 41:**

All documents and communications relating to the allegation that SUNY "adopted rules and procedures to review no contact orders" as alleged *inter alia*, in paragraph 35 of the Amended Complaint.

**Document Request No. 42:**

All documents and communications relating to any job, internship, fellowship, educational program, or other program that Plaintiff has applied to or intends to apply for or participate in upon graduation from SUNY.

**Document Request No. 43:**

All communications with the SUNY Purchase Office of Disability Resources.

**Document Request No. 44:**

All communications with the SUNY Purchase Office of Community Standards.

**Document Request No. 45:**

All documents and communications relating to any contact with any law enforcement officer or agency, including but not limited to the New York State University Police.

**Document Request No. 46:**

All documents and communications relating to the alleged events that occurred during Plaintiff's freshman orientation as alleged, *inter alia*, in paragraphs 11-22 of the Amended Complaint.

**Document Request No. 47:**

All documents and communications concerning Plaintiff's interactions with Casper Horsfield, Alexa Newman, and/or Casey O'Riordan.

**Document Request No. 48:**

All documents and communications concerning the posting of the no contact orders on a community online chat room as alleged in paragraph 24 of the Amended Complaint.

Dated: New York, New York
       February 12, 2021

                                              LETITIA JAMES
                                              Attorney General
                                              State of New York
                                              *Attorney for Defendants*

                                              By: /s/ *Shaina Schwartz*
                                              Shaina L. Schwartz
                                              Assistant Attorney General
                                              28 Liberty Street

                                    New York, New York 10005
                                    (212) 416-8560

To:    E. Christopher Murray, Esq. (via email)
        Ruskin Moscou Faltischek P.C.
        1425 RXR Plaza
        East Tower, 15th Floor
        Uniondale, New York 11556
        *Attorney for Plaintiff*