Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
JASON DOHERTY,

                                        Plaintiff,          Docket No.
                                                            18-cv-10898 (NSR)

                    - against -

PATRICIA BICE, individually and as Dean of Student          **RESPONSE TO DEFENDANTS'**
Affairs for Purchase College, State University of New       **FIRST SET OF**
York; JARED STAMMER, individually and as Conduct            **INTERROGATORIES TO**
Officer for Purchase College, State University of New       **PLAINTIFF**
York; and QUI QUI BALASCIO, individually and as
Associate Dean for Student Affairs for Purchase College,
State University of New York,

                                        Defendants.
-------------------------------------------------------------------- X

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Jason Doherty, by his

attorney Ruskin Moscou Faltischek, P.C., hereby responds to Defendants' First Set of

Interrogatories to Plaintiff (the "Interrogatories") as follows.

## GENERAL RESPONSES AND OBJECTIONS

        1.      Plaintiff objects to the Interrogatories to the extent that they propose to impose

obligations upon plaintiff in excess of those created by the Federal Rules of Civil Procedure and

Local Rules of this Court.

        2.      Plaintiff objects to the Interrogatories to the extent that they seek information

previously produced by plaintiff in connection with its Initial Disclosure in this action.

        3.      In providing these General Responses and Objections to the Interrogatories,

plaintiff does not in any way waive, nor intend to waive, but rather intends to preserve and is

preserving:

    a.    all objections as to competence, relevance, materiality and admissibility of any information that may be produced pursuant to the Interrogatories;

    b.    all objections as to vagueness, ambiguity and undue burden;

    c.    all rights to object on any ground to the use of any information that may be stated herein, or the subject matter of any request, in any subsequent proceedings, including the hearing of this or any other related or unrelated action, trial, hearing, case or controversy; and

    d.    all rights to object on any ground to any request for further responses to the Interrogatories or any other request for documents or information, or other discovery requests involving or related to the subject matter of the Interrogatories.

4.    Plaintiff objects to the Interrogatories to the extent that they seek the production of documents or information that contain privileged attorney-client material, attorney work product, or are otherwise protected from disclosure and will not produce such documents or provide such information.

5.    Plaintiff objects to the Interrogatories to the extent that they seek production of documents or information that contain confidential business information.  Plaintiff will only produce such information subject to an appropriate confidentiality stipulation.

6.    Plaintiff objects to the Interrogatories to the extent that they seek the production of documents or information for the time period beyond the Statute of Limitations.

7.    Plaintiff reserves his right to supplement, update and amend his responses to the Interrogatories in the future.

8.     Plaintiff objects to the Interrogatories to the extent that they are overbroad, vexatious or seek information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

9.     Plaintiff objects to the Interrogatories to the extent that they seek information which is unduly burdensome to obtain.

10.     Plaintiff objects to the Interrogatories to the extent that they are ambiguous, vague or otherwise incomprehensible.

11.     Plaintiff objects to the Interrogatories to the extent that they seek a response which is duplicative of responses to one or more of the other Interrogatories.

12.     Plaintiff objects to the Interrogatories to the extent that they seek information or production of documents that are public records or are available through defendants' own efforts.

13.     Plaintiff objects to the Interrogatories to the extent that they seek information or production of documents in defendants' possession, custody or control.

14.     Plaintiff objects to the Interrogatories to the extent that they seek information or documents for years or periods of time for which there is no controversy between the parties or which are irrelevant to the current action.

15.     Plaintiff objects to the Interrogatories to the extent they exceed the permissible number under the Federal Rules of Civil Procedure.

16.     A response that plaintiff will produce documents responsive to a request does not indicate that the plaintiff possesses documents responsive to that request.

17.     All responses are made on an express reservation of objections as set forth above and in some instances below, and no response shall be deemed, and specifically is stated not to be, a waiver of such objection.

18.     Plaintiff reserves his right to supplement, update and amend his responses to the Interrogatories in the future.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1**

*Identify any and all persons with knowledge or information relating to the alleged events described in the Amended Complaint, and for each person identified state the nature of the knowledge or information that person possesses and Plaintiff's relationship to that person.*

**Response to Interrogatory No. 1**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1 in that it requests information beyond the "names of witnesses with knowledge or information relevant to the subject matter of the action".  Subject to this objection, the names of the witnesses known at this time are: Jason  Doherty, Patricia Doherty, Patricia Bice, Jared Stammer, Qui Qui Balascia, Casper Horsfield, Alexa Newman and Casey O'Riordan.

**Interrogatory No. 2**

*Identify any and all persons whom Plaintiff intends to call as a fact witness at the time of trial, and for each person identified specify the nature of the testimony that person is expected to provide at trial and the nature of Plaintiff's relationship with that person.*

**Response to Interrogatory No. 2**

See Response to Interrogatory No. 1.

**Interrogatory No. 3**

*Identify any and all persons whom Plaintiff intends to call as an expert witness at the time of trial, and for each person identified specify the person's field of expertise and qualifications as an expert, the subject matter about which the person is expected to testify, and the opinions which the person is expected to express the bases thereof.*

**Response to Interrogatory No. 3**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1 in that it requests information beyond the names of witnesses with relevant information.  Subject to

this objection, plaintiff has not retained an expert witness at this time.  If and when an expert is

retained, plaintiff will provide the disclosures required by the  Federal Rules of Civil Procedure.

**Interrogatory No. 4**

*Identify any and all economic injuries which Plaintiffs claim to have sustained as a result of Defendants' acts as alleged in the Amended Complaint, including a detailed description of their nature, the date(s) incurred, witnesses to such injuries, documentary evidence of such injuries, and the monetary amount(s) claimed.*

**Response to Interrogatory No. 4**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

Subject to this objection, plaintiff is not claiming economic injuries.

**Interrogatory No. 5**

*Identify any and all physical or emotional injuries Plaintiffs claim to have sustained as a result of Defendants' acts as alleged in the Amended Complaint, including detailed description of their nature, the date(s) incurred, witnesses to such injuries, documentary evidence of such injuries, and the monetary amount(s) claimed.*

**Response to Interrogatory No. 5**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

Subject to this objection, plaintiff has suffered, and continues to suffer, emotional distress on an

almost daily basis, REDACTED                              and inability to fully utilize campus facilities.

**Interrogatory No. 6**

*Identify any other injuries Plaintiffs claim to have sustained as a result of Defendants' acts as alleged in the Amended Complaint, including a detailed description of their nature, the date(s) incurred, witnesses to such injuries, documentary evidence of such injuries, and the monetary amount(s) claimed.*

**Response to Interrogatory No. 6**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

Subject to this objection, plaintiff is not alleging any other injuries except as set forth in Response

to Interrogatory No. 5.

**Interrogatory No. 7**

*Identify every physician, doctor, medical professional, psychiatrist, psychologist, social worker, case worker, counselor, therapist and other health-care or mental health-care provider from whom Plaintiff sought treatment, with whom Plaintiff has consulted, or who has treated, examined or counseled Plaintiff for any physical or mental condition, and identify treatment received, dates of treatment, diagnosis, prognosis, and outcome, from January 1, 2014 to the present.*

**Response to Interrogatory No. 7**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

In addition, plaintiff objects to this Interrogatory as vague, irrelevant and unduly burdensome.

**Interrogatory No. 8**

*Identify every hospital, clinic, or other medical or health-care facility (including, without limitation, every rehabilitation, substance abuse or mental health clinic) from which you have sought or received medical and/or mental health treatment for any condition related in any way to the injuries alleged in the Amended Complaint and identify treatment received, diagnosis, prognosis and outcome, from January 1, 2014 to the present.*

**Response to Interrogatory No. 8**

Plaintiff objects to this Interrogatory as outside the scope of the limitations in Local Rule 7033-1.

**Interrogatory No. 9**

*Identify all computers, smartphones (including but not limited to iPhones, Blackberries, and/or Androids), laptops, websites including but not limited to Facebook, LinkedIn, Instagram, Twitter, and other social media, chat rooms, tablets, devices or any cloud computing infrastructure on which each Plaintiff has maintained, reserved, posted or transmitted any documents, communications or electronically stored information relating to the subject matter of this action, including but not limited to the current status and dates of use of all such devices and media, and describe the procedures implemented by each Plaintiff to preserve all electronically stored information in her possession or control relating to the subject matter of this action.*

**Response to Interrogatory No. 9**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

Subject to this objection, plaintiff and his parents maintain email and smart phone texting services and the relevant emails and texts are being produced in response to Defendants' Demand for Production.

**Interrogatory No. 10**

*State the amount of damages you are claiming for each cause of action alleged in the Amended Complaint and how the amount was calculated.*

**Response to Interrogatory No. 10**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

Subject to this objection, plaintiff is claiming damages for emotional distress as to be determined by a jury.

**Interrogatory No. 11**

*Identify all complaints, formal or informal, that Plaintiff made to anyone at SUNY regarding discrimination and for each such complaint, state the nature or substance of the complaint, the person or office to whom Plaintiff made the complaint, the date of the complaint, any other individuals who were present, and the outcome of the complaint.*

**Response to Interrogatory No. 11**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

Subject to this objection, plaintiff has not filed complaints regarding discrimination except for as set forth in this action.

**Interrogatory No. 12**

*Identify all meetings Plaintiff had with any representative of SUNY regarding any complaint and for each meeting, state all persons present, the date and location of the meeting, the purpose of the meeting, and the substance of the meeting.*

**Response to Interrogatory No. 12**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

**Interrogatory No. 13**

*Identify any and al persons with whom Plaintiff communicated about this action and/or the allegations contained therein, other than counsel, and for each person identified state the date of the communication,, the type of communication (letter, telephone conversation, e-mail, etc.), the subject matter and the substance of the communication, and the relationship of Plaintiff with the individual.*

- 7 -

**Response to Interrogatory No. 13**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

**Interrogatory No. 14**

*Identify all persons Plaintiff claims allegedly discriminated against him on the basis of his disability.*

**Response to Interrogatory No. 14**

Plaintiff objects to this Interrogatory as outside the scope of the limitation in Local Rule 7033-1.

Dated: Uniondale, New York
      March 25, 2021

                                   RUSKIN MOSCOU FALTISCHEK P.C.

                           By: _____
                               E. Christopher Murray
                               *Attorney for Plaintiff*
                               East Tower, 15th Floor
                               1425 RXR Plaza
                               Uniondale, New York  11556
                               (516) 663-6600

TO:   LETITIA JAMES
       Attorney General
       State of New York
       *Attorney for Defendants*

       By:
       Shaina L. Schwartz
       Assistant Attorney General
       28 Liberty Street
       New York, New York  10005
       (212) 416-8560

939904