# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
JASON DOHERTY,

                                          Plaintiff,        Docket No.
                                                               18-cv-10898 (NSR)

                - against -

PATRICIA BICE, individually and as Dean of Student       **RESPONSE TO DEFENDANTS'**
Affairs for Purchase College, State University of New      **FIRST SET OF DOCUMENT**
York; JARED STAMMER, individually and as Conduct      **REQUESTS TO PLAINTIFF**
Officer for Purchase College, State University of New
York; and QUI QUI BALASCIO, individually and as
Associate Dean for Student Affairs for Purchase College,
State University of New York,

                                               Defendants .
------------------------------------------------------------------- X

        Plaintiff, Jason Doherty, by his attorney, Ruskin Moscou Faltischek, P.C., as and for his Response to Defendants' First Set of Document Requests to Plaintiff ("Document Request"), states as follows:

### Prefatory Statement and General Objections

        The following General Objections apply to, and are hereby incorporated by reference in, each and every response to each specific request contained in the Document Request. Plaintiff's failure to expressly repeat these General Objections in each response shall not be deemed a waiver thereof, moreover, plaintiff's specification of one or more objections in any given response is not intended to preclude the applicability of any of the General Objections.

        1.        Plaintiff objects to the Document Request insofar as it requires the production of documents: (a) prepared for or in anticipation of litigation; (b) that constitute privileged attorney-client material; (c) that constitute attorneys' work product; or (d) that are otherwise protected from disclosure. The inadvertent production of any privileged document shall not be deemed to be a

waiver of any applicable privilege with respect to such document or any other document provided by plaintiff.

2. Plaintiff submits these responses to the Document Request and makes production of documents herewith without conceding the relevance or materiality of the subject matter of any document or the Document Request, and without prejudice to the right of plaintiff to object to further discovery, or to object to the admissibility of any documents or any additional proof on the subject matter of any document at trial. Plaintiff hereby reserves the right to supplement the document production at any time. Plaintiff further reserves the right to introduce into evidence at trial, or in other proceedings in this action, documents discovered subsequent to the date of these responses.

3. Plaintiff objects generally to the Document Request to the extent it seeks to impose upon him an obligation to respond in a manner greater than that required under the Federal Rules of Civil Procedure.

4. Plaintiff is continuing in his document review and reserves the right to supplement these responses at a future date. This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of his knowledge, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from plaintiff's further discovery or investigation. Plaintiff reserves the right to make use of, or to introduce at any hearing or at trial, documents and things responsive to the Document Request, but discovered subsequent to the date of its initial production, including, but not limited to, any documents and things obtained in discovery herein.

5. Plaintiff objects generally to any request which seeks documents which are already in the possession, custody or control of defendants.

6. Plaintiff objects generally to any request which seeks (a) documents or information which are confidential and proprietary information of plaintiff; (b) documents or information which are not reasonably calculated to lead to the discovery of admissible evidence; or (c) documents or information which are overbroad in scope, burdensome and oppressive.

7. Subject to all objections, privileges and other exceptions stated herein, plaintiff makes the following responses to the Document Request:

## RESPONSES TO THE DOCUMENT REQUEST

**Document Request No. 1**

*All documents and communications referenced in the Amended Complaint.*

**Response to Document Request No. 1**

See Documents produced herewith.

**Document Request No. 2**

*All documents and communications relied upon in drafting the Amended Complaint.*

**Response to Document Request No. 2**

See Documents produced herewith.

**Document Request No. 3**

*All documents and communications relating to the allegation in the Amended Complaint and Plaintiff's claims in this action.*

**Response to Document Request No. 3**

See Documents produced herewith.

**Document Request No. 4**

*All documents obtained from other persons relating to Plaintiff's allegations in this action, including, but not limited to, statements or affidavits.*

**Response to Document Request No. 4**

See Documents produced herewith.

- 3 -

**Document Request No. 5**

*All documents identified, referred to, or relied upon in the preparation of Plaintiff's responses to Defendants' Interrogatories to Plaintiff.*

**Response to Document Request No. 5**

See Documents produced herewith.

**Document Request No. 6**

*All documents identified in Plaintiff's Initial Disclosure pursuant to Federal Rule of Civil Procedure 26(a).*

**Response to Document Request No. 6**

See Documents produced herewith.

**Document Request No. 7**

*All text messages, postings, messages, or communications on any social media account or website relating to the allegations in the Amended Complaint.*

**Response to Document Request No. 7**

See Documents produced herewith.

**Document Request No. 8**

*All documents and communications relating to Plaintiff's enrollment at SUNY.*

**Response to Document Request No. 8**

Plaintiff objects to this Request as overbroad, vague, unduly burdensome, and requesting irrelevant information.

**Document Request No. 9**

*All documents and communications Plaintiff intends to introduce into evidence or rely upon at trial.*

**Response to Document Request No. 9**

See Documents produced herewith.

**Document Request No. 10**

*All documents and communications relating to any complaint, written or otherwise, that Plaintiff made with respect to purported discrimination as alleged inter alia, in paragraph 32 of the Amended Complaint.*

**Response to Document Request No. 10**

See Documents produced herewith.

**Document Request No. 11**

*All documents and communications relating to Plaintiff's academic performance at SUNY.*

**Response to Document Request No. 11**

Plaintiff objects to this Request as overbroad, vague, unduly burdensome and requesting

irrelevant information.

**Document Request No. 12**

*All documents concerning any economic injuries which Plaintiff claims he sustained as a result of the acts alleged in the Amended Complaint.*

**Response to Document Request No. 12**

Plaintiff does not have in his possession any documents responsive to this Request.

**Document Request No. 13**

*All documents relied upon or considered in calculating the nature and amount of any economic injuries which Plaintiff claims he sustained as a result of the acts alleged in the Amended Complaint.*

**Response to Document Request No. 13**

See Response to Request No. 12.

**Document Request No. 14**

*All documents concerning any non-economic injuries which Plaintiff claims he sustained as a result of the acts alleged in the Amended Complaint.*

**Response to Document Request No. 14**

See Documents produced herewith.

**Document Request No. 15**

*All documents relied upon or considered in calculating the nature and amount of any non-economic injuries which Plaintiff claims she sustained as a result of the acts alleged in the Amended Complaint.*

**Response to Document Request No. 15**

See Documents produced herewith,

**Document Request No. 16**

*All documents and communications related to any attempts by Plaintiff to mitigate any injuries, whether economic or non-economic, that Plaintiff claims were sustained because of Defendants' conduct as alleged in the Amended Complaint.*

**Response to Document Request No. 16**

Plaintiff does not have in his possession any Documents responsive to this Request.

**Document Request No. 17**

*All documents concerning or relating to any expert report or evidence relating to this action, including without limitation all information required to be disclosed under Federal Rule of Civil Procedure 26.*

**Response to Document Request No. 17**

Plaintiff objects to this Request as patently improper. Expert disclosure is specifically governed by the Fed.R.Civ.P., and if and when Plaintiff retains an expert, Plaintiff will comply with his expert disclosure requirements.

**Document Request No. 18**

*All other documents upon which you rely to support any of your claims.*

**Response to Document Request No. 18**

See Documents produced herewith.

**Document Request No. 19**

*All recordings, electronic or otherwise, of conversations between Plaintiff and any individual currently or formerly employed by or associated with SUNY relating to the allegations in the Amended Complaint and/or Plaintiff's claims against Defendants.*

**Response to Document Request No. 19**

Plaintiff does not have any documents responsive to this Request in his possession.

**Document Request No. 20**

*All communications between Plaintiff and anyone that Plaintiff intends to call as a witness in a trial for this case that relate to the subject matter of this case.*

**Response to Document Request No. 20**

See Documents produced herewith.

**Document Request No. 21**

*All documents and communications relating to any of the relief sought by Plaintiff in the Amended Complaint including, but not limited to injunctive relief, compensatory damages, and attorneys' fees.*

**Response to Document Request No. 21**

Plaintiff objects to this request inasmuch as it calls for the production of communications covered by attorney-client privilege.  Subject to this objection, see Documents produced herewith.

**Document Request No. 22**

*Pleadings filed in any other lawsuit or judicial proceeding initiated by plaintiff in which he alleged discrimination and/or violations of due process.*

**Response to Document Request No. 22**

Plaintiff does not have any Documents responsive to this Request.

**Document Request No. 23**

*All documents and communications concerning Plaintiff's disability.*

**Response to Document Request No. 23**

Plaintiff objects to this Request as overbroad, vague, unduly burdensome, and not calculated to lead to discoverable evidence.

**Document Request No. 24**

*All communications with SUNY concerning Plaintiff's disability.*

**Response to Document Request No. 24**

See Documents produced herewith.

**Document Request No. 25**

*All documents and communications relating to any consultation with or treatment by any physician, doctor, medical professional, psychiatrist, psychologist, social worker, case worker, counselor, therapist or other health-care provider for any physical or mental condition or disability, since January 1, 2014.*

**Response to Document Request No. 25**

Plaintiff objects to this Request as overbroad, irrelevant, and unduly burdensome. Plaintiff did not seek any medical treatment for the damage suffered by Defendants' conduct.

**Document Request No. 26**

*For each physician, doctor, medical professional, psychiatrist, psychologist, social worker, case worker, counselor, therapist, and other health care or mental health care provider you identified in our responses to Defendants' First Set of Interrogatories, produce written releases which would enable Defendants to obtain documents and electronically stored information relating to your examination, evaluation or treatment by any medical facility, physician, psychologist, counselor, therapist, social worker, or other healthcare or mental health care professional. An appropriate Authorization for Release and Disclosure of Health Information form and an appropriate Authorization for Release and Disclosure of Psychotherapy Notes form, compliant with the Health Insurance and Portability and Accountability Act ("HIPAA"), are annexed hereto as Exhibit A. Please note: a separate releases should be completed, executed, and notarized for each health care provider and for each mental health care provider.*

**Response to Document Request No. 26**

See Response to Request No. 25.

**Document Request No. 27**

*For each hospital, clinic, or other medical or health-care facility you identified in your responses to Defendants' First Set of Interrogatories, produce written releases which would enable Defendants to obtain documents and electronically stored information connected with your examination, evaluation or treatment by any medical facility, physician, psychiatrist, psychologist, counselor, therapist, social worker, or other health care or mental health care professional. An appropriate Authorization for Release and Disclosure of Health Information*

*form, compliant with HIPAA, is annexed hereto as Exhibit A.  Please note: a separate release should be completed, executed, and notarized for each hospital, clinic, or other medical or health-care facility.*

**Response to Document Request No. 27**

See Response to Request No. 25.

**Document Request No. 28**

*All documents, including but not limited to invoices, time sheets and evidence of payment, relating to your attorney's fees and costs of this action.*

**Response to Document Request No. 28**

Plaintiff objects to this Request as being premature and as requesting information covered by

attorney-client privilege.

**Document Request No. 29**

*All documents and communications relating to the no contact orders at issue in this litigation.*

**Response to Document Request No. 29**

See Documents produced herewith.

**Document Request No. 30**

*All documents and communications relating to the allegations that SUNY did not have a mechanism to appeal, review, or challenge the issuance of no contact orders as alleged inter alia, in paragraphs 26 and 30 of the Amended Complaint.*

**Response to Document Request No. 30**

See Documents produced herewith.

**Document Request No. 31**

*All documents and communications relating to the allegation that Plaintiff is "afraid to socialize with other students" as alleged inter alia, in paragraph 34, 48, and 50 of the Amended Complaint.*

**Response to Document Request No. 31**

See Documents produced herewith.

**Document Request No. 32**

*All documents and communications relating to the allegation that Plaintiff has difficulty "going to class" or "utilizing Purchase's facilities" as alleged inter alia, in paragraphs 34 and 48 of the Amended Complaint.*

**Response to Document Request No. 32**

See Documents produced herewith.

**Document Request No. 33**

*All documents and communications relating to the allegation that Plaintiff suffers "anxiety and depression" and "stress" as a result of the no contact orders as alleged inter alia, in paragrapphs34 and 47 of the Amended Complaint.*

**Response to Document Request No. 33**

See Documents produced herewith.

**Document Request No. 34**

*All documents and communications relating to the allegation that the no contact orders have disrupted Plaintiff's ability to perform academically as alleged inter alia, in paragraph 49 of the Amended Complaint.*

**Response to Document Request No. 34**

See Documents produced herewith.

**Document Request No. 35**

*All documents and communications relating to the allegation that Defendants did not take into account Plaintiff's disability when issuing the no contact orders as alleged inter alia, in paragraph 51 of the Amended Complaint.*

**Response to Document Request No. 35**

See Documents produced herewith.

**Document Request No. 36**

*All documents and communications relating to the allegation that Defendants did not take steps to accommodate Plaintiff's disability when issuing the no contact orders as alleged inter alia, in paragraphs 51-52 of the Amended Complaint.*

**Response to Document Request No. 36**

See Documents produced herewith.

**Document Request No. 37**

*All documents and communications relating to any request(s) for an accommodation made by Plaintiff or on his behalf regarding the no contact orders.*

**Response to Document Request No. 37**

See Documents produced herewith.

**Document Request No. 38**

*All documents and communications relating to the alleged content of SUNY's website as alleged inter alia, in paragraph 28 of the Amended Complaint.*

**Response to Document Request No. 38**

See Documents produced herewith.

**Document Request No. 39**

*All documents and communications relating to the allegation that "no reason had been given" for why the no contact orders were issued as alleged inter alia, in paragraph 27 of the Amended Complaint.*

**Response to Document Request No. 39**

See Documents produced herewith.

**Document Request No. 40**

*All documents and communications relating to the allegation that SUNY "did not require any factual assertion for the issuance of no contact orders" as alleged inter alia, in paragraph 30 of the Amended Complaint.*

**Response to Document Request No. 40**

See Documents produced herewith.

**Document Request No. 41**

*All documents and communications relating to the allegation that SUNY "adopted rules and procedures to review no contact orders" as alleged inter alia, in paragraph 35 of the Amended Complaint.*

**Response to Document Request No. 41**

See Documents produced herewith.

**Document Request No. 42**

*All documents and communications relating to any job, internship, fellowship, educational program, or other program that Plaintiff has applied to or intends to apply for or participate in upon graduation from SUNY.*

**Response to Document Request No. 42**

Plaintiff objects to this Request as overbroad and unduly burdensome.

**Document Request No. 43**

*All communications with the SUNY Purchase Office of Disability Resources.*

**Response to Document Request No. 43**

See Documents produced herewith.

**Document Request No. 44**

*All communications with the SUNY Purchase Office of Community Standards.*

**Response to Document Request No. 44**

See Documents produced herewith.

**Document Request No. 45**

*All documents and communications relating any contact with any law enforcement officer or agency, including but not limited to the New York State University Police.*

**Response to Document Request No. 45**

See Documents produced herewith.

**Document Request No. 46**

*All documents and communications relating to the alleged events that occurred during Plaintiff's freshman orientation as alleged, inter alia, in paragraphs 11-22 of the Amended Complaint.*

**Response to Document Request No. 46**

See Documents produced herewith.

**Document Request No. 47**

*All documents and communications concerning Plaintiff's interactions with Casper Horsfield, Alexa Newman, and/or Casey O'Riordan.*

**Response to Document Request No. 47**

See Documents produced herewith.

**Document Request No. 48**

*All documents and communications concerning the posting of the no contact orders on a community online chat room as alleged in paragraph 24 of the Amended Complaint.*

**Response to Document Request No. 48**

See Documents produced herewith.

Dated: Uniondale, New York
       March 25, 2021

RUSKIN MOSCOU FALTISCHEK P.C.

By: _____
E. Christopher Murray
*Attorney for Plaintiff*
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600

TO:   LETITIA JAMES
       Attorney General
       State of New York
       *Attorney for Defendants*

       By:
       Shaina L. Schwartz
       Assistant Attorney General
       28 Liberty Street
       New York, New York 10005
       (212) 416-8560

939931