UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JASON DOHERTY,                                                :
                                                              :
                              Plaintiff,                      :
                                                              :
          - against -                                         :
                                                              :
                                                              :   **CONFIDENTIALITY**
PATRICIA BICE, individually and as Dean of                    :   **STIPULATION AND**
Student Affairs for Purchase College, State                   :   **PROPOSED PROTECTIVE**
University of New York; JARED STAMMER,                        :   **ORDER**
individually and as Conduct Officer for Purchase              :
College, State University of New York; and QUI                :   18-cv-10898 (NSR)
QUI BALASCIO, individually and as Associate                   :
Dean for Student Affairs for Purchase College,                :
State University of New York                                  :
                                                              :
                              Defendants.                     :
                                                              :
                                                              :
-------------------------------------------------------------X

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"), including but not limited to:

            a.      Documents and information relating to any student reflecting student records, grades, assignments, and coursework, private, personally sensitive information, disciplinary proceedings, and any other content which may be subject to any and all confidentiality requirements independent of this Stipulation, including but not limited to the provisions of the Family Educational Rights and Privacy Act, 20 U.S..C. § 1232g; 34 CFR Part 99 ("FERPA") and no such documents or information will be produced unless in compliance with FERPA;

      b.    Documents and information concerning the health or mental health of any person, including but not limited to records disclosed by a party pursuant to any Authorization to Release Medical Records or Authorization to Release Psychotherapy Notes executed by Plaintiff in this action;

      c.    Any other documents and/or information which a party believes in good faith to be Confidential Information.

Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

      a.    The requesting party, including officers or employees of the State University of New York ("SUNY") (including, without limitation, Purchase College), and counsel, including in-house counsel;

      b.    Employees of such counsel assigned to and necessary to assist in the litigation;

      c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.    Inform the person of the confidential nature of the information

     or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

  6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

  7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

  8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information ("Protected Information"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

  9. Upon being notified that a production containing Protected Information has occurred, the Receiving Party must promptly locate and either return or destroy all copies of the materials at issue. Unless and until those materials are adjudicated by this Court to be non-privileged, the Receiving Party cannot use them for any purpose.

  10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

  11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Any Party may designate as Confidential any deposition testimony that the Party believes in good faith discusses or discloses Confidential Material. Such designation may be made orally on the record of a deposition or by notice within 30 days from the receipt of the transcript, during which time the deposition transcript shall be treated as Confidential. Such notice may also be provided at any time thereafter, though if not designated within said initial thirty (30) days, said transcript need not be treated as confidential by a Party until such designation is actually received by her/it. The court reporter shall be notified of any confidentiality designations made after the transcript is sent to the parties. Upon receipt of a confidentiality designation, all Parties in possession of the deposition transcript shall mark the designated pages as Confidential Material on all copies of the transcript and treat those pages of the transcript in accordance herewith.

13. In the event that any Party obtains documents or information from a Party or non-party that it believes is confidential, any Party may designate such information as Confidential Material pursuant to this Stipulation and Order and it shall be treated as such in accordance with this Stipulation and Order.

14. This Stipulation and Order shall survive and remain in full force and effect after the termination of the Action. Neither the termination of the Action nor the termination of employment of any person with access to any Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

16. If any Party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials produced by another Party and designated as Confidential, the Party so requested shall give written notice to the Party that has designated such material as Confidential (the "Designating Party") of such subpoena or other notice no later than ten (10) business days after receipt of the subpoena or other notice, except that notice shall be given sooner if necessary due to the date indicated in the subpoena or other notice. Upon receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if and as it may deem appropriate, the subpoena or other notice on grounds of confidentiality. In no event shall production or disclosure be made before notice and a reasonable opportunity (no less than ten (10) working days) to oppose such disclosure is given to the Designating Party.

17. Until such time as this Stipulation and Order has been entered by the Court, the Parties agree that, upon execution by the Parties, the Parties will treat this Stipulation as if it had been "So Ordered."

18. The parties agree that any person required to sign Exhibit A pursuant to paragraph 5 of this Stipulation and Order may do so in the presence of counsel virtually and it may be executed in one or more counterpart copies, each of which shall be deemed an

original, and together shall constitute one in the same agreement. The parties further agree that scanned or facsimile signatures shall be sufficient and they shall be as binding upon the individuals as the original.

SO STIPULATED AND AGREED.

Dated:_____, 20
    White Plains, New York

_____      Shaina Schwartz  *Digitally signed by Shaina Schwartz*
    Counsel for Plaintiff(s)          *Date: 2021.05.20 13:58:06 -04'00'*
                                                      Counsel for Defendant(s)

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:_____, 20

_____        _____
Name (printed)                                                    Signature

Signed in the presence of:

_____
(Attorney)