

**RUSKINMOSCOUFALTISCHEK** P.C.

*Counselors at Law*

Writer's Direct Dial:  (516) 663-6515
Writer's Direct Fax:  (516) 663-6715
Writer's E-Mail:  emurray@rmfpc.com

May 26, 2021

**By ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

        Re:   *Doherty v. Bice, et al.*
               Docket No. 18 Civ. 10898 (NSR)(AEK)

Dear Judge Krause:

I am a partner in Ruskin Moscou  Faltischek, P.C., attorney for plaintiff Jason Doherty.  I write in response to the letter by defendant's counsel requesting a conference in connection with defendants' anticipated motion to compel plaintiff to produce, *inter alia,* "documents and communications relating to any consultation or treatment by any medical or mental health provider."

The law is well settled that when a plaintiff seeks only garden variety emotional distress he has not placed his mental and physical health at issue and a defendant is not entitled to disclosure of the plaintiff's medical and psychiatric records. *Misas v. North-Shore Long Island Jewish Health System*, No. 14-cv-8787 (ALC) (DFC), 2016 WL 4082718, *4 (S.D.N.Y. July 25, 2016) ("If Plaintiffs seek only garden variety damages, then they need not provided medical corroboration for any alleged injury, nor can they be said to have put their entire physical and mental condition at issue."); *Brown v. Kelly*, No. 05 Civ. 5442 (SAS), 2007 WL 1138877 (S.D.N.Y. April 16, 2007); *see also In re Sims*, 534 F.3d 117 (2d Cir.2008).

Plaintiff has already represented that he is not seeking damages related to any treatment by a medical or psychiatric professional for the conduct by defendants and is limiting any damages to garden variety emotional distress. Plaintiff repeats that representation now.

Defendants nonetheless seeks to compel plaintiff to produce all of his medical and psychiatric records, without any limitation, because they assert that plaintiff needs to establish as part of his case that he is on the Autism spectrum.  This contention is specious.  Plaintiff has already agreed to provide documentation as to plaintiff's diagnosis as Autistic. *See* email,



Exhibit 1 hereto.  Further, SUNY Purchase has already acknowledged that plaintiff is disabled by providing him with accommodations for test taking such as a separate room and extra time. Defendants should have in their possessions the documents submitted by plaintiff when requesting this accommodation and plaintiff had been informed by SUNY Purchase that he had been classified as a person with a disability when granted the accommodations (plaintiff has searched his records and cannot locate the documents he submitted to SUNY Purchase).

In addition, plaintiff was classified since he began kindergarten and his records reflecting that classification can be obtained from his School District.  We can subpoena those records or provide an authorization for the release of his school records.  Plaintiff was the subject of an Individual Education Plan because of his Autism for 13 years.

Accordingly, defendants demand for all of plaintiff's medical and psychiatric records is without merit. These records contain highly personal information that has no relevancy to this action, including his relationship with his family members.  To require this young Autistic individual to produce this information when he thought he was disclosing this information to medical professionals on a confidential basis would be contrary to the weight of legal authority.

Further, given that plaintiff has agreed to provide the records with regard to his diagnosis, which diagnosis SUNY Purchase already acknowledged, and given plaintiff limiting his damages to garden variety emotional distress, it is hard to understand why defendants need all of plaintiff's medical and psychological records.

Respectfully,

E. Christopher Murray

ECM:rk