

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

June 21, 2021

*Via ECF*
Hon. Andrew E. Krause
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Doherty v. Bice, et al.*, 18 Civ. 10898 (NSR)(AEK)

Dear Judge Krause:

      This Office represents defendants Patricia Bice, Qui Qui Balascio, and Jared Stammer[1] (collectively, "Defendants") in the above-captioned action. I write pursuant to Your Honor's order dated June 8, 2021 to provide supplemental support for Defendants' request to compel Plaintiff to identify any mental health professionals who have treated or counseled Plaintiff, and to provide releases for his psychotherapy records.[2] *See* Minute Entry dated June 8, 2021.

      As discussed at the June 7 conference, Plaintiff's medical records and psychotherapy records are relevant to liability as well as damages.[3] *See* Letter Motion for Rule 37.2 Conference (Dkt. No. 44), Transcript 25:5-26:11 ("[T]his to me is not merely a question of damages or "emotional distress" damages, which I understand you've represented you're only seeking garden variety damages, so fine. But it seems inextricably intertwined with the liability issues."). As the

---

[1] Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. *See* Fed. R. Civ. P. 25(d).

[2] Pursuant to the parties' meet and confer on June 11, 2021, Plaintiff has agreed to identify the medical providers who treated Plaintiff between January 1, 2014 and the present, and to provide releases for his medical records from those providers. Defendants reserve the right to raise this issue with the Court if Plaintiff fails to provide the agreed upon information or the requisite releases for Plaintiff's medical records. Defendants agreed to limit their request for Plaintiff's mental health records to those records which deal with the effects of Plaintiff's Autism; however, Plaintiff has represented that Plaintiff's Autism underlies all of his mental health treatment. Transcript 38:14-19. As such, Defendants cannot narrow their request with respect to Plaintiff's mental health records, as they would all be relevant to the treatment and counseling of Plaintiff's Autism, the condition underlying his Americans with Disabilities Act ("ADA") claim and the allegations in this action.

[3] Plaintiff has acknowledged that he did not seek treatment for any injury purportedly suffered due to the actions alleged in the complaint, and that he seeks only garden variety damages. Transcript 29:10-12; Letter Response in Opposition to Motion (Dkt. No. 48).

Court stated, "if the heart of the claim depends -- the liability at issue turns on, at least in part, an assessment of the plaintiff -- in this case the plaintiff's mental health, then that's a bit different than just saying it's a damages issue." Transcript 31:14-18; *see also* Transcript 31:19-25 ("If the jury would inevitably have to make determinations and evaluations of the plaintiff's mental health as a result of the conduct that's at issue and therefore perhaps have an understanding of what his mental health baseline was prior to this conduct, then that -- it puts us into a different realm of the mental health of the plaintiff being put at issue as part of the underlying claim."). As discussed below, that is precisely the case here, and Defendants are entitled to Plaintiff's mental health records.

First, Plaintiff's psychotherapy records are relevant to Plaintiff's claim that he is a qualified individual with a disability entitled to protection under the ADA.[4] "[T]he exact parameters of the plaintiff's condition are at the very heart of plaintiff's case. The degree to which she suffers from depression, the extent of the depression, the duration of the same, all are relevant to a determination of disability under the act." *Wynne v. Loyola Univ. of Chicago*, 97-cv-06417, 1999 WL 759401, at *1-*2 (N.D. Ill. Sept. 3, 1999); *Katz v. Nat'l Board of Medical Examiners*, 3:15-cv-01187, 2016 WL 2744823, at *3-*4 (M.D. Pa. May 10, 2016) (granting defendant's motion to compel medical and psychiatric records where plaintiff brought a civil lawsuit claiming discrimination under the ADA based on his mental condition of bipolar disorder, finding "[Plaintiff's] medical and psychiatric records concerning diagnosis and treatment of his alleged mental impairment are clearly relevant to his ADA and Section 504 claims.").

Plaintiff alleges that he is a qualified individual under the ADA because his Autism interferes with his ability to have interpersonal relationships. Am. Compl. ¶¶ 43, 46. Specifically, Plaintiff alleges that because of his Autism, he has "difficulty in comprehending social cues" and that his Autism "interferes with his ability to have interpersonal relationships, engage in social activities, and otherwise perform basic life functions." *Id.* ¶¶ 44, 46. Plaintiff further alleges that "as a result of the issuance of the no contact orders and his disability, Doherty suffers great anxiety and depression, has difficulty going to class or utilizing Purchase's facilities for fear of being arrested, and is afraid to socialize with other students." Am. Compl. ¶ 34. Here, the nature of Plaintiff's Autism, and how it impacts him, is reflected in medical, psychiatric, and psychologist records. Transcript 39:1-39:4. Plaintiff must produce those records to meet his burden on his ADA claim, *Sussle v. Sirina Protection Sys. Corp.*, 269 F. Supp. 2d 285, 301 (S.D.N.Y. 2003) ("[d]istrict courts in the Second Circuit have repeatedly held that a plaintiff's personal testimony which describes the alleged limits that affect a major life activity, 'without supporting medical testimony, simply is not sufficient to establish his prima facie case under the ADA.'") (quoting *Douglas v. Victor Capital* Group, 21 F. Supp. 2d 379, 392 (S.D.N.Y. 1998)), and Defendants are entitled to those records to defend against Plaintiff's claim. Specifically, Defendants are entitled to discovery regarding Plaintiff's allegations that his Autism interferes with his ability to have interpersonal relationships and engage with others, which is a key element of Plaintiff's claim.

---

4   To establish a *prima facie* violation of Title II of the ADA, plaintiffs must show that (1) they are a qualified individual with a disability, (2) defendants are subject to the ADA, and (3) plaintiffs were denied the opportunity either to participate in or to benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiff's disabilities. *See United Spinal Ass'n v. Board of Elections in City of N.Y.*, 882 F. Supp. 2d 615, 623 (S.D.N.Y. 2012).

Hon. Andrew E. Krause
June 21, 2021
Page 3 of 5

Plaintiff's mental health and psychotherapy records contain information relevant to this allegation, Transcript, 16:16-19, 39:1-4, and Defendants are entitled to these records to defend against Plaintiff's claims.[5]

Moreover, Plaintiff has waived his right to privacy in his psychotherapy records by bringing a claim under the ADA, which puts his mental health condition at issue. "By suing under the ADA, Plaintiff has put into issue the facts concerning any conditions that form the basis for his assertion that he was disabled, within the meaning of the ADA, during the relevant time period." *Sobel v Community Access, Inc.*, 03-cv-5642, 2007 WL 2076977, at *1 (S.D.N.Y. July 18, 2007). By claiming that he is disabled because of his Autism, Plaintiff's medical and mental health history pertinent to his Autism, including psychotherapy records, is relevant and subject to discovery.[6] *Id.*

Numerous courts have held that bringing an ADA claim based on an underlying mental health condition waives the psychotherapist-patient privilege. *See Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997) ("Plaintiff alleges that she is [a qualified individual under the ADA] by virtue of suffering from clinical depression. She therefore has placed her mental condition directly at issue in this case, at least with respect to her claims that she [is a qualified individual under the ADA]."); *Cherkaoui v. City of Quincy*, 14-cv-10571, 2015 WL 4504937, at *2-*3 (D. Mass. July 23, 2015) ("The plaintiff advances four causes of action explicitly alleging discrimination on the basis of her alleged mental health related disability. . . On these facts, there is no question that the plaintiff has based a significant part of her case on her mental health and she therefore has unequivocally and unambiguously placed her mental health at issue. Accordingly, any psychotherapist-patient privilege that may have applied has been waived."); *Wynne*, 1999 WL 759401, at *2 ("[T]he federal cases are in substantial agreement that when a party places at issue the question of his or her mental health any privileges that might attach to the medical information is waived."); *Katz*, 2016 WL 2744823, at *4 ("Any psychotherapist-, psychiatrist-, or physician-patient privilege that might have existed has been waived by Katz's placement of his physical and mental condition at issue in this case.") The case at hand is no different. Plaintiff has placed his mental health condition at issue in the litigation by bringing an

---

[5] Plaintiff's position that Autism necessarily impacts a major life function, Transcript 9:7-9, is not supported by case law. *See McElwee v. County of Orange*, 10-cv-00138, 2011 WL 4576123, at *6 (S.D.N.Y. Sept 30, 2011). In *McElwee*, the court found that a plaintiff diagnosed with Pervasive Developmental Disorder had failed to demonstrate that his condition substantially limited the major life activity of interacting with others. *Id.* Specifically, the court determined that plaintiff's "mental impairment [] contributed to his inability to get along or effectively communicate" with others, which was insufficient to show a substantial limitation. *Id.*

Plaintiff also contends that his Independent Education Plan ("IEP") will sufficiently demonstrate that his Autism has a substantial impact on his major life functions. *See* Transcript 15:5-15:16. However, the allegations in the Amended Complaint relate to Plaintiff's purported inability to interact with others and socialize, not his ability to learn. Further, Defendants are entitled to comprehensive health information concerning Plaintiff's condition, which is at the heart of his disability discrimination claim. Defendants will be severely prejudiced if they are forced to rely on a limited subset of documents related to Plaintiff's high school education in defending against a claim concerning Plaintiff's social and emotional condition during his college years.

[6] Because of the nature of Plaintiff's purported disability, both medical and psychotherapy records are relevant to his ADA claim and subject to discovery.

Hon. Andrew E. Krause
June 21, 2021
Page 4 of 5

ADA claim based on his mental health condition, and as such has waived the psychotherapist privilege with respect to that mental health condition.

Plaintiff argued that an Autistic individual should not place his mental health records at issue by bringing a claim pursuant to the ADA based on his or her Autism. Transcript, 39:9-16. However, as discussed above, this position is controverted by the case law which consistently holds that a plaintiff who brings an ADA claim based on a mental health condition is considered to have waived their psychotherapist privilege with respect to that condition and must produce related mental health records. Depriving Defendants of access to information regarding the nature, severity, and treatment of Plaintiff's Autism would be incredibly prejudicial. *Cherkaoui*, 2015 WL 4504937, at *3 ("By directly linking the defendant's liability . . . to the issue of her mental health, the plaintiff has made her present and past condition a critical issue in this case and the defendant simply cannot be expected to defend itself against such claims without access to information regarding her treatment history.") (collecting cases). In choosing to bring an action under the ADA, Plaintiff knowingly put his mental health condition at issue and must now produce his mental health records concerning his Autism.

During the conference, Your Honor also questioned Plaintiff's "categorical" theory of liability. Transcript, 20:20-21:5. There is no support for such an approach. Instead, for the reasons discussed during the conference, including the vast range of ways that Autism may manifest, including the nature and severity of each individual's experience,[7] Plaintiff cannot sustain his claim by simply arguing that Defendants' actions would have a disparate impact on students with Autism as a group. This is especially true given that the effects of Autism and the severity of symptoms span a broad spectrum and are different in each person. Nonetheless, even if Plaintiff intended to proceed using a "categorical" approach, Defendants are still entitled to information about how Plaintiff's diagnosis specifically impacted him as an individual to rebut Plaintiff's arguments.[8] Plaintiff's decision to proceed using a categorical analysis of individuals with Autism should not preclude Defendants from engaging in an individualized assessment based on the facts and circumstances of Plaintiff's condition, Defendants' actions, and the impact on Plaintiff himself. As the Court acknowledged, "the defense would be interested in records that disprove – [] the idea that Mr. Doherty suffers great anxiety and depression as the result of the issuance of the 'no contact' orders." Transcript 27:1-4. If Defendants are precluded from obtaining Plaintiff's records, they will be severely prejudiced in defending against Plaintiff's claims.

Moreover, whether Plaintiff may move forward with a "categorical" approach is not determinative of whether he is obligated to produce the medical and psychotherapy records relating to his Autism. Evidence supporting Plaintiff's purported theory is relevant to the third element of

---

[7]     As the Court recognized, and as Plaintiff acknowledged, there is a spectrum of type and severity of symptoms associated with Autism. Transcript 13:12-14;15:2-4.

[8]     Plaintiff also represented that he intends to engage an expert to opine on how individuals with Autism respond to certain incidents. Transcript 12:5-8. Even if Plaintiff's expert intends to opine on individuals with Autism generally and does not intend to rely on Plaintiff's health records, Defendants are entitled to evaluate Plaintiff's psychotherapy records to rebut the expert's findings and determine whether Plaintiff's individual circumstances comport to the expert's opinion.

Hon. Andrew E. Krause
June 21, 2021
Page 5 of 5

Plaintiff's prima facie case: whether Plaintiff was denied the opportunity to participate in or benefit from Defendants' services, programs, or activities by reason of Plaintiff's disability. *See B.C. v. Mt. Vernon Sch. Dist.*, 837 F.3d 157 (2d Cir. 2016) ("Exclusion or discrimination may take the form of disparate treatment, disparate impact, or failure to make a reasonable accommodation."). Plaintiff's theory of discrimination is distinct from whether Plaintiff is a qualified individual with a disability. Plaintiff's mental health records are relevant to whether Plaintiff qualifies as an individual with a disability under the ADA. If Plaintiff cannot demonstrate (using medical evidence) that his condition has a significant impact on a major life function, the Court need not analyze whether Defendants' actions were discriminatory based on Plaintiff's disability. And, even if Plaintiff can demonstrate that his condition constitutes a disability, he still must prove his claim that he was denied the opportunity to participate in or benefit from Defendants' services, programs, or activities because of his disability. Plaintiff's mental health records are thus relevant to the claims and defenses in this action.

To the extent Plaintiff has concerns about revealing sensitive information, the parties have entered a confidentiality stipulation and protective order in this action. *See* Dkt. No. 47. Where appropriate, Plaintiff can designate the materials as confidential pursuant to the provisions of the confidentiality order, which will maintain their confidentiality.

For the foregoing reasons, and for the reasons stated in our May 24, 2021 letter (Dkt. No. 44) and during the June 7, 2021 conference, we respectfully request that the Court order Plaintiff to identify the mental health providers who have treated Plaintiff from 2014 to the present and execute valid releases for their records.

Respectfully submitted,

*/s/ Shaina Schwartz*
Shaina L. Schwartz
Assistant Attorney General
212-416-8560
shaina.schwartz@ag.ny.gov

cc:    E. Chris Murray, Esq. (*via* ECF)