UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
JASON DOHERTY, :
:
                Plaintiff, :
:
  - against - : 18-cv-10898 (NSR)
:
PATRICIA BICE, individually and as Dean of :
Student Affairs for Purchase College, State :
University of New York; JARED STAMMER, :
individually and as Conduct Officer for Purchase :
College, State University of New York; and QUI :
QUI BALASCIO, individually and as Associate :
Dean for Student Affairs for Purchase College, :
State University of New York :
:
                Defendants. :
:
:
-------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE KRAUSE'S ORDER**

 

LETITIA JAMES
Attorney General of the
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005

Shaina L. Schwartz
Assistant Attorney General
*of Counsel*

**PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 72, Defendants Patricia Bice, Jared Stammer, and Qui Qui Balascio,[1] (collectively, "Defendants") by their attorney, Letitia James, Attorney General for the State of New York, respectfully submit this memorandum of law in opposition to Plaintiff's objection to Magistrate Judge Andrew Krause's September 15, 2021 Decision and Order ordering the production of Plaintiff's mental health records (ECF No. 55) (the "Order" or "Magistrate Judge Krause's Order"). Magistrate Judge Krause's Order should be affirmed as it correctly applied Second Circuit precedent to Defendants' request for production of Plaintiff's psychotherapy records.

**PROCEDURAL HISTORY**

In this action, Plaintiff, alleges, *inter alia*, that he was denied the benefit of the activities, programs, and services at State University of New York Purchase College ("SUNY" or "SUNY Purchase") because of no-contact orders that were issued between Plaintiff and three other students (the "No Contact Orders"). *See* Amended Complaint ("Am. Compl."), ECF No. 17. Specifically, Plaintiff alleges that because he has Asperger's Syndrome, the No Contact Orders caused him so much stress, anxiety, and depression that he had difficulty availing himself of the facilities at SUNY Purchase. *Id*. ¶¶ 34, 47-48. These allegations form the basis of Plaintiff's claim pursuant to Title II of the Americans with Disabilities Act ("ADA").

Based on Plaintiff's allegations, Defendants sought documents regarding Plaintiff's mental health, including releases to enable Defendants to obtain records from any relevant mental health providers. ECF No. 44. Plaintiff objected to Defendants' requests, arguing that his mental health

---

[1] Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. Fed. R. Civ. P. 25(d).

1

records are not discoverable because Plaintiff is "not seeking damages related to any treatment by a medical or psychiatric professional for the conduct by defendants and is limiting any damages to garden variety emotional distress." ECF No. 48.  Pursuant to Local Civil Rule 37.2, Defendants requested a conference regarding their anticipated motion to compel on May 24, 2021.  ECF No. 44.  Magistrate Judge Krause heard oral argument on June 7, 2021,[2] and the parties subsequently filed supplemental submissions.  ECF Nos. 49-50.  On September 15, 2021, Magistrate Judge Krause issued the Order, finding that the allegations in the Amended Complaint "waived Plaintiff's psychotherapist-patient privilege with respect to certain mental health records, because Plaintiff has put his mental health condition at issue in this case" and ordering the production of Plaintiff's mental health records that relate to the allegations in the Amended Complaint.  ECF No. 55 at 8-11.  Plaintiff filed an objection to Magistrate Judge Krause's order on September 29, 2021.  ("Pl. Obj."), ECF No. 58.  As discussed herein, Plaintiff's objections are without merit, and Magistrate Judge Krause's Order should be affirmed.

## STANDARD OF REVIEW

"A magistrate's resolution of pretrial discovery disputes is entitled to substantial deference and may not be disturbed by a District Court in the absence of a finding that the magistrate's determination was 'clearly erroneous or contrary to law.'" *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 373 (S.D.N.Y. 1989) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).  A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Isiofia*, 370 F. 3d 226, 232 (2d Cir. 2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of

---

[2]    The transcript from the June 7, 2021 oral argument is on the docket.  *See* ECF No. 49-1 (the "June 7 Tr.").

2

procedure." *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).

"Since Magistrates are considered to have broad discretion over non-dispositive matters, a party seeking to overturn a discovery ruling generally bears a heavy burden." *Com-Tech Associates v. Computer Associates Intern., Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990) (citations omitted). More specifically, a "heavy burden of proof lies with the moving party, and the highly deferential standard only permits reversal where the magistrate judge abused h[er] discretion." *Janfeshan v. U.S. Customs & Border Prot.*, 16-cv-6915, 2018 WL 741369, at *2 (E.D.N.Y. Feb. 7, 2018). "[O]verturning the well-reasoned findings and conclusions of a magistrate judge who is not only demonstrably familiar with the particular claims at issue, but who has also devoted significant time to carefully ushering the parties through discovery, is no easy task." *Malowsky v. Schmidt*, 15-cv-666, 2017 WL 5496068, at *4 (N.D.N.Y. Jan. 9, 2017). Therefore, "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Janfeshan*, 2018 WL 741369, at *2.

## ARGUMENT

### I.     Plaintiff Waived The Psychotherapist Privilege.

Magistrate Judge Krause correctly determined that the allegations in the Amended Complaint put Plaintiff's mental health at issue, thus waiving the psychotherapist patient privilege and entitling Defendants to the production of Plaintiff's mental health records relating to the allegations in the Amended Complaint. *See* Order at 8, 10; *see also Doe v. Sarah Lawrence Coll.*, 19-cv-10028, 2021 WL 197132, at *4 (S.D.N.Y. Jan. 20, 2021); *Sidor v. Reno*, 95-cv-9588, 1998 WL 164823, at *2 (S.D.N.Y. Apr. 7, 1998). The Supreme Court has recognized a psychotherapist-patient privilege that protects "confidential communications between a licensed psychotherapist

3

and [his or her] patients in the course of diagnosis or treatment" from compelled disclosure. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). However, "[l]ike other testimonial privileges, the patient may of course waive the protection" of the psychotherapist privilege. *Id*. at 15 n. 14. "For example, waiver occurs when a plaintiff puts his or her mental or emotional condition at issue in the case, by relying on that condition as an element of his or her claim or defense." *Doe*, 2021 WL 197132, at *3 (citing *Green v. St. Vincent's Med. Ctr.*, 252 F.R.D. 125, 127-28 (D. Conn. 2008)); *Malowsky*, 2017 WL 5496068, at *2 ("[C]ourts in our Circuit have long recognized that the protection of the psychotherapist-patient privilege is waived when a plaintiff puts his or her mental condition at issue in the case.") (citations omitted).

As recognized by Magistrate Judge Krause, Plaintiff put his mental health at issue by alleging that "[a]s a result of the issuance of the no contact orders and his disability, [Plaintiff] suffers great anxiety and depression, has difficulty going to class or utilizing Purchase's facilities for fear of being arrested, and is afraid to socialize with other students." Order at 6-7; *see also* Defendant' Letter For Rule 37 Conference dated May 24, 2021, at 2 (ECF No. 44); Defendants' Supplemental Letter Regarding Motion to Compel Psychotherapy Records dated June 21, 2021, at 1-2 (ECF. No. 49); *Sidor*, 1998 WL 164823, at *2 (finding waiver of psychotherapist patient privilege where, *inter alia*, "plaintiff's mental status is basic to the events leading to this litigation"); *Kerman v. City of N.Y.*, 96-cv-7865, 1997 WL 666261, at *4 (S.D.N.Y. Oct. 24, 1997). The allegations that Plaintiff suffered anxiety, depression, and "great stress" because of the No Contact Orders (Am. Compl. ¶¶ 34, 45, 47) "constitute core elements of Plaintiff's ADA claim, and directly relate to the question of whether Defendants denied Plaintiff the opportunity to participate in or benefit from the facilities at SUNY Purchase." Order at 8; June 7 Tr. at 25:5-26:11 (noting that the allegations in the Amended Complaint regarding the impact of the No

Contact Orders on Plaintiff's mental health are a "core element" of Plaintiff's complaint and are "inextricably intertwined with the liability issues"); 31:19-25 ("If the jury would inevitably have to make determinations and evaluations of the plaintiff's mental health as a result of the conduct that's at issue and therefore perhaps have an understanding of what his mental health baseline was prior to this conduct, then that – it puts us into a different realm of the mental health of the plaintiff being put at issue as part of the underlying claim."). Indeed, "Plaintiff's mental health will inevitably factor into an evaluation of whether Defendants are liable for a violation of the ADA." *Id*. at 10. Plaintiff's allegations put his mental health at issue and thus waived psychotherapist-patient privilege; therefore, Magistrate Judge Krause's Order is neither erroneous nor contrary to law.

## II.     Plaintiff's Objections Are Meritless

Plaintiff argues that Magistrate Judge Krause's Order was contrary to law because Plaintiff's mental health records are not necessary to determine whether Plaintiff is a qualified individual under the ADA and because Plaintiff seeks only garden variety emotional damages. *See* Pl. Obj. 3, 6. Plaintiff's arguments fail to meet the heavy burden of demonstrating that Magistrate Judge Krause's Order was contrary to law. *See Malowsky v. Schmidt*, 2017 WL 5496068, at *4 ("A magistrate judge's discovery order is contrary to law 'only where it runs counter to *controlling* authority.'") (quoting *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)).

Plaintiff's first argument, that his mental health records are not necessary to determine that he is a qualified individual under the ADA, *see* Pl. Obj. 3-6, is irrelevant because Magistrate Judge Krause did not order the production of the records for this purpose. *See* Order 4-6 (stating that "Defendants cannot obtain discovery of Plaintiff's mental health records for the purpose of evaluating whether he is a qualified individual with a disability within the meaning of the ADA"

5

but noting that "Plaintiff may bear some risk for resisting discovery for this purpose" given his burden under the ADA).

Plaintiff's second argument is also unavailing. Plaintiff argues that he has not waived his privilege regarding his mental health records because he seeks only garden variety damages. Pl. Obj. 6-7. This argument ignores the critical distinction that Plaintiff has put his mental health at issue with respect to *liability*, not *damages*. As Magistrate Judge Krause properly recognized, Plaintiff's mental health (namely, his reaction to the No Contact Orders) goes directly to the question of Defendants' liability, which is separate from any consideration of emotional distress damages. *See* Order at 10 ("Plaintiff's mental health will inevitably factor into an evaluation of whether Defendants are liable for a violation of the ADA."); *see also* June 7 Tr. at 25:5-26:11, 31:14-18 ("if the heart of the claim depends – the liability at issue turns on, at least in part, an assessment of the plaintiff – in this case the plaintiff's mental health, then that's a bit different that just saying it's a damages issue."). Magistrate Judge Krause recognized this distinction and properly found that Plaintiff waived the psychotherapist privilege because Plaintiff's allegations placed his mental health at issue with respect to Defendants' potential liability. *See* Order at 8, 10; Defendant' Letter For Rule 37 Conference dated May 24, 2021, at 1-2 (ECF No. 44); Defendants' Supplemental Letter Regarding Motion to Compel Psychotherapy Records dated June 21, 2021, at 1-2 (ECF. No. 49); *Green v. Mattingly*, 07-cv-1790, 2010 WL 11626861, at *2 ("While Plaintiff is correct that . . . plaintiffs are not required to prove emotional distress damages in civil rights cases through the testimony of expert psychologists, psychiatrists, or mental health professionals, that does not resolve the question of whether defendants are entitled to discovery of any mental health treatment a plaintiff may have sought in order to defend themselves against plaintiff's claims.").

Plaintiff's argument that "[w]hether the no contact order made plaintiff anxious or depressed is not an element of plaintiff's claims, and the only basis to require those mental health records be produced would be to show damages," Pl. Obj. at 6, is incorrect.[3]  Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The crux of Plaintiff's ADA claim is that "[t]he issuance and existence of the no contact orders create great stress for [Plaintiff]" and that "[a]s a result, [Plaintiff] has difficulty availing himself of the facilities at Purchase, and is afraid to socialize." Am. Compl. ¶¶ 34, 47-48, ECF No. 17.  Plaintiff's purported stress and anxiety resulting from the No Contact Orders is the basis for Plaintiff's claim that he was denied the benefits of the services, programs, or activities at SUNY Purchase. *Id*.; June 7 Tr. at 25:18-26:11.  Thus, determining whether the No Contact Orders made Plaintiff anxious or depressed goes straight to the issue of Defendants' liability, putting Plaintiff's mental health at issue in the litigation and waiving the psychotherapist-patient privilege. *See* Order at 8, 10; Defendant' Letter For Rule 37 Conference dated May 24, 2021, at 1-2 (ECF No. 44); June 7 Tr. at 25:5-26:11, 31:14-18.

Contrary to Plaintiff's argument, he is not "subject to a different standard because he is Autistic." Pl. Obj. 7.  Indeed, Magistrate Judge Krause carefully considered Plaintiff's concerns regarding the risk of treating Autism as a mental health condition that automatically waived the psychotherapist-patient privilege, Order at 7, and ordered the production of only those psychotherapy records that relate to Plaintiff's specific allegations. *Id*. at 8-9 ("This order is thus

---

[3]  Similarly, Plaintiff argues that Plaintiff's allegation that he suffers from anxiety, depression and stress because of the No Contact Order does not in and of itself waive his right to the confidentiality of his mental health records. Pl. Obj. 7.  For the reasons discussed herein, this argument also fails.

limited in scope to the particular aspects of Plaintiff's mental health that he has specifically put at issue through his complaint – information unrelated to the allegations in the complaint need not be produced."). This is consistent with the case law concerning the waiver of the psychotherapist privilege, *see Kerman*, 1997 WL 666261, at *4, and the need to ensure that Defendants are not prejudiced by any inability to obtain discovery relevant to Plaintiff's claims and their defenses. *See* Defendants' Supplemental Letter Regarding Motion to Compel Psychotherapy Records dated June 21, 2021, at 4 (ECF. No. 49); Fed. R. 26.

Plaintiff has failed to demonstrate that Magistrate Judge Krause's Order was contrary to law because none of Plaintiff's objections demonstrate that Magistrate Judge Krause's Order runs counter to controlling authority. Thus, the Court should uphold Magistrate Judge Krause's Order.

## **CONCLUSION**

For the foregoing reasons, and for the reasons in Defendants' prior submissions (ECF Nos. 44, 49), Defendants respectfully request that the Court affirm Magistrate Judge Krause's decision granting Defendants' request for the production of Plaintiff's mental health records.

Dated: New York, New York
October 13, 2021

                LETITIA JAMES
                Attorney General of the
                State of New York
                *Attorney for Defendants*

By:

                */s/ Shaina Schwartz*
                Shaina L. Schwartz
                Assistant Attorney General
                28 Liberty Street
                New York, New York 10005
                (212) 426-8560
                Shaina.schwartz@ag.ny.gov