UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/01/2021

JASON DOHERTY,

Plaintiff,

-against-

PATRICIA BICE, *as Dean of Student Affairs for Purchase College, State University of New York*, JARED STAMMER, *as Conduct Officer for Purchase College, State University of New York*, and QUI QUI BALASCIO, *as Associate Dean for Student Affairs for Purchase College, State University of New York*.

Defendants.

18-cv-10898 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Jason Doherty brings this lawsuit against Defendants Patricia Bice, Jared Stammer, and Qui Qui Balascio, in their official capacities as employees of Purchase College, State University of New York ("SUNY Purchase"), asserting claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Am. Compl. ¶¶ 41–55, ECF No. 17.) Plaintiff, who has Asperger's Syndrome, alleges that Defendants caused him severe stress, anxiety, and depression after they issued no-contact orders that denied him the benefit of the activities, programs, and services at SUNY Purchase. (*Id.*) Based on these allegations, Defendants seek Plaintiff's mental health records, including releases to obtain records from any relevant mental health treatment providers. (ECF No. 44.)

Plaintiff objects to the Magistrate Judge's decision and order (hereinafter, the "Order") permitting discovery limited in scope to the aspects of his mental health that he has specifically put at issue through his complaint—namely, mental health records that address any severe anxiety or depression that Plaintiff experiences when socializing with peers, or in disciplinary or

adversarial situations. (ECF No. 55.) For the reasons that follow, the Court OVERRULES Plaintiff's objections and UPHOLDS the Magistrate Judge's Order.

## BACKGROUND

### I. Procedural Background

Plaintiff initiated this action on November 21, 2018. (ECF No. 1.) He later filed an amended complaint on March 30, 2020. (ECF No. 13.) His amended complaint asserted two claims against Defendants individually and in their official capacities: (1) a due process claim under 42 U.S.C. § 1983 (Am Compl. ¶¶ 37–40); and (2) a claim under Title II of the ADA, 42 U.S.C. § 12132, for disability discrimination (*Id.* ¶¶ 41– 55). On November 26, 2019, Defendants moved to dismiss Plaintiff's claims. (ECF No. 29.)

On September 16, 2020, the Court granted in part, denied in part Defendants' motion to dismiss. (ECF No. 37.) The Court dismissed all of Plaintiff's due process claims against Defendants, his ADA claims against Defendants in their individual capacities, and his claim for injunctive relief against Defendant Stammer. (*Id.*) Only Plaintiff's ADA claims against Defendants in their official capacities remain at issue. (*Id.*) On March 30, 2021, the case was referred to the Magistrate Judge for purposes of general pretrial supervision, including discovery. (ECF No. 40.)

On May 24, 2021, Defendants requested a conference before the Magistrate Judge seeking to compel Plaintiff to produce documents and information relating to his medical and mental health treatment, and signed releases for his medical and psychotherapy records. (ECF No. 44.) Plaintiff objected to Defendants' requests, and refused to provide the requested documents, releases, and information. (ECF No. 48.) He claimed such records are not discoverable because he is "not seeking damages related to any treatment by a medical or psychiatric professional for the conduct by [D]efendants and is limiting any damages to garden variety emotional distress." (*Id.*)

Following a status conference and oral argument on June 7, 2021, and the parties later filing supplemental submissions, the Magistrate Judge issued his Order on September 15, 2021. (ECF No. 55.) On September 29, 2021, Plaintiff filed his objections to the Order. (Pl.'s Objs., ECF No. 58.) Defendants filed their opposition to the objections on September 23, 2021. (Defs.' Opp'n, ECF No. 59.)

**II. The Magistrate Judge's Order**

In his Order, the Magistrate Judge addressed two arguments concerning Defendants' requests for Plaintiff's mental health records: (1) whether such records are relevant to evaluate Plaintiff's claim that he is a qualified individual with a disability under the ADA; and (2) whether Plaintiff waived his privacy in such records by putting his mental health at issue through the allegations of his ADA claims. (Order at 4–11, ECF No. 55.)

As to the first argument, the Magistrate Judge noted that the Second Circuit has explained that the 2008 ADA Amendments Act ("ADAAA") and its accompanying regulations "specifically identify[] autism as an impairment that substantially limits brain function in virtually all cases." (*Id.* at 5 (citing *McElwee v. Cty. of Orange,* 700 F.3d 635, 643 (2d Cir. 2012).) Hence, he concluded that:

> Given the expressly permissive scope of the ADAAA, and the fact that the parties have now agreed to discovery of Plaintiff's nonmental health medical records, it is not necessary to allow discovery into Plaintiff's mental health records for the purposes of examining the question of whether Plaintiff is a qualified individual with a disability.

(*Id.* at 6.)

As to the second argument, the Magistrate Judge recognized that plaintiffs who have autism do not automatically waive their right to privacy in *all* mental health records upon filing an ADA claim simply by virtue of being autistic. (*Id.* at 7.) Notwithstanding, the Magistrate Judge

concluded that Plaintiff waived his right to privacy in certain mental health records because he put his mental health condition at issue here. (*Id.* at 8.) The Magistrate Judge noted that Plaintiff's allegations identify specific mental health conditions—such as severe anxiety, depression, and great stress—which he alleges he suffers as a result of Defendants issuing the no-contact orders and his disability. (*Id.*) Thus, the Magistrate Judge reasoned that "[t]hese allegations constitute core elements of Plaintiff's ADA claim, and directly relate to the question of whether Defendants denied [him] the opportunity to participate in or benefit from the facilities at SUNY Purchase." (*Id.*)

Therefore, the Magistrate Judge permitted Defendants "to inquire, to a limited extent, into Plaintiff's mental health records that address any severe anxiety or depression [he] experiences when socializing with peers, or in disciplinary or adversarial situations." (*Id.* at 8–9.) However, he also expressly noted that "information unrelated to the allegations in the complaint need not be produced" and that the Order was not "a license to rummage through all aspects of [Plaintiff's] life." (*Id.* at 9.)

## STANDARD OF REVIEW

District courts may designate a magistrate judge to hear and decide a pretrial matter that is "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). Under Federal Rule of Civil Procedure 72, a district court judge reviews a magistrate judge's resolution of these pretrial matters under the "clearly erroneous or . . . contrary to law" standard. *Id*. A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC*, 623 F. App'x 7, 12 (2d Cir. 2015) (citing *N.Y. Progress & Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (internal quotation marks omitted)). A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or

rules of procedure." *Thai Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (internal citation omitted).

"A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion' is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (citing *Cagle v. Cooper Cos., Inc*., 91 Civ. 7828 (HB), 1996 WL 514864, at *1 (S.D.N.Y. Sept. 10, 1996)). This standard is "highly deferential, and magistrate judges are afforded broad discretion in resolving nondispositive disputes; reversal is appropriate only if their discretion is abused." *Rouviere v. DePuy Orthopaedics, Inc*., 18-cv-4814 (LJL), 2021 WL 4255042, at *3 (S.D.N.Y. Sept. 17, 2021). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co*., Inc., No. 09 Civ. 5843(JFK), 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

## DISCUSSION

Plaintiff asserts only one objection to the Magistrate Judge's Order.[1] (Pl.'s Objs. at 6.) He contends the Magistrate Judge erred in concluding that he put his mental health condition at issue here because Plaintiff seeks only "garden variety"[2] emotional distress damages. (*Id.*) Plaintiff avers that he has "clearly represented that he is not seeking damages related to any treatment by a medical or psychiatric professional" due to Defendant's conduct. (*Id.* at 6–7.) He represents that he "did not seek counseling directly as a result of [D]efendants' conduct, nor does he claim that

[1] Plaintiff makes two points in his objections, Point I and II. (Pl.'s Objs. at 3, 6.) But in Point I, Plaintiff expressly notes that the Magistrate Judge "correctly held that [his] mental health records were not necessary for [him] to establish his disability." (*Id.* at 5.) As such, the Court construes Plaintiff to merely assert one objection against the Order.

[2] "Garden variety" damages are "claims for 'compensation for nothing more than the distress than any healthy, well-adjusted person would likely feel as a result of being so victimized. . . .'" *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 121 (W.D.N.Y. 2009) (quoting *Kunstler v. City of New York*, No. 04-cv-1145 (RWS) (MHD), 2006 WL 2516625, at *7, *9 (S.D.N.Y. Aug. 29, 2006)).

[D]efendants' conduct caused him any physical ailment." (*Id.* at 7.) He argues that under the Order, "any plaintiff who alleges stress or anxiety would waive any objection to the disclosure of his mental health records, a position rejected by [c]ourts in this Circuit." (*Id.* at 7.) After due consideration, the Court concludes that Plaintiff has failed to meet his burden of showing that the Magistrate Judge committed clear error.

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Mental health records are generally considered privileged matters because the Supreme Court has recognized a broad psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) ("[C]onfidential communications between a licensed psychotherapist and [his or her] patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.").

However, "[l]ike other testimonial privileges, the patient may of course waive the protection" of the psychotherapist privilege. *Id.* at 15 n. 14. "For example, waiver occurs when a plaintiff puts his or her mental or emotional condition at issue in the case, by relying on that condition as an element of his or her claim or defense." *Doe v. Sarah Lawrence Coll.*, No. 19-cv-10028 (PMH) (JCM), 2021 WL 197132, at *4 (S.D.N.Y. Jan. 20, 2021) (citing *Green v. St. Vincent's Med. Ctr.*, 252 F.R.D. 125, 127-28 (D. Conn. 2008); *Kerman v. City of New York*, No. 96-cv-7865 (LMM), 1997 WL 666261, at *3 (S.D.N.Y. Oct. 24, 1997)). Thus, to meet his burden of showing that the Magistrate Judge committed clear error, Plaintiff must show that his allegations do not factor his mental health condition into the elements of his ADA claim.

To establish a claim under Title II of the ADA, "a plaintiff must demonstrate (1) that [he or she] is a qualified individual with a disability; (2) that [he or she] was excluded from

participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to [his or her] disability." *Tardif v. City of New York*, 991 F.3d 394, 404 (2d Cir. 2021) (quotations omitted).

As the Magistrate Judge correctly noted, Plaintiff's amended complaint expressly alleges that

> [a]s a result of the issuance of the no contact orders and his disability, [Plaintiff] suffers great anxiety and depression, has difficulty going to class or utilizing Purchase's facilities for fear of being arrested, and is afraid to socialize with other students.

(Am. Compl. ¶ 34.) Put differently, Plaintiff alleges that he, as a qualified individual under the ADA with Asperger's Syndrome, was excluded from SUNY Purchase's services, programs, or activities due to the great anxiety, depression, and fear caused by his disability, and the issuance and existence of the no-contact orders—which were issued due to Defendants' failure to consider Plaintiff's disability. Notably, Plaintiff does not allege that the no-contact orders explicitly exclude him from using any service, program, or activity at SUNY Purchase. Instead, the amended complaint expressly alleges that

> [t]he issuance and existence of the no contact orders create great stress for [Plaintiff], who believes he will be arrested if he is in the presence of any of the three individuals, whether he is aware of it or not[.] . . . *As a result*, [Plaintiff] has difficulty availing himself of the facilities at Purchase and is afraid to socialize. . . .[Plaintiff] is afraid to befriend other students for fear of the issuance of the nocontact orders.

(Am. Compl. ¶¶ 47–48, 50 (emphasis added).) Thus, the Court agrees with the Magistrate Judge that Plaintiff's allegations identify specific mental health conditions—severe anxiety, depression, and "great stress" in particular situations—that Plaintiff alleges he suffers "*as a result of Defendants' conduct*," and which "directly relate to the question of whether Defendants denied

[him] the opportunity to participate in or benefit from the facilities at SUNY Purchase." (Order at 8 (emphasis in original).)

Further, Plaintiff's reliance on *Misas v. North-Shore Long Island Jewish Health System*, No. 14-CV-8787 (ALC) (DJF), 2016 WL 4082718, (S.D.N.Y. July 25, 2016), is misplaced. To be sure, *Misas* stands for the proposition that plaintiffs do not put their physical or medical condition at issue when they only seek "garden variety" emotional distress damages. *Id.* at *4. But unlike Plaintiff here, the *Misas* plaintiffs neither put their mental health condition at issue in all their asserted claims, nor did they seek a blanket prohibition of all discovery into their mental health records.

In *Misas*, the plaintiffs asserted claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.*, as well as common-law claims of intentional and negligent infliction of emotional distress, negligent hiring, retention, and supervision, and slander per se. *See Misas*, 2016 WL 4082718 at *1. As such, the only claim in which the *Misas* plaintiffs put their mental health condition at issue was their common-law claim of intentional and negligent infliction of emotional distress—for which they identified and produced authorizations for those healthcare providers whom they had seen for the sole purpose of receiving treatment for the alleged emotional distress injuries they suffered.[3] *See id.*

Yet, the *Misas* defendants still sought information on *all* healthcare providers "in order to investigate whether other medical conditions or circumstances may have caused (or contributed

[3] Under New York law, the tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress. *See Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) (citing *Howell v. New York Post Co.*, 596 N.Y.S.2d 350, 353 (N.Y. 1993)).

to) their purported emotional distress." *Id.* Indeed, the defendants expressly sought "to discover events like sexual assaults, miscarriages, and incidents of sexually transmitted diseases in [the plaintiffs'] past," all discovery which was self-evidently overbroad for purposes of the plaintiffs' claims in that case. *Id.*; *see also Kunstler v. City of New York*, No. 04 Civ. 1145 (RWS) (MHD), 2006 WL 2516625, at *4 (S.D.N.Y. Aug. 29, 2006), *aff'd*, 242 F.R.D. 261 (S.D.N.Y. 2007) ("Alternatively, if defendants are in fact now seeking records of all medical care rendered to the plaintiffs starting ten years before their arrests and irrespective of what maladies the plaintiffs were being treated for, the request is self-evidently overbroad."). For that reason, the *Misas* court held that "[i]f [the plaintiffs] seek only garden variety damages, then they need not provide medical corroboration for any alleged injury, nor can they be said to have put their *entire* physical and mental condition at issue." *Misas*, 2016 WL 4082718, at *4 (emphasis added).

In fact, the Magistrate Judge here similarly recognized that "Plaintiff is not required to produce all of his mental health records" because he was "cognizant of Plaintiff's stated concerns about disclosing the contents of those records as they might relate to his interpersonal and family relationships"—which were unrelated to the elements of his ADA claim. (Order at 9.) Hence, the Magistrate Judge limited the scope of Defendants' discovery into Plaintiff's mental health records "to the particular aspects of Plaintiff's mental health that he has specifically put at issue through his complaint," and also provided that any "information unrelated to the allegations in the complaint need not be produced." (*Id.*)

Accordingly, the Court concludes that Plaintiff has failed to meet his burden of showing that the Magistrate Judge committed clear error in his Order. Indeed, were the Court to conduct *de novo* review, it would adopt the Magistrate Judge's analysis and conclusion.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES the Plaintiff's objections and UPHOLDS the Magistrate Judge's Order.

Dated: December 1, 2021
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge