

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

May 31, 2022

***Via ECF***
Hon. Nelson Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Doherty v. Bice, et al.*, 18 Civ. 10898 (NSR)(AEK)

Dear Judge Román:

     This Office represents defendants Patricia Bice, Qui Qui Balascio, and Jared Stammer[1] (collectively, "Defendants") in the above-captioned action. I write pursuant to Your Honor's Individual Practices in Civil Cases to respectfully request a pre-motion conference in anticipation of moving for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendants also request that the Court stay expert discovery in this action pending the determination of Defendants' anticipated motion.

## I.    Plaintiff's Remaining Claims Should be Dismissed

     Plaintiff Jason Doherty was a student at Purchase College, State University of New York ("SUNY Purchase") from 2017-2021. Plaintiff suffers from Asperger Syndrome. *See* Am. Compl. ¶ 7 (ECF No. 17). In August 2017, during new student orientation, Plaintiff was involved in an incident in a residence hall room with several other students. Plaintiff was spending time in a residence hall room with several students when one of the students lost their keys and wallet. While the students were looking for the missing items, Plaintiff left the residence hall room, and when he tried to re-enter, one of the students was blocking the door from the inside to prevent Plaintiff from entering. Plaintiff continued to try to enter the residence hall room, despite it being blocked, and the students then opened the door and told Plaintiff to leave. After this incident, at the request of the students involved, SUNY Purchase issued no contact orders between Plaintiff and three other students (the "No Contact Orders"), which are mutual orders between two students to avoid direct and indirect communication.

---

[1]    Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. *See* Fed. R. Civ. P. 25(d).

Hon. Nelson Román
Page 2 of 4

Plaintiff alleges that he suffers from severe anxiety, including in social situations and adversarial or disciplinary circumstances, and that the No Contact Orders created such great stress that he had difficulty socializing with other students, going to class, and utilizing SUNY Purchase's facilities for fear of being arrested, and thus was excluded from the services, programs, and activities at Purchase College in violation of Title II of the Americans with Disabilities Act ("ADA").[2]  He further alleges that the College did not accommodate his disability when issuing the No Contact Orders. *Id*. ¶¶ 34, 45-48, 52.  Plaintiff seeks more than $100,000 in emotional distress damages and asks the Court to vacate the No Contact Orders.  *Id*.  ¶ 54-55.

All of Plaintiff's claims are subject to dismissal.  Plaintiff's request for injunctive relief (vacating the No Contact Orders) is moot, as the No Contact Orders expired when Plaintiff graduated from Purchase College in May 2021.  *See Fox v. Board of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) ("This court has consistently held that students' [] injunctive claims against the universities that they attend are mooted by the graduation of the students . . ."); *see also Brief v. Albert Einstein College of Medicine*, 423 F. App'x 88, 90 (2d Cir. 2011).

Further, Plaintiff is not entitled to the compensatory damages he seeks.  Plaintiff seeks damages for emotional distress, which, pursuant to a recent decision by the Supreme Court, are not available for violations of Title II of the ADA.  *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562, 1576 (2022).  In *Cummings*, the Supreme Court held that emotional distress damages are not available for violations of Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act").  *Cummings*, 142 S.Ct. at 1576.  Title II of the ADA expressly incorporates the remedial scheme set forth in the Rehabilitation Act.  *See* 42 U.S.C.A. § 12133.  Therefore, emotional distress damages are not available as a remedy for Title II of the ADA.  *See Montgomery v. District of Columbia*, No. 18-1928, 2022 WL 1618741, at *23-24 (D.D.C. May 23, 2022) ("Although the statutes allegedly violated in *Cummings* were the Rehabilitation Act and the Patient Protection and Affordable Care Act, the Supreme Court's reasoning applies to other statutes as well.  As mentioned above, Title II of the ADA incorporates the remedies, procedures, and rights set forth in the Rehabilitation Act, hence, if a certain category of damages is not available under Section 504, it is not available under Title II either.") (internal citations and quotation marks omitted); *see also Getman v. Oregon Health and Science Univ.*, No. 21-CV-1408, 2022 WL 1565693, at *2 (D. Or. May 18, 2022) (noting that plaintiff could no longer recover emotional distress damages for her federal claims, including pursuant to Title II of the ADA, following the Supreme Court's decision in *Cummings*).[3]

---

[2]     Plaintiff also asserted a claim pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the United States Constitution.  *See* Am. Compl. ¶¶ 37-40.  The Court previously dismissed this claim.  *See* Opinion & Order dated September 16, 2020 (ECF No. 37).

[3]     Plaintiff may argue that the Supreme Court's ruling in *Cummings* should not apply to causes of action for purported violations of Title II of the ADA because, unlike the statutes at issue in *Cummings*, Title II of the ADA was not enacted under Congress' spending powers.  This argument, however, was rejected by the Supreme Court in a case concerning the availability of punitive damages under Title II of the ADA and Section 504 of the Rehabilitation Act. *See Barnes v. Gorman*, 536 U.S. 181, 189 n.3 (2002) ("Justice STEVENS believes that our analysis of Title VI does not carry over to ADA because the latter is not Spending Clause legislation . . . Perhaps he thinks that it *should not* carry over, but that is a question for Congress, and Congress has unequivocally said otherwise.  The ADA could not be clearer that the remedies, procedures, and rights . . . this subchapter provides for violations of § 202 are the same

Hon. Nelson Román
Page 3 of 4

Accordingly, because all of the relief sought by Plaintiff in this case is either moot or barred by Supreme Court precedent, Defendants are entitled to judgment on the pleadings.

## II.        Discovery Should be Stayed Pending the Outcome of Defendants' Anticipated Motion

Defendants also request that the Court stay the current deadlines to complete expert discovery pending the outcome of their anticipated motion.[4]  It is "well-settled that upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). In turn, "'[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay.'" *Boelter v. Hearst Communs., Inc.*, No. 15-CV-03934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)); *see also HAHA Global, Inc. v. Barclays*, No. 19-CV-4749 (VEC), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) ("In determining whether good cause exists, courts consider (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.").

The relevant factors support a stay of discovery in this case.  The stay is warranted because "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the [motion], discovery is likely to be broad, and the imposition of a stay would not unfairly prejudice the Plaintiffs." *Spinelli v. Nat'l Football League*, No. 13-CV-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).  As demonstrated above, Plaintiff's claim for injunctive relief is moot, and the damages he seeks are not available under Title II of the ADA.  Thus, the viability of Plaintiff's claim is very much in doubt pending the resolution of Defendants' motion.  Moreover, the parties are beginning expert discovery, which will require a significant investment of time and resources by the parties over the next several months, including expert disclosures and depositions. *See HAHA Global*, 2020 WL 832341, at *1.  Indeed, because "the disposition of the dismissal motions may . . . eliminate [] the issues remaining in this case . . . proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants." *Id*. (internal quotation marks omitted).  Moreover, the imposition of a stay will not unfairly prejudice Plaintiff.   The stay will be brief and fact discovery is already complete; thus, there is no risk of losing access to documents or witnesses.  As such, the relevant factors support a stay of the current expert discovery deadlines pending the outcome of Defendants' anticipated motion.

---

as the remedies, procedures, and rights set forth in § 505(a)(2) of the Rehabilitation Act, which *is* Spending Clause legislation . . . These explicit provisions make discussion of the ADA's status as a "non Spending Clause" tort statute quite irrelevant.") (internal citations and quotation marks omitted) (emphasis in original).

[4]        Plaintiff's expert disclosure is due by June 3, 2022, Defendants' expert disclosure is due by July 8, 2022, and all expert discovery, including depositions, must be complete by August 2, 2022. *See* Docket Order dated May 3, 2022.  After expert discovery, Defendants anticipate moving for summary judgment.

Hon. Nelson Román
Page 4 of 4

Respectfully submitted,

*/s/ Shaina Schwartz*
Shaina L. Schwartz
Assistant Attorney General
212-416-8560
shaina.schwartz@ag.ny.gov

cc:   E. Chris Murray, Esq. (*via* ECF)