

Writer's Direct Dial: (516) 663-6515
Writer's Direct Fax: (516) 663-6715
Writer's E-Mail: emurray@rmfpc.com

June 2, 2022

**By ECF**

Hon. Nelson Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *Doherty v. Bice, et al.*, 18 Civ. 10898 (NSR)(AEK)

Dear Judge Roman:

    I am a partner in Ruskin Moscou Faltischek, P.C., attorney for plaintiff Jason Doherty. I submit this letter in response to the May 31, 2022 letter from defendants' counsel requesting a pre-motion conference in anticipation of moving for judgment on the pleadings and for a stay of expert discovery pending the determination of defendants' anticipated motion.

    Initially, it should be noted that defendants are seeking to move pursuant to Federal Rule of Civil Procedure 12(c), even though they have previously moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' initial motion was denied in part and since defendants do not plan to move for summary judgment at this time, there is nothing that would change the Court's determination.

    Defendants primarily argue that the recent Supreme Court case of *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022), precludes plaintiff from maintaining a claim for emotional distress damages for violation of Title II of the Americans with Disabilities Act. However, even a cursory reading of *Cummings* reflects that it was based on contract law which does not permit emotional damages to be awarded. Here, any damages to be awarded are not as a result of a breach of contract, and thus *Cummings* is not applicable.

    This Court has already determined that plaintiff may maintain a cause of action for violation of Americans with Disabilities Act in the initial motion to dismiss. This determination is the law of the case, and any motion by the defendants would be meritless.

    However, plaintiff does not oppose staying expert disclosure until the motion is made and decided, since the retentions of an expert by a twenty-two year old individual with Autism would



June 2, 2022
Page 2

be a significant expense that he should not bear at this time until the proposed motion by defendants is determined.

Respectfully,

E. Christopher Murray

ECM:emr

974805