UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
JASON DOHERTY,                                                 :
                                                               :
                            Plaintiff,                         :
                                                               :
          - against -                                          :
                                                               :
PATRICIA BICE, individually and as Dean of                     :   18-cv-10898 (NSR)
Student Affairs for Purchase College, State                    :
University of New York; JARED STAMMER,                         :
individually and as Conduct Officer for Purchase               :
College, State University of New York; and QUI                 :
QUI BALASCIO, individually and as Associate                    :
Dean for Student Affairs for Purchase College,                 :
State University of New York                                   :
                                                               :
                            Defendants.                        :
                                                               :
                                                               :
---------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(1), (c), (h)(2)(B), AND
(h)(3)**


LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8560

Shaina L. Schwartz
Assistant Attorney General
*Of Counsel*

# TABLE OF CONTENTS

                                                                                                                                    Page (s)

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF THE CASE ................................................................................................... 2

STANDARD OF REVIEW ......................................................................................................... 3

ARGUMENT ............................................................................................................................... 4

    A.   Plaintiff's Request For Non-Monetary Relief Is Moot ...................................................... 4

    B.   Plaintiff Is Not Entitled To Emotional Distress Damages ................................................ 7

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*,
    485 F.2 85, 94 (2d Cir. 2007) ................................................................................................ 5

*Alexander v. Yale Univ.*,
    631 F. 2d 178 (2d Cir. 1980) ................................................................................................ 6

*Altman v. Bedford Cent. Sch. Dist.*,
    245 F.3d 49 (2d Cir. 2001) ................................................................................................... 5

*B.C. v. Mount Vernon Sch. Dist.*,
    660 F. App'x 93 (2d Cir. 2016) ............................................................................................ 6

*Barnes v. Gorman*,
    536 U.S. 181 (2002) .............................................................................................................. 9

*Brief v. Albert Einstein College of Medicine*,
    423 F. App'x 88 (2d Cir. 2011) ............................................................................................ 6

*Christopher P. by Norma P. v. Marcus*,
    915 F.2d 794 (2d Cir. 1990) ................................................................................................. 6

*Commer v. McEntee*,
    00-cv-7913 (RWS), 2006 WL 3262492 (S.D.N.Y. Nov. 9, 2006) ....................................... 8

*Cook v. Colgate Univ.*,
    992 F.2d 17 (2d Cir. 1993) ............................................................................................... 5, 6

*Courtlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*,
    790 F.3d 411 (2d Cir. 2015) ................................................................................................. 3

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
    142 S.Ct. 1562 (2022) ............................................................................................... 2, 7, 8, 9

*Dessaint v. Lignel*,
    584 F. App'x 30 (2d Cir. 2014) ........................................................................................ 4, 5

*Donoghue v. Astro Aerospace Ltd.*,
    19-cv-7991 (JPO), 2020 WL 6802844 (S.D.N.Y. Nov. 19, 2020) ................................... 4, 5

*Faller v. Two Bridges Regional Jail*,
    1:21-cv-00063-GZS, 2022 WL 3017337 (D. Me. July 29, 2022) ........................................ 9

*Fox v. Bd. of Trustees of State Univ. of New York*,
 42 F.3d 135 (2d Cir. 1994)..................................................................................................5, 6

*Gillette v. State of Oregon*,
 3:20-cv-00513-IM, 2022 WL 2819057 (D. Or. July 19, 2022) .................................................8

*Hayden v. Paterson*,
 594 F.3d 150 (2d Cir. 2010)......................................................................................................4

*Hewitt v. Helms*,
 482 U.S. 755 (1987)..................................................................................................................6

*In re Kurtzman*,
 194 F.3d 54 (2d Cir. 1999)........................................................................................................3

*J.E. v. Chappaqua Cent. Sch. Dist.*,
 No. 14-cv-3295 (NSR), 2015 WL 4934535 (S.D.N.Y. Aug. 17, 2015) ....................................3

*Jones v. Volunteers of Am. Greater New York*,
 No. 1:20-cv-5581 (MKV), 2022 WL 768681 (S.D.N.Y. Mar. 14, 2022)..................................8

*Lynch v. City of N.Y.*,
 952 F.3d 67 (2d Cir. 2010)........................................................................................................4

*Makarova v. U.S.*,
 201 F.3d 110 (2d Cir. 2000)......................................................................................................3

*Miller v. Hamlet*,
 19-cv-11097 (GBD)(SDA), 2022 WL 1684317 (S.D.N.Y. May 26, 2022) ..............................4

*Montgomery v. District of Columbia*,
 No. 181928, 2022 WL 1618741 (D.D.C. May 23, 2022) .........................................................8

*Plummer v. N.Y. Prop. Ins. Underwriting Assoc.*,
 20-cv-4805 (NSR), 2022 WL 2133901 (S.D.N.Y. June 14, 2022)...........................................7

*Roth v. Farmingdale Union Free School District*,
 18-cv-4319 (RPK) (ARL), 2022 WL 1666964 (E.D.N.Y. May 25, 2022)............................6, 7

*Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervilet*,
 260 F.3d 114 (2d Cir. 2001)..............................................................................................4, 5, 6

*S. Pac. Terminal Co. v. ICC*,
 219 U.S. 498 (1911)..................................................................................................................5

*Sandler v. Benden*,
 15-cv-1193 (SJF)(AKT), 2016 WL 9944017 (E.D.N.Y. Aug. 19, 2016).................................7

*Spencer v. Kemna*,
  523 U.S. 1 (1998) ............................................................................................................. 5

*U.S. ex rel. Phipps*,
  152 F. Supp. 2d 443 (S.D.N.Y. 2001) ............................................................................. 3

*United States v. Quattrone*,
  402 F.3d 304 (2d Cir. 2005) ............................................................................................ 7

*Wolfe v. City of Portland*,
  3:20-cv-1882 (SJ), 2022 WL 2105979 (D. Or. June 10, 2022) ...................................... 8

*Xu v. City of New York*,
  No. 08-cv-11339, 2010 WL 3060815 (S.D.N.Y. Aug. 3, 2010) ..................................... 3

**CONSTITUTIONAL PROVISIONS**

  U.S. Const. amend. XIV ................................................................................................ 1
  U.S. Const. art III, § 2, cl. 1 ........................................................................................... 4

**FEDERAL STATUTES**

29 U.S.C.
  § 701, *et seq* ............................................................................................................... 8, 9
  § 185 ............................................................................................................................... 8

42 U.S.C.
  § 1983 ............................................................................................................................. 1
  § 12132 ................................................................................................................... passim
  § 12133 ........................................................................................................................... 8
  § 180001 ......................................................................................................................... 8
  § 2000d, *et seq.,* ............................................................................................................. 9

**RULES**

Fed. R. Civ. P.
  12(b)(1) ....................................................................................................................... 1, 3
  12(b)(6) ....................................................................................................................... 4, 8
  12(c) ........................................................................................................................ 1, 3, 4
  12(h)(2)(B) .................................................................................................................. 1, 4
  12(h)(3) ....................................................................................................................... 1, 3
  25(d) ............................................................................................................................... 1
  56 .................................................................................................................................... 1

Defendants Patricia Bice, Dean of Student Affairs, Qui Qui Balascio, former Associate Dean of Students, and Jared Stammer, former Conduct Officer for Community Standards (collectively, "Defendants")[1] at the State University of New York at Purchase ("Purchase College" or "the College"), respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint (the "Amended Complaint" or "Am. Compl."), filed on March 13, 2019 (ECF No. 17), pursuant to Fed. R. Civ. P. 12(b)(1), (c), h(2)(B), and (h)(3).[2][3]

## PRELIMINARY STATEMENT

Plaintiff Jason Doherty was a student at Purchase College from 2017-2021. Plaintiff alleges that he has Asperger Syndrome. Am. Compl., ¶ 7. Plaintiff brings this action asserting that he was subjected to discrimination based on his disability in violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 ("ADA"). *Id*., ¶¶ 41-54.[4] He seeks damages in excess of $100,000 (*id*., ¶ 55), a declaration that the No Contact Orders at issue in this litigation are "vacated and void," and attorneys' fees. *Id*.

All of Plaintiff's claims are subject to dismissal. The Court lacks subject matter jurisdiction over the instant action because Plaintiff's request for non-monetary relief is moot, as Plaintiff graduated from Purchase College in May 2021 and because the No Contact Orders at issue are no longer in effect. Further, Plaintiff is not entitled to the compensatory damages he seeks pursuant

---

[1]  Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. *See* Fed. R. Civ. P. 25(d).

[2]  Also submitted in support of this motion are the Declarations of Shaina Schwartz ("Schwartz Decl.") and Melissa Glazer ("Glazer Decl."), and the exhibits thereto.

[3]  Defendants reserve all defenses to Plaintiff's claims, including *inter alia* sovereign immunity, to raise on a motion for summary judgment pursuant to Fed. R. Civ. P. 56, or at the appropriate time, if necessary.

[4]  Plaintiff also asserted a claim pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the United States Constitution. *See* Am. Compl. ¶¶ 37-40. The Court previously dismissed this claim. *See* Opinion & Order dated September 16, 2020 (ECF No. 37).

1

to the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562, 1576 (2022), and thus fails to state a claim upon which relief can be granted. Accordingly, because all the relief sought by Plaintiff in this case is either moot or barred by Supreme Court precedent, his claims should be dismissed.

## STATEMENT OF THE CASE

In August 2017, Plaintiff attended new student orientation at Purchase College, where he was involved in an incident with other students in a residence hall. During this incident, Plaintiff attempted to enter the room of two other students; one of those students blocked Plaintiff's entry, yelled at Plaintiff to leave the room, and called the university police. Am. Compl., ¶¶ 10-16. After this incident, at the request of the students involved, Purchase College issued no contact orders between Plaintiff and three other students (the "No Contact Orders"). A no contact order is a formal directive issued by Purchase College requiring parties to have no direct or indirect communication with each other. *See* Glazer Decl., ¶ 4.

Plaintiff alleges that he suffers from severe anxiety, including in social situations and adversarial or disciplinary circumstances. Am. Compl., ¶ 45. He further alleges that the No Contact Orders created such great stress that he had difficulty socializing with other students, going to class, and utilizing Purchase College's facilities for fear of being arrested, and thus was excluded from the services, programs, and activities at Purchase College in violation of Title II of the ADA. *Id*., ¶¶ 34, 47-48. He further alleges that the College did not accommodate his disability when issuing the No Contact Orders. *Id*., ¶¶ 51-52. Plaintiff seeks more than $100,000 in emotional distress damages and asks the Court to declare that the No Contact Orders are "vacated and void." *Id*., ¶¶ 54-55.

As discussed in greater detail below, the Court should grant Defendants' motion and dismiss the Amended Complaint because (i) Plaintiff's claim for non-monetary relief is moot, and (ii) Plaintiff's claim for compensatory damages is barred by Supreme Court precedent.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Subject matter jurisdiction may be challenged through a Rule 12(c) motion for judgment on the pleadings." *J.E. v. Chappaqua Cent. Sch. Dist.*, No. 14-cv-3295 (NSR), 2015 WL 4934535, at *2 (S.D.N.Y. Aug. 17, 2015). "When a 12(c) motion is based on a lack of subject matter jurisdiction, it is treated as a Rule 12(b)(1) motion to dismiss the complaint." *Id.*; *see also Xu v. City of New York*, No. 08-cv-11339, 2010 WL 3060815, at *2 n. 2 (S.D.N.Y. Aug. 3, 2010) ("Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion.").

A district court properly dismisses an action for lack of subject matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate it." *Courtlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Makarova v. U.S.*, 201 F.3d 110, 113) (2d Cir. 2000)). "When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113. "Where subject matter jurisdiction is challenged . . . a court may consider materials outside the pleadings, such as affidavits, documents and testimony." *J.E. v. Chappaqua*, 2015 WL 4934535, at *2 (quoting *U.S.*

3

*ex rel. Phipps*, 152 F. Supp. 2d 443, 449 (S.D.N.Y. 2001)). Defendants may demonstrate mootness by "alerting the Court to evidence outside the pleadings[.] Such evidence may include affidavits, documents, and testimony if necessary, so long as the sources as submitted are competent, *e.g.*, affidavits that are based upon personal knowledge and contain more than conclusory allegations." *Donoghue v. Astro Aerospace Ltd.*, 19-cv-7991 (JPO), 2020 WL 6802844, at *1 (S.D.N.Y. Nov. 19, 2020) (internal citations and quotation marks omitted).

Failure to state a claim upon which relief can be granted may also be raised by a motion under Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2)(B). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Miller v. Hamlet*, 19-cv-11097 (GBD)(SDA), 2022 WL 1684317, at *2 (S.D.N.Y. May 26, 2022) (quoting *Lynch v. City of N.Y.*, 952 F.3d 67, 75 (2d Cir. 2010)). "To survive a 12(c) motion, the plaintiff's complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)).

## ARGUMENT

### A.  Plaintiff's Request For Non-Monetary Relief Is Moot

"The federal courts are courts of limited jurisdiction, their powers circumscribed at their most basic level by the terms of Article III of the Constitution, which states that they may hear only 'Cases' or 'Controversies.'" *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervilet*, 260 F.3d 114, 118 (2d Cir. 2001) (quoting U.S. Const. art III, § 2, cl. 1). "The requisite dispute must persist throughout the litigation . . . and if the dispute should dissolve at any time due to a change in circumstances, the case becomes moot." *Id*.; *see also Dessaint v. Lignel*, 584 F. App'x 30, 30 (2d Cir. 2014) ("In order to satisfy the case-or-controversy requirement, a party must,

4

at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision.").

"A case is moot, and the Court is deprived of subject-matter jurisdiction, when 'the parties have no legally cognizable interest or practical personal stake in the dispute' at bar." *Donoghue*, 2020 WL 6802844, at *1 (quoting *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.2 85, 94 (2d Cir. 2007)). "Whenever mootness occurs, the court – whether trial, appellate, or Supreme – loses jurisdiction over the suit, which therefore must be dismissed." *Russman*, 260 F.3d at 118-19; *see also Dessaint*, 584 F. App'x at 30 ("if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case as moot.") (internal citations and quotation marks omitted).[5] As a matter of subject matter jurisdiction, mootness defects in a suit cannot be waived and may be raised at any time. *See Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 139-40 (2d Cir. 1994).

The Second Circuit "has consistently held that students' declaratory and injunctive claims against the universities that they attend are mooted by graduation of the students, because after their graduation and absent a claim for damages, it becomes impossible for the courts, through the

---

[5] "The Supreme Court has recognized an exception, however, where the dispute is 'capable of repetition, yet evading review.'" *Russman*, 260 F.3d at 119 (quoting *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)). This exception applies "only 'where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). This exception "applies only in exceptional situations and is severely circumscribed." *Id.* (internal citations and quotation marks omitted). This exception does not apply to the present case because Plaintiff has graduated from Purchase College (Glazer Decl., ¶ 3), and "the finality of graduation means that 'in the absence of a class action the capable of repetition, yet evading review exception is not available when the issue is students' rights and the complaining students have graduated from the defendant institution.'" *Russman*, 260 F.3d at 119 (quoting *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 71 (2d Cir. 2001)); *see also Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) (holding that the "capable of repetition, yet evading review" exception did not apply because the plaintiffs had graduated and there was no indication that defendant university's policy would be visited upon them in the future).

5

exercise of their remedial powers, to do anything to redress the injury." *Fox*, 42 F.3d at 139–40 (internal citations and quotation marks omitted). Here, Plaintiff graduated from Purchase College in May 2021. Glazer Decl., ¶ 3. Thus, Plaintiff's claim that the No Contact Orders prevent him from accessing the services and facilities at Purchase College, and his request for non-monetary relief to declare the No Contact Orders "vacated and void," is moot. *See Russman*, 260 F.3d at 119 ("a student's graduation ends his individual interest in the conditions of education at his former school. As the student's interest evaporates, so does the requisite case or controversy.") (internal citations omitted); *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) (students' claim for injunctive relief against university dismissed as moot after students graduated from university); *see also Brief v. Albert Einstein College of Medicine*, 423 F. App'x 88, 90 (2d Cir. 2011) ("because [Plaintiff] has now graduated from medical school . . . his claim for injunctive relief is moot"); *B.C. v. Mount Vernon Sch. Dist.*, 660 F. App'x 93, 96 (2d Cir. 2016) (summary order) (same); *Alexander v. Yale Univ.*, 631 F. 2d 178, 184 (2d Cir. 1980) ("As for the other Plaintiffs . . . their graduations appear to prevent the courts both from addressing the predominant injury relied upon- deprivation of an environment free from condoned harassment- and from awarding the relief requested – an order directing Yale to institute effective procedure for receiving and adjudicating complaints of sexual harassment. None of these plaintiffs at present suffers from the alleged injury. Nor would the grant of the requested relief aid these plaintiffs in the slightest. Thus their claims appear moot.").[6]

---

[6] To the extent Plaintiff seeks declaratory judgment as relief, his claim is similarly subject to dismissal. *See Fox*, 42 F.3d at 139–40 (The Second Circuit "has consistently held that students' *declaratory and injunctive* claims against the universities that they attend are mooted by graduation of the students, because after their graduation and absent a claim for damages, it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury.") (emphasis added); *see also Roth v. Farmingdale Union Free Sch. Dist.*, 18-cv-4319 (RPK) (ARL), 2022 WL 1666964, at *2 (E.D.N.Y. May 25, 2022) ("[A] litigant may not use the declaratory judgment statute to secure judicial relief of moot questions.") (citing *Christopher P. by Norma P. v. Marcus*, 915 F.2d 794, 802 (2d Cir. 1990); *cf. Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (explaining that a declaratory judgment is a proper

Moreover, Plaintiff's request that the Court vacate the No Contact Orders is moot because the requested relief is no longer needed and would no longer be effectual, as the No Contact Orders have expired and are no longer in effect. Glazer Decl., ¶ 7; *See United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005) (explaining that an appeal must be dismissed as moot "if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party" (internal quotation marks omitted)); *Roth v. Farmingdale Union Free Sch. Dist.*, 18-cv-4319 (RPK) (ARL), 2022 WL 1666964, at *2 (E.D.N.Y. May 25, 2022) ("[S]ince the suspension has ended, neither remedy offers plaintiff any effectual relief. An injunction would not provide effectual relief because there is no longer a suspension in place to enjoin.") (internal quotation marks and citation omitted). As such, the Court should dismiss Plaintiff's claim for non-monetary relief.

### B. Plaintiff Is Not Entitled To Emotional Distress Damages

Plaintiff's claim for damages is also subject to dismissal. Pursuant to the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller P.L.L.C.*, 142 S.Ct. 1562, 1576 (2022), damages for emotional distress are not available for violations of Title II of the ADA. Thus, Plaintiff's claim for compensatory damages should be dismissed for failure to state a claim upon which relief may be granted.[7] *See Plummer v. N.Y. Prop. Ins. Underwriting Assoc.*, 20-cv-4805 (NSR), 2022 WL 2133901, at *4 (S.D.N.Y. June 14, 2022) (dismissing claim for monetary damages where monetary damages were not an available remedy for the cause of action); *Sandler v. Benden*, 15-cv-1193 (SJF)(AKT), 2016 WL 9944017, at *16 (E.D.N.Y. Aug. 19, 2016)

---

judicial resolution of a "case or controversy" is when it settles a dispute "*which affects the behavior of the defendant towards the plaintiff.*") (emphasis in original).

[7] Plaintiff does not seek compensatory damages other than for emotional distress. *See* Schwartz Decl. Exh. A, ¶¶ 5-6.

7

(dismissing claim where plaintiff sought damages which were not available under the cause of action); *Commer v. McEntee*, 00-cv-7913 (RWS), 2006 WL 3262492, at *16 (S.D.N.Y. Nov. 9, 2006) ("With respect to Commer's claim for punitive damages and damages for emotional distress, such relief is not available pursuant to LMRA § 301. Therefore, Commer's punitive and emotional distress damages claims against AFCME for violation of LMRA § 301 are also dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P."); *Jones v. Volunteers of Am. Greater New York*, No. 1:20-cv-5581 (MKV), 2022 WL 768681, at *6-*7 (S.D.N.Y. Mar. 14, 2022) (same).

In *Cummings*, the Supreme Court held that emotional distress damages are not available for violations of Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"). *Cummings*, 142 S.Ct. at 1576. Title II of the ADA expressly incorporates the remedial scheme set forth in the Rehabilitation Act. *See* 42 U.S.C. § 12133. Therefore, emotional distress damages are not available as a remedy for Title II of the ADA. *See Montgomery v. District of Columbia*, No. 181928, 2022 WL 1618741, at *23-24 (D.D.C. May 23, 2022) ("Although the statutes allegedly violated in *Cummings* were the Rehabilitation Act and the Patient Protection and Affordable Care Act, the Supreme Court's reasoning applies to other statutes as well. As mentioned above, Title II of the ADA incorporates the remedies, procedures, and rights set forth in the Rehabilitation Act, hence, if a certain category of damages is not available under Section 504, it is not available under Title II either.") (internal citations and quotation marks omitted); *see also Wolfe v. City of Portland*, 3:20-cv-1882 (SJ), 2022 WL 2105979, at *6 (D. Or. June 10, 2022) ("A recent decision by the Supreme Court forecloses emotional distress damages under the Rehabilitation Act and thus likely also under the ADA, for which remedies are construed coextensively with the Rehabilitation Act."); *Gillette v. State of Oregon*, 3:20-cv-00513-IM, 2022 WL 2819057, at *7 n.5 (D. Or. July 19, 2022) ("The Supreme Court recently held that damages for emotional distress are not

8

recoverable under the Rehabilitation Act, and therefore likely also under the ADA . . . Though this issue is not squarely before this Court, the Court notes that Plaintiff may no longer recover for emotional damages on these claims.") (internal citations omitted); *Faller v. Two Bridges Regional Jail*, 1:21-cv-00063-GZS, 2022 WL 3017337, at *4 n.8 (D. Me. July 29, 2022) ("While the parties have not expressly briefed the limits of any compensatory damage award, the Court notes that the Supreme Court recently held that emotional distress damages are not recoverable under the Rehabilitation Act.  It is likely that this limitation on compensatory damages extends to Plaintiff's ADA claim as well.") (internal citations and quotation marks omitted).

Plaintiff cannot evade the Supreme Court's ruling by arguing that *Cummings* should not apply to causes of action for purported violations of Title II of the ADA because, unlike the statutes at issue in *Cummings*, Title II of the ADA was not enacted under Congress' spending power. Indeed, the Supreme Court has expressly rejected this argument. *See Barnes v. Gorman*, 536 U.S. 181, 189 n.3 (2002).  In *Barnes*, the Court concluded that punitive damages were not available under Title II of the ADA and Section 504 of the Rehabilitation Act. *Id*. at 189.  The Court in *Barnes* acknowledged that the ADA was not enacted pursuant to Congress' powers pursuant to the Spending Clause of the Constitution but found the ADA's status as a "non Spending Clause tort statute quite irrelevant" as Congress unequivocally intended for the ADA to have the same remedies and procedures available for alleged violations of the Rehabilitation Act. *Id*. at 189 n. 3 ("Justice STEVENS believes that our analysis of Title VI does not carry over to the ADA because the latter is not Spending Clause legislation . . . Perhaps he thinks that it *should not* carry over, but that is a question for Congress, and Congress has unequivocally said otherwise.  The ADA could not be clearer that the remedies, procedures, and rights . . . this subchapter provides for violations of § 202 are the same as the remedies, procedures, and rights set forth in § 505(a)(2) of the

9

Rehabilitation Act, which *is* Spending Clause legislation.  Section 505(a)(2), in turn, explains that the remedies, procedures, and rights set forth in title VI . . . shall be available for violations of § 504 of the Rehabilitation Act.  These explicit provisions make discussion of the ADA's status as a "non Spending Clause" tort statute quite irrelevant.") (internal citations and quotation marks omitted) (emphasis in original).  Thus, Supreme Court precedent bars Plaintiff's claim for damages, and Plaintiff fails to state a claim upon which relief can be granted.

Because damages for emotional distress are not available for alleged violations of Title II of the ADA, Plaintiff's claim for compensatory damages should be dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Amended Complaint be dismissed in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 1, 2022

                                      LETITIA JAMES
                                      Attorney General
                                      State of New York
                                      *Attorney for Defendants*

                      By:    *Shaina Schwartz*
                                      Shaina L. Schwartz
                                      Assistant Attorney General
                                      28 Liberty Street
                                      New York, New York 10005
                                      Tel.: (212) 416-8560
                                      shaina.schwartz@ag.ny.gov