UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
JASON DOHERTY,

                                        Plaintiff,        Docket No.
                                                              18-cv-10898 (NSR)

        - against -

PATRICIA BICE, individually and as Dean of Student Affairs for Purchase College, State University of New York; JARED STAMMER, individually and as Conduct Officer for Purchase College, State University of New York; and QUI QUI BALASCIO, individually and as Associate Dean for Student Affairs for Purchase College, State University of New York,

                                        Defendants .
------------------------------------------------------------------------ X

# PLAINTIFF'S MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS



*Attorney for Plaintiff*
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York  11556
(516) 663-6600

**TABLE OF CONTENTS**

Page (s)

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF THE CASE................................................................................................ 3

THE COURT'S INITIAL DECISION ..................................................................................... 6

ARGUMENT ............................................................................................................................ 6

    POINT I.    *CUMMINGS* DOES NOT BAR DOHERTY'S CLAIMS FOR MONETARY DAMAGES ..................................................... 6

    POINT II.    DOHERTY'S CLAIM TO HAVE THE NO CONTACT ORDERS VACATED IS NOT MOOT ........................................................... 8

    POINT III.    DOHERTY'S CLAIMS FOR ATTORNEY'S FEES REQUIRE THAT THE COMPLAINT NOT BE DISMISSED ................... 10

CONCLUSION....................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Alexander v. Yale University*,
   631 F.2d 178 (2d Cir. 1980) .................................................................................................... 9

*Barnes v. Gorman,*
    536 U.S. 181, 122 S. Ct. 2097, 153 L. Ed 2d 230 (2002) ......................................................... 6

*Cook v. Colgate University*,
   992 F.2d 17 (2d Cir. 1993) ...................................................................................................... 9

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
   142 S.Ct. 1562 (2022) .............................................................................................................. 2

*Esteban v. Central Missouri State College*,
   415 F.2d 1077 (8th Cir. 1969) ................................................................................................. 9

*Farrer v. Hobby*,
   506 U.S. 103 (1992) ............................................................................................................... 10

*Fox v. Board of Trustees of State University of New York*,
   42 F.3d  (2d Cir. 1994) ............................................................................................................. 9

*Independence Project, Inc. v. Ventresca Bros. Construction Co., Inc.*,
   397 F.Supp.3d 482 (S.D.N.Y. 2019) ...................................................................................... 10

*Hatter v. Los Angeles City High School District*,
   452 F.2d 673 (9th Cir. 1971) ................................................................................................... 9

*Russman v. The Board of Education of the Enlarged City School District of the City of
    Watervliet*,
   260 F.3d 114 (2d Cir. 2001) .................................................................................................... 9

*Shelton v. Louisiana State*,
   919 F.3d 325 (5th Cir 2019) .................................................................................................. 10

*Sherry v. New York State Ed. Dep't*,
   479 F.Supp 1328 (W.D.N.Y. 1979) ....................................................................................... 10

*Toledo v, Sanchez*,
   454 F.3d 24 (1st Cir, 2006) ...................................................................................................... 6

*Winnick v. Manning*,
  460 F.2d 545 (2d Cir. 1972) .................................................................................................. 9

## Statutes

42 U.S.C. §12205 ....................................................................................................................... 10

## Rules

Fed.R.Civ.P. 12(b) ....................................................................................................................... 3
Fed.R.Civ.P. 12(c) ....................................................................................................................... 3

## Regulations

*Montgomery v. District of Columbia*,
  2022 WL 1608740 (D.C. Court of Appeals 5/23/2022) ............................................................ 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
JASON DOHERTY,

                                                    Plaintiff,        Docket No.
                                                                          18-cv-10898 (NSR)

             - against -

PATRICIA BICE, individually and as Dean of Student
Affairs for Purchase College, State University of New
York; JARED STAMMER, individually and as Conduct
Officer for Purchase College, State University of New
York; and QUI QUI BALASCIO, individually and as
Associate Dean for Student Affairs for Purchase College,
State University of New York,

                                                    Defendants.
------------------------------------------------------------------------ X

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS

### Preliminary Statement

       Plaintiff Jason Doherty ("Doherty"), an individual on the Autism spectrum who attended SUNY Purchase and has now graduated, commenced this action asserting that the issuance of no contact orders ("NCOs") by the defendants, current and former employees of SUNY Purchase, violated Doherty's due process rights and Title II of the Americans with Disabilities Act of 1990 ("ADA"). As confirmed by discovery, since at the time the NCOs were issued a student could request a NCO against another student for no reason, and it is apparent that the NCOs issued to Doherty were used to ostracize him because the way he acted was affected by his Autism.

       Upon defendants' initial motion to dismiss, this Court dismissed Doherty's due process cause of action, but allowed the claim for violating the ADA to proceed. Defendants now move to dismiss the ADA claim, contending that Doherty's claim for non-monetary relief is moot because plaintiff is no longer a student at SUNY Purchase, and Doherty's claim for compensatory

1

damages is barred by the recent Supreme Court decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022).

Initially, as alleged in the Amended Complaint and as explained below, Doherty's monetary damages flow, in part, because the NCOs caused Doherty difficulty in availing himself of the facilities at SUNY Purchase. In other words, although Doherty paid tuition, because of the issuance of the NCOs and his disability Doherty was denied the full college experience. Accordingly, Doherty suffered some damages that are analogous to breach of contract damages because he was denied the benefit of what he paid tuition for. These damages would not be effected by *Cummings* which precluded recovery of emotional distress damages in actions under §504 of the Rehabilitation Act of 1973 ("Rehabilitation Act").

Further, as set forth below, the Supreme Court's decision in *Cummings* should not bar Doherty's claim for emotional distress damages under Title II of the ADA. In *Cummings*, the Supreme Court held that a claim for emotional distress damages under the Rehabilitation Act are not permitted because the Rehabilitation Act governs entities that receive federal funds, and that the only damages permitted for a violation of the Rehabilitation Act are those that are recoverable as contract damages. The Supreme Court held that emotional distress damages are generally not permitted for breach of contract claims and are therefore not permitted for a violation of the Rehabilitation Act. The Supreme Court did not address recovery of damages under other discrimination statutes such as the ADA.

Applying the limitation of contract damages relating to emotional distress claims would make no sense for statutes that are not based on a party's status as the recipient of federal funds. The ADA is a generally applicable anti-discrimination law, and is not based on the federal government's spending power. As for the argument that since the remedies under the ADA are

the same as under the Rehabilitation Act, the type of damages is similarly limited is simply not called for by the language of the statutes.  Nowhere in the ADA is there a requirement if a type of compensatory damages is not permitted under the Rehabilitation Act these damages cannot be recovered under the ADA.  Such an extreme ruling of not allowing the recovery of emotional distress damages under generally applicable anti-discrimination laws is not called for by *Cummings* and does not justify the dismissal of Doherty's ADA claim.

As for defendants' argument that Doherty's non-monetary claims are moot, the fact that the no contact orders are no longer in effect because Doherty has graduated does not mean they have been vacated, and they are still part of his student record.  Accordingly, under established law set forth below, Doherty's non-monetary claims concerning the issuance of the NCOs are not moot.  Finally, the Amended Complaint also seeks recovery of attorney's fees as permitted by the ADA, and if a violation of the ADA occurred this relief may be available to Doherty.

Accordingly, defendants' motion to dismiss under Fed.R.Civ.P. 12(b) 6 and Fed.R.Civ.P. 12(c) should be denied in its entirety.

**Statement of the Case**

As alleged in the Amended Complaint, Doherty suffers from Asperger Syndrome, a form of Autism, and has been classified as a disabled student.  Amended Complaint ¶7. Despite his disability, Doherty graduated from John Jay High School in Cross River, New York, with honors, and received several awards, including the National Technical Honors Society. Amended Complaint ¶8.  While attending John Jay High School, Doherty participated in programs at Putnam Northern Westchester BOCES where he had contentious interactions with Casper Horsfield a/k/a Chelsea Horsfield ("Horsfield"). Amended Complaint ¶9.

Doherty began attending Purchase as a freshman, and attended freshman orientation in August of 2017. Amended Complaint ¶10. During the orientation period Doherty met a number of other freshman students, including Alexa Newman ("Newman"). Amended Complaint ¶11. When Doherty went with Newman to her room with other students, he was surprised to see Horsfield who was Newman's roommate. Amended Complaint ¶12. After Doherty had exited the room with Newman and some other students, and then tried to re-enter, Horsfield yelled at Doherty to "get out". Amended Complaint ¶13. Doherty stepped away from room and Horsfield closed the door and locked it. Amended Complaint ¶14.

A few minutes later, two campus police officers approached Doherty and his friend John while they were standing in the hallway, and asked for their IDs. Amended Complaint ¶15. Doherty asked the campus police officers what he did wrong, and in response one of the officers started yelling at Doherty to leave and that if he didn't he would be arrested, a restraining order against him would be issued and he would not be allowed in the dorms. Amended Complaint ¶16.

Doherty, as a result of his disability, was terribly frightened and intimidated, and afraid for his safety, and immediately left the building and called his mother. Amended Complaint ¶17. Doherty was worried and was concerned that he was going to jail, even though he did not know what he had done wrong. Amended Complaint ¶18. Doherty, with help from another student, then went to the Office for Students with Disabilities and stayed there until his parents arrived. Amended Complaint ¶19.

Doherty's parents were able to calm him down and he left the orientation. However, later that day he received a call from defendant Stammer. Stammer advised Doherty that three (3) girls had requested do not contact orders against him, and sent Doherty emails of the NCOs. Amended Complaint ¶20-21. The individuals who were given NCOs were Horsfield, Newman, and Casey

4

O'Riordan ("O'Riordan"), although Doherty has never met O'Riordan, and would not recognize her. Amended Complaint ¶22-23.

In addition, during discovery it was revealed that originally eight students had requested NCOs against Doherty, most who had never met Doherty. Although eventually only three students pursued the NCOs, it is clear that the students in the dorm were trying to ostracize Doherty because of how he acted, which is caused by his disability. School officials apparently had no concerns this was happening to a disabled student. *See* Deposition Tr. Jared Stammer, Exhibit 1 to the Affirmation of E. Christopher Murray dated August 31. 2022.

Thereafter, the fact that Doherty had NCOs issued against him was posted on a community online chat room, further reflecting that the NCOs were being utilized to ostracize Doherty. Amended Complaint ¶24. And, since SUNY Purchase had no mechanism at the time to evaluate whether NCOs should be issued, SUNY Purchase had no means to protect disabled students from having the NCOs issued because other students found that Doherty was strange because of his disability.[1]

Doherty requested review of the NCOs, and also indicated that he believed that because of his disability, he was being discriminated against. Amended Complaint ¶32. As a result of the issuance of the NCOs and his disability, Doherty has difficulty going to class or utilizing Purchase's facilities for fear of being arrested, and is afraid to socialize with other students. Amended Complaint ¶34.

---

[1] The harm done by allowing NCOs to be issued for no reason to disabled students can be shown by analogy. For example, what if a student requested NCOs against a minority student because the student did not want to have contact with a minority individual.

**This Court's Initial Decision**

Upon defendants' initial motion to dismiss, by the Opinion and Order dated September 16, 2020, this Court dismissed Doherty's due process claim finding that there was not a liberty or property interest to support a due process cause of action. However, this Court allowed the ADA cause of action to proceed, holding that Doherty had sufficiently alleged disparate impact and failure to accommodate claims. This Court also upheld a claim for monetary damages, stating "[t]he Court agrees that 'Title II's prophylactic measures are justified by the persistent pattern of exclusion and irrational treatment of disabled students in public education, coupled with the gravity of the harm worked by such discrimination'" *quoting Toledo v, Sanchez*, 454 F,3d 24, 40 (1st Cir, 2006).

**ARGUMENT**

**POINT I**

***CUMMINGS* DOES NOT BAR DOHERTY'S CLAIMS FOR MONETARY DAMAGES**

Defendants urge that as a result of the Supreme Court decision in *Cummings* barring claims for damages based on emotional distress under the Rehabilitation Act, claims for damages based on emotional distress under the ADA are similarly precluded. Defendants also rely on the Supreme Court's prior decision in *Barnes v. Gorman*, 536 U.S. 181 (2002) and recent District Court cases that hold that because the remedies under the ADA are the same as under the Rehabilitation Act, the type of damages that may be recovered are also the same.

Initially, even if *Cummings* applied to bar Doherty's claims for emotional distress, the Amended Complaint alleges that his damages also arose from his inability to fully utilize the college's facilities because of the NCOs. Accordingly, the damages suffered derive, in part, from Doherty not receiving what he paid for in tuition because of discrimination as a result of his

6

disability. Accordingly, those damages would not be barred by *Cummings*. *See Montgomery v. District of Columbia*, 2022 WL 1608740 *25 (D.C. Court of Appeals 5/23/2022).

In any case, the ADA provision with regard to the type of remedies available as being the same as under the Rehabilitation Act relates to the injunctive relief, and other forms of remedies that are permitted such as for compensatory damages. The ADA does not say that the specific amounts of damages that are recoverable must be the same as under the Rehabilitation Act. In other words, since compensable damages are recoverable under the Rehabilitation Act they are recoverable under the ADA, but the determination as to the type of compensable damages does not have to be the same given the nature of the two statutes. Further, nothing in the Rehabilitation Act limits the recovery of monetary damages, it is simply silent because a private right of action is not provided for in the statute. Accordingly, given the reasoning in *Cummings*, to impose limits of contract damages on ADA claims would make no sense,

In *Cummings* the Supreme Court determined that the right to seek damages under the Rehabilitation Act is derived by the federal government spending power, and the requirements of the Rehabilitation Act are imposed on parties solely because they received money from the federal government. Accordingly, the Supreme Court reasoned that violations of the Rehabilitation Act are analogous to a breach of contract, and the damages that may be awarded are those damages normally recoverable for a breach of contract. The Supreme Court then held that since emotional distress damages are generally not recoverable for a breach of contract, they are not recoverable for a violation of the Rehabilitation Act. None of this reasoning would apply to the ADA, or other statutes that prohibit discrimination generally.

The ADA prohibits individuals, not only parties that receive government funding, from discriminating against persons with a disability. Any damages that flow are not from a defendant's

7

breach of contract, but from specific conduct that has been determined wrongful. To hold that a person who discriminates against the disabled is only liable for breach of contract damages makes no sense, and to bootstrap this judicial limitation because of the language in the ADA that the remedies of the Rehabilitation Act apply to ADA claims is a pernicious argument.

Carried to its logical extreme, to find that *Cummings* bars damages for emotional distress for violations of general equal rights legislation could be read to bar emotional distress damages under Title VII, Fair Housing Act and other like statutes. And even if not applied to other statutes because they do not reference the remedies of the Rehabilitation Act, that would result in disabled individuals who have been discriminated against having lesser rights than other victims of discrimination. Such a result is not dictated by the ruling in *Cummings*, which is expressly based on the federal government spending powers. When someone is discriminated against, he or she may not be able to establish a direct pecuniary consequence, but nonetheless is damaged by the humiliation of being treated as a second class citizen. Accordingly, this Court should reject extending *Cummings* to limit an ADA plaintiff's right to recover compensable monetary damages.[2]

## POINT II

### DOHERTY'S CLAIM TO HAVE THE NO CONTACT ORDERS VACATED IS NOT MOOT

Defendants contend that since Doherty has now graduated from SUNY Purchase the NCOs are no longer in effect. However, defendants have not established that the NCOs have been expunged from his permanent record, nor have they been vacated. Further, Doherty seeks declaratory relief that the issuance of the NCOs violated the ADA. Doherty's permanent record

---

[2] *Barnes* dealt with the issue as to whether punitive damages are recoverable under the ADA. Punitive damages are a specific category of damages and the ruling in *Barnes* should not be extended as limiting the amount that may be recovered as compensable damages.

8

will reflect that they were issued, and the stigma of having the NCOs been issued may impact Doherty's ability to obtain employment or pursue additional education.

Numerous courts have recognized the stigma from disciplinary actions against a student may continue past graduation or the end of the punishment, and challenges to disciplinary actions even though the discipline has ended are not moot. *See Winnick v. Manning*, 460 F.2d 545, 548 n3 (2d Cir. 1972); *Hatter v. Los Angeles City High School District*, 452 F.2d 673, 674 (9th Cir. 1971)* ("So long as disciplinary measures … remain unexpunged from school records they threaten prejudice with respect to college admission and future employment"); *Esteban v. Central Missouri State College*, 415 F.2d 1077, 1089 n1 (8th Cir. 1969).

As for the cases cited by defendants, they do not address challenges to disciplinary actions. For example, in *Fox v. Board of Trustees of State University of New York*, 42 F.3d 155 (2d Cir. 1994), the issue was whether a former student could challenge on First Amendment grounds a regulation that bars private commercial business from engaging in sales demonstrations in student dormitory rooms. Similarly irrelevant is *Cook v. Colgate University*, 992 F.2d 17 (2d Cir. 1993), where the action was to compel the university to elevate women's hockey to a varsity sport. *See also Alexander v. Yale University*, 631 F.2d 178 (2d Cir. 1980) (former student's allegation of sexual harassment barred when student graduated); *Russman v. The Board of Education of the Enlarged City School District of the City of Watervliet*, 260 F.3d 114 (2d Cir. 2001) (claim challenging failure to fund on-site special education rendered moot when student graduated).

The imposition of punishment against a student, including the issuance of NCOs, if wrongful, is not alright because a student graduated. Like a suspension that has been served, if the suspension is not vacated it still acts to stigmatize the student in the future. Doherty has standing to seek the vacature of the NCOs regardless of whether he has graduated from SUNY Purchase.

9

In addition, whether the process of issuing NCOs without consideration of a student's disability is a violation of the ADA is an issue likely to repeat itself. There is nothing in the record that SUNY Purchase has taken any actions to address when a disabled student can be issued NCOs, and what steps can be taken to prevent NCOs being used, as here, to ostracize a student because of his disability. Accordingly, Doherty's request for non-monetary relief is not moot. *See Sherry v. New York State Ed. Dep't*, 479 F.Supp 1328 (W.D.N.Y. 1979)

## POINT III

### DOHERTY'S CLAIMS FOR ATTORNEY'S FEES REQUIRE THAT THE COMPLAINT NOT BE DISMISSED

Pursuant to the ADA, a prevailing party in an action brought under the the ADA may recover attorney's fees. 42 U.S.C. §12205. Accordingly, if Doherty successfully establishes that the defendants violated the ADA, and obtains either the vacating of the NOCs or monetary damages, Doherty would clearly be entitled to an award of attorney's fees. *See generally, The Independence Project, Inc. v. Ventresca Bros. Construction Co., Inc.*, 397 F.Supp.3d 482 (S.D.N.Y. 2019). However, even if this Court holds that the requests for non-monetary relief is moot, and Doherty cannot recover monetary damages for emotional distress, this Court should not dismiss the Complaint without determining whether defendants violated the ADA because Doherty still may recover attorney's fees.

In *Shelton v. Louisiana State*, 919 F.3d 325 (5th Cir 2019), the Court addresses whether a plaintiff may recover attorney's fees under the ADA even if the plaintiff only recovered nominal damages. Reviewing *Farrer v. Hobby*, 506 U.S. 103 (1992) where the Supreme Court held that attorney's fees may not be awarded to plaintiff who only recovers nominal damages, The Fifth Circuit held that *Farrer* was not a "categorical bar" to the award of attorney's fees in these circumstances.

Instead, a Court should consider whether a verdict in favor of a plaintiff would likely have a deterrent effect or other compensable goal. Here, a determination that the defendants violated the ADA in connection with the issuance of the NCOs to a disabled student would prompt SUNY Purchase to initiate appropriate procedures to protect disabled students from being ostracized by the use of NCOs and would justify an award of appropriate legal fees.

## CONCLUSION

For the reasons set forth below, defendants' motion to dismiss Doherty's ADA claim and claim for attorney's fees should be denied.

Dated: Uniondale, New York
August 30, 2022

RUSKIN MOSCOU FALTISCHEK P.C.

By: _____*s/ E. Christopher Murray*_____
E. Christopher Murray
*Attorney for Plaintiff*
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600

980854