UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
JASON DOHERTY, :
:
                        Plaintiff, :
:
   - against  - :
:
PATRICIA BICE, individually and as Dean of :    18-cv-10898 (NSR)
Student Affairs for Purchase College, State :
University of New York; JARED STAMMER, :
individually and as Conduct Officer for Purchase :
College, State University of New York; and QUI :
QUI BALASCIO, individually and as Associate :
Dean for Student Affairs for Purchase College, :
State University of New York :
:
                      Defendants. :
:
:
-----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(1), (c), (h)(2)(B), AND**
**(h)(3)**

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8560

Shaina L. Schwartz
Assistant Attorney General
*Of Counsel*

# **TABLE OF CONTENTS**

                                                                            **Page (s)**

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    PLAINTIFF IS NOT ENTITLED TO MONETARY DAMAGES ................................. 1

        a.   Cummings Bars Plaintiff's Claim for Emotional Distress Damages ........................ 1

    II.   PLAINTIFF'S CLAIM FOR NON-MONETARY RELIEF IS MOOT ......................... 5

    III.  PLAINTIFF CANNOT RECOVER ATTORNEYS' FEES OR NOMINAL DAMAGES.................................................................................................................... 8

CONCLUSION............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Barnes v. Gorman*,
    536 U.S. 181 (2002)..................................................................................................4, 5

*Bostock v. Clayton Cnty., Georgia*,
    140 S. Ct. 1731 (2020)....................................................................................................3

*Cummings v. Premier Rehab Keller P.L.L.C.*,
    142 S. Ct. 1562 (2022).........................................................................................1, 2, 3, 5

*Dunkin Donuts Inc. v. Dough Boy Mgmt. Inc.*,
    No. Civ. A. 02-243 (JLL), 2006 WL 20521 (D.N.J. Jan. 3, 2006)..............................8

*Faller v. Two Bridges Regional Jail*,
    1:21-cv-00063-GZS, 2022 WL 3017337 (D. Me. July 29, 2022) ...............................4

*Fox v. Bd. of Trustees of State Univ. of N.Y.*,
    42 F.3d 135 (2d Cir. 1994)............................................................................................8

*Gillette v. State of Oregon*,
    3:20-cv-00513-IM, 2022 WL 2819057 (D. Or. July 19, 2022) ...................................3

*Hill v. SRS Distribution Inc.*,
    No. 21 Civ. 370-TUC-CKJ, 2022 WL 3099649 (D. Ariz. Aug. 4, 2022) .................4

*Hutter v. Countrywide Bank, N.A.*,
    41 F. Supp. 3d 363 (S.D.N.Y. 2014), *aff'd in part, vacated in part, remanded*,
    710 F. App'x 25 (2d Cir. 2018) ....................................................................................2

*Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*,
    397 F.3d 77 (2d Cir. 2005)............................................................................................7

*Marotte v. City of N.Y.*,
    16 Civ. 8953 (GHW) (OTW), 2019 WL 1533304 (S.D.N.Y. Feb. 7, 2019) .............6

*Montgomery v. District of Columbia*,
    No. 181928, 2022 WL 1618741 (D.D.C. May 23, 2022).............................................3

*R.G. on behalf of M.G. v. Minisink Valley Central Sch. Dist.*,
    04 Civ. 9322 (LMS), 2008 WL 11517669 (S.D.N.Y. Aug. 15, 2008) .......................6

*Russman v. Bd. of Educ. of Enlarged City Sch. Dist. Of Watervliet*,
    260 F. 3d 114 (2d Cir. 2001).........................................................................................6

*Sarwar v. Swami LLC*,
    21 Civ. 9016 (KMK), 2022 WL 657224 (S.D.N.Y. Mar. 4, 2022) ..........................................8

*Scheiner v. ACT Inc.*,
    10 Civ. 0096 (RRM) (RER), 2013 WL 685445 (E.D.N.Y. Feb. 24, 2013)..............................7

*Sherry v. New York State Educ. Dep't.*
    479 F. Supp. 1328 (W.D.N.Y. 1979) ...................................................................................7

*United States v. Gayle*,
    342 F.3d 89 (2d Cir. 2003)...................................................................................................3

*Video Tutorial Servs., Inc. v. MCI Telecommunications Corp.*,
    79 F.3d 3 (2d Cir. 1996).......................................................................................................7

*Wolfe v. City of Portland*,
    3:20-cv-1882 (SJ), 2022 WL 2105979 (D. Or. June 10, 2022) ..................................................3

**FEDERAL STATUTES**

29 U.S.C.
    § 504............................................................................................................................3, 5
    § 505(a)(2) .....................................................................................................................4
    § 701...............................................................................................................1, 2, 3, 4

42 U.S.C.A.
    § 12101, *et seq.*, ................................................................................................ passim
    § 12132............................................................................................................................3
    § 12133............................................................................................................................3
    § 2000d, et seq., .............................................................................................................4

Patient Protection and Affordable Care Act ...............................................................................3

**RULES**

Fed. R. Civ. P. 12....................................................................................................................1

Defendants Patricia Bice, Qui Qui Balascio, and Jared Stammer (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion for judgment on the pleadings dismissing the claims in this action pursuant to Fed. R. Civ. P. 12.[1][2]

**PRELIMINARY STATEMENT**

As demonstrated in Defendants' moving brief, all of Plaintiff's claims are subject to dismissal. Recent Supreme Court precedent bars Plaintiff's claim for emotional distress damages. Further, Plaintiff's claim for non-monetary relief is moot, as Plaintiff graduated from Purchase College in May 2021 and because the No Contact Orders at issue are no longer in effect. Thus, Plaintiff has no viable claims left for this Court to adjudicate.

In response, Plaintiff inappropriately attempted to assert new claims for relief for the first time in this litigation and made entirely unsupported and incorrect arguments to circumvent Supreme Court precedent. As described in greater detail below, Plaintiff's arguments cannot save his claims from dismissal.

**ARGUMENT**

**I.    PLAINTIFF IS NOT ENTITLED TO MONETARY DAMAGES**

   **a.  *Cummings* Bars Plaintiff's Claim for Emotional Distress Damages**

As demonstrated in Defendants' moving brief, Plaintiff's claim for damages is subject to dismissal based on the Supreme Court's decision in *Cummings v. Premier Rehab Keller P.L.L.C.*, 142 S. Ct. 1562 (2022), which bars damages for emotional distress for claims brought under several

---

[1]     Defendants' memorandum of law was served on August 1, 2022 ("Def. Mem.") and Plaintiff's opposition was served on August 31, 2022 ("Opp. Mem.").

[2]     Also submitted in support of Defendants' motion is the Reply Declaration of Melissa Glazer, dated September 30, 2022 ("Glazer Reply Decl.").

1

statutes, including the Rehabilitation Act of 1973 (the "Rehabilitation Act"). Def. Mem., p. 8. Because Title II of the Americans with Disabilities Act ("ADA") expressly incorporates the remedies, procedures, and rights set forth in the Rehabilitation Act, the Supreme Court's decision in *Cummings* precludes damages for emotional distress for purported violations of Title II of the ADA. *Id*. Here, because Plaintiff asserts a single Title II claim seeking solely emotional distress damages, his claim is barred and must be dismissed.

Plaintiff raises several unsupported arguments in response. First, Plaintiff argues -- for the first time in this litigation -- that he has damages "aris[ing] from his inability to fully utilize the college's facilities because of the NCOs." Opp. Mem., pp. 6-7. However, Plaintiff has affirmatively represented that he "is not claiming economic injuries," and that his damages are limited to his purported emotional distress. *See* Def. Mem., p. 7 n.7. Plaintiff cannot introduce a new theory of damages at this stage of the litigation to save his claims. *See Hutter v. Countrywide Bank, N.A.*, 41 F. Supp. 3d 363, 379 (S.D.N.Y. 2014) (refusing to allow plaintiff to assert a new theory of damages after the close of discovery), *aff'd in part*, *vacated in part*, *remanded*, 710 F. App'x 25 (2d Cir. 2018).

Plaintiff also argues that "the ADA provision with regard to the type of remedies available as being the same under the Rehabilitation Act relates to the injunctive relief," that "the ADA does not say that the specific amounts of damages that are recoverable must be the same as under the Rehabilitation Act," and that "nothing in the Rehabilitation Act limits the recovery of monetary damages," thus "given the reasoning in *Cummings*, to impose limits of contract damages on ADA claims would make no sense." Opp. Mem., p. 8. This argument fails for several reasons. First, Plaintiff's arguments that Title II of the ADA (i) only incorporates the remedies of the Rehabilitation Act for injunctive relief, and (ii) does not limit the type of compensatory damages

to those available under the Rehabilitation Act are not supported by the plain language in the statute and, indeed, are contradicted by caselaw. Title II of the ADA incorporates the "remedies, procedures, and rights" set forth in the Rehabilitation Act as the "remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title." 42 U.S.C.A. § 12133. The language of the statute does not limit this provision to injunctive relief, nor does it make an exception for certain sub-categories of compensatory damages. *Id*. Where, as here, "the meaning of the statute's terms is plain, [the Court's] job is at an end." *Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1749 (2020); *United States v. Gayle*, 342 F.3d 89, 92 (2d Cir. 2003) ("Statutory construction begins with the plain text and, if that text is unambiguous, it usually ends there as well."). Accordingly, numerous district courts have indicated that the Supreme Court's ruling in *Cummings* prohibits emotional distress damages under Title II of the ADA, which contradicts Plaintiff's contrived and unsupported interpretation of the statute. *See* Def. Mem., pp. 8-9 (citing *Montgomery v. District of Columbia*, No. 181928, 2022 WL 1618741, at *23-24 (D.D.C. May 23, 2022) ("Although the statutes allegedly violated in *Cummings* were the Rehabilitation Act and the Patient Protection and Affordable Care Act, the Supreme Court's reasoning applies to other statutes as well. As mentioned above, Title II of the ADA incorporates the remedies, procedures, and rights set forth in the Rehabilitation Act, hence, if a certain category of damages is not available under Section 504, it is not available under Title II either.") (internal citations and quotation marks omitted); *Wolfe v. City of Portland*, 3:20-cv-1882 (SJ), 2022 WL 2105979, at *6 (D. Or. June 10, 2022) ("A recent decision by the Supreme Court forecloses emotional distress damages under the Rehabilitation Act and thus likely also under the ADA, for which remedies are construed coextensively with the Rehabilitation Act."); *Gillette v. State of Oregon*, 3:20-cv-00513-IM, 2022

3

WL 2819057, at *7 n.5 (D. Or. July 19, 2022) ("The Supreme Court recently held that damages for emotional distress are not recoverable under the Rehabilitation Act, and therefore likely also under the ADA . . . Though this issue is not squarely before this Court, the Court notes that Plaintiff may no longer recover for emotional damages on these claims.") (internal citations omitted); *Faller v. Two Bridges Regional Jail*, 1:21-cv-00063-GZS, 2022 WL 3017337, at *4 n.8 (D. Me. July 29, 2022) ("While the parties have not expressly briefed the limits of any compensatory damage award, the Court notes that the Supreme Court recently held that emotional distress damages are not recoverable under the Rehabilitation Act.  It is likely that this limitation on compensatory damages extends to Plaintiff's ADA claim as well.") (internal citations and quotation marks omitted)); *Hill v. SRS Distribution Inc.*, No. 21 Civ. 370-TUC-CKJ, 2022 WL 3099649, at *5 (D. Ariz. Aug. 4, 2022) ("[T]he Supreme Court recently held that damages for emotional distress are not recoverable under the Rehabilitation Act; it is therefore unlikely such damages are available under the ADA.").

 Moreover, as explained in Defendants' moving brief, in *Barnes v. Gorman*, the Supreme Court acknowledged that the ADA was not enacted based in Congress' Spending Powers but found that the ADA's status as a "non Spending Clause tort statute quite irrelevant" since Congress unequivocally intended for Title II of the ADA to have the same remedies and procedures available for alleged violations of the Rehabilitation Act.  *See* Def. Mem., pp. 9-10 (citing *Barnes v. Gorman*, 536 U.S. 181, 189 n.3 (2002) ("Justice STEVENS believes that our analysis of Title VI does not carry over to the ADA because the latter is not Spending Clause legislation . . . Perhaps he thinks that it *should not* carry over, but that is a question for Congress, and Congress has unequivocally said otherwise.  The ADA could not be clearer that the remedies, procedures, and rights . . . this subchapter provides for violations of § 202 are the same as the remedies, procedures, and rights

4

set forth in § 505(a)(2) of the Rehabilitation Act, which *is* Spending Clause legislation. Section 505(a)(2), in turn, explains that the remedies, procedures, and rights set forth in title VI . . . shall be available for violations of § 504 of the Rehabilitation Act. These explicit provisions make discussion of the ADA's status as a "non Spending Clause" tort statute quite irrelevant.") (internal citations and quotation marks omitted) (emphasis in original).[3]

Finally, contrary to Plaintiff's argument, applying the Supreme Court's ruling in *Cummings* to the ADA will not impact the availability of emotional distress damages pursuant to other anti-discrimination statutes which do not explicitly incorporate the remedies available in one of the statutes at issue in *Cummings*. Moreover, potential impact on other disability statutes is not justification to contradict the statutory requirement and Supreme Court precedent barring Plaintiff's claim.

For these reasons, and the reasons demonstrated in Defendants' moving brief, the Court should dismiss Plaintiff's claim for damages.

## II. PLAINTIFF'S CLAIM FOR NON-MONETARY RELIEF IS MOOT

Defendants' moving brief also demonstrated that Plaintiff's request for non-monetary relief is moot because the No Contact Orders expired when Plaintiff graduated. Def. Mem., pp. 5-6. Plaintiff does not (and cannot) dispute that the No Contact Orders are no longer in effect or impacting him in any way. Instead, in response, Plaintiff merely argues that Plaintiff's "permanent record will reflect that [the No Contact Orders] were issued, and the stigma of having the NCOs been issued *may* impact [Plaintiff's] ability to obtain employment or pursue additional education."

---

[3] Plaintiff unsuccessfully attempts to distinguish *Barnes* on the grounds that *Barnes* considered the availability of punitive damages under the ADA, which "should not be extended as limiting the amount that may be recovered as compensable damages." Opp. Mem., p. 8 n.2. However, the "amount that may be recovered as compensable damages" is not at issue on this motion.

Opp. Mem., p. 9 (emphasis added).  However, the No Contact Orders are not disciplinary actions and are not reflected on Plaintiff's permanent academic record.[4]  Glazer Reply Decl. ¶¶ 2-4. Further, no contact orders are not shared with prospective employers or as part of records sent on behalf of students seeking admission to another college or university. *Id.* ¶ 5.  Moreover, the record is wholly devoid of any indication that Plaintiff continues to suffer any harm due to the No Contact Orders, and a single unsupported sentence in a memorandum of law is insufficient to show imminent, non-speculative harm.  *See Marotte v. City of N.Y.*, 16 Civ. 8953 (GHW) (OTW), 2019 WL 1533304, at *7 (S.D.N.Y. Feb. 7, 2019) (finding that unsupported allegation of potential future harm was insufficient to demonstrate injury in fact.).  To establish standing, a plaintiff's "injury must be real, not abstract, it must actually exist."  *Id*.  Finally, Plaintiff's "request for possible name-clearing and ceremonial victory do not form a sufficient basis to sustain this matter as a live case or controversy for the purpose of Article III."  *See R.G. on behalf of M.G. v. Minisink Valley Central Sch. Dist.*, 04 Civ. 9322 (LMS), 2008 WL 11517669, at *4 (S.D.N.Y. Aug. 15, 2008).

Plaintiff further argues that his claim for non-monetary relief is not moot because "whether the process of issuing NCOs without consideration of a student's disability in violation of the ADA is an issue likely to repeat itself."  Opp. Mem., p. 10.  However, as discussed in Defendants' moving brief, the "capable of repetition, yet evading review" exception does not apply to the facts of this case.  *See* Def. Mem., p. 5 n.5.  The "capable of repetition, yet evading review" exception only applies where "(1) the challenged action is in its duration too short to be fully litigated prior

---

[4] The cases Plaintiff cited are inapposite.  The plaintiffs in those cases challenged suspensions, which –unlike the No Contact Orders-- were reflected on the plaintiffs' records.  *See* Opp. Mem., p. 9.  Plaintiff also attempts to distinguish the cases Defendants cite because "they do not address challenges to disciplinary actions."  *Id*.  However, as explained above, the No Contact Orders are not disciplinary actions. Moreover, the cases cited in Defendants' moving brief are analogous because, like here, the plaintiffs were no longer subjected to the conditions which prompted the litigation after they graduated and thus their claims were moot.  Def. Mem., p. 6.  Plaintiff graduated from Purchase College in 2021, and the No Contact Orders expired when Plaintiff graduated.  *Id*., pp. 5-7.  Thus, Plaintiff is no longer subjected to the conditions he alleges in the Amended Complaint.

6

to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. Of Watervliet*, 260 F. 3d 114, 119 (2d Cir. 2001).  Plaintiff is no longer a student at Purchase College, thus there is no expectation that he will be subjected to the same action again. *See Scheiner v. ACT Inc.*, 10 Civ. 0096 (RRM) (RER), 2013 WL 685445, at *3 (E.D.N.Y. Feb. 24, 2013) ("The standard for demonstrating a 'reasonable expectation' is a stringent one: the possibility of recurrence may not be speculative.").  Moreover, Plaintiff cannot seek relief on behalf of an unidentified, hypothetical, nonparty student because "'same action' means that the '*same parties* are reasonably likely to find themselves again in dispute over the issues raised' in the action." *Id*. (quoting *Video Tutorial Servs., Inc. v. MCI Telecoms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996)).

       The sole case Plaintiff relies upon, *Sherry v. New York State Educ. Dep't.*, is entirely inapposite.  Unlike Plaintiff, the plaintiff in *Sherry* was still a student subjected to the policies of the defendant school, thus the Court found that the situation which triggered the action could repeat itself.  479 F. Supp. 1328, 1335. (W.D.N.Y. 1979).  As discussed throughout, Plaintiff has graduated and is no longer subject to Purchase College's policies and procedures.  Moreover, the plaintiff in *Sherry* explicitly sought a declaration that the defendant's procedures did not meet statutory requirements (*id*.), which Plaintiff did not do here.  *See* Am. Compl. (Plaintiff's claim for relief demands judgment against Defendants "declaring the do not contact orders issued against [Plaintiff] are vacated and void.").

       For these reasons, and the reasons demonstrated in Defendants' moving brief, the Court should dismiss Plaintiff's claim for non-monetary relief as moot.

### III. PLAINTIFF CANNOT RECOVER ATTORNEYS' FEES OR NOMINAL DAMAGES

Because Plaintiff's claims for damages and non-monetary relief are barred, he fails to assert a claim for which relief can be granted, and his claims must be dismissed. In an attempt to avoid dismissal, Plaintiff argues that even if the Court dismisses his claims for compensatory damages and non-monetary relief, the Court should not dismiss the Amended Complaint because Plaintiff can recover nominal damages and attorneys' fees. Opp. Mem., pp. 10-11. This argument fails because Plaintiff cannot be a prevailing party entitled to any attorneys' fees, he did not assert a claim for nominal damages, and he cannot insert a new claim for damages at this late stage of the litigation.

As demonstrated above and in Defendants' moving brief, Plaintiff cannot prevail on his claims for monetary damages or non-monetary relief and thus cannot be the prevailing party entitled to attorney's fees. *See Sarwar v. Swami LLC*, 21 Civ. 9016 (KMK), 2022 WL 657224, at *2 (S.D.N.Y. Mar. 4, 2022) ("The [ADA] permits [attorney's fees] only for the prevailing party. In the ADA context, a party prevails when actual relief on the merits of his [or her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.") (internal citations and quotation marks omitted).

Further, Plaintiff never pled a claim for nominal damages (*see* Am. Compl.), nor did he assert such a claim during discovery (Def. Mem., p. 7 n 7), and he cannot assert a claim for nominal damages at this late stage of the litigation to save his claims from dismissal. *See Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 141-42 (2d Cir. 1994) (rejecting claim for nominal damages proffered to save case from mootness years after litigation began); *Dunkin Donuts Inc. v. Dough Boy Mgmt. Inc.*, No. Civ. A. 02-243 (JLL), 2006 WL 20521, at *9 (D.N.J. Jan. 3, 2006) ("It appears evident to this Court that Defendants' newfound claim for nominal damages arises out

of a failure to ultimately prove actual damages and a desire to ultimately obtain attorneys' fees . . . Thus, Defendants are precluded from resorting to nominal damages when, all throughout discovery, Defendants only alleged actual and consequential damages."). Plaintiff cannot assert new theories of damages at this late stage of the litigation, and thus the Amended Complaint should be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Amended Complaint be dismissed in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 30, 2022

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By: *Shaina Schwartz*
Shaina L. Schwartz
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8560
shaina.schwartz@ag.ny.gov

9