

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

December 14, 2022

*Via ECF*
Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   *Doherty v. Bice, et al.*, 18 Civ. 10898 (NSR)(AEK)

Dear Judge Román:

This Office represents defendants Patricia Bice, Qui Qui Balascio, and Jared Stammer[1] (collectively, "Defendants") in the above-captioned action. I write to provide the Court with supplemental authority in further support of Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (c), (h)(2)(B), and (h)(3).[2] ECF Nos. 84-87 ("Defendants' Motion" or "Def. Mem.").

Defendants' Motion demonstrated that Plaintiff's claim for damages pursuant to Title II of the Americans with Disabilities Act ("ADA") is subject to dismissal based on the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller P.L.L.C.*, 142 S.Ct. 1562 (2022), which bars damages for emotional distress for claims brought under several statutes, including Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"). Def. Mem. 8. Because Title II of the ADA expressly incorporates the remedies, procedures, and rights set forth in the Rehabilitation Act, the Supreme Court's decision in *Cummings* precludes damages for emotional distress for purported violations of Title II of the ADA. *Id.* Defendants' Motion identified numerous district courts which have indicated that the Supreme Court's ruling in *Cummings* prohibits emotional distress damages under Title II of the ADA. *See* Def. Mem. 8-9.

Several district courts have recently dismissed claims for emotional distress damages pursuant to Title II of the ADA based on the Supreme Court's decision in *Cummings*. In *Faller v. Two Bridges Regional Jail*, the District Court of Maine held that the plaintiff was foreclosed from recovering emotional distress damages for her claim pursuant to Title II of the ADA, noting:

---

[1]   Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. *See* Fed. R. Civ. P. 25(d).

[2]   Defendants' Motion was fully briefed on September 30, 2022. *See* ECF Nos. 84-91.

Hon. Nelson S. Román
December 14, 2022
Page 2 of 2

> [w]hile the Supreme Court in *Cummings* may have framed the limitation on emotional distress damages as only applying to Spending Clause statutes, the plain statutory language of § 12133 reflects a congressional policy that the remedies under the Rehabilitation Act 'shall be' the remedies available under Title II of the ADA. Given this language, the Court concludes that Plaintiff cannot pursue a remedy on her ADA claim that is not available under the Rehabilitation Act.

*Faller v. Two Bridges Regional Jail*, 21-cv-00063-GZS, 2022 WL 17260763, at *1 (D. Me. Nov. 2, 2022). District Courts in Oregon and Nebraska have similarly dismissed claims for emotional distress damages under the ADA based on the Supreme Court's ruling in *Cummings*. *See JP as Next Friend of ASW v. Nebraska*, 22-cv-3095, 2022 WL 5254121, at *6-7 (D. Neb. Oct. 6, 2022) ("Although the Supreme Court did not directly address § 202 of the ADA in *Cummings*, its holding implicitly found that emotional distress damages are unavailable under that section.") (citing *Barnes v. Gorman*, 536 U.S. 181, 185 (2002)); *Getman v. Oregon Health and Science Univ.*, 21-cv-01408 (SB), 2022 WL 17156760, at *6 (D. Or. Nov. 22, 2022) (dismissing claims for emotional distress damages pursuant to the ADA). These cases, in addition to the cases cited in Defendants' Motion, demonstrate that the Supreme Court's ruling in *Cummings* precludes emotional distress damages for claims brought pursuant to Title II of the ADA.

Respectfully submitted,

*/s/ Shaina Schwartz*
Shaina L. Schwartz
Assistant Attorney General
212-416-8560
shaina.schwartz@ag.ny.gov

cc:   E. Chris Murray, Esq. (*via* ECF)