

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

February 13, 2023

*Via ECF*
Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

  Re: *Doherty v. Bice, et al.*, 18 Civ. 10898 (NSR)(AEK)

Dear Judge Román:

  This Office represents defendants Patricia Bice, Qui Qui Balascio, and Jared Stammer[1] (collectively, "Defendants") in the above-captioned action. I write to provide the Court with additional supplemental authority in further support of Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (c), (h)(2)(B), and (h)(3).[2] ECF Nos. 84-87, 90-91 ("Defendants' Motion").

  As discussed in Defendants' prior submissions, Plaintiff's claim for damages pursuant to Title II of the Americans with Disabilities Act ("ADA") should be dismissed based on the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller P.L.L.C.*, 142 S.Ct. 1562 (2022), which bars damages for emotional distress for claims brought under several statutes, including Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"). ECF Nos. 85, 90, 92. Because Title II of the ADA expressly incorporates the remedies, procedures, and rights set forth in the Rehabilitation Act, the Supreme Court's decision in *Cummings* precludes damages for emotional distress for purported violations of Title II of the ADA. *Id*. Defendants' Motion and supplemental letter identified numerous district courts which have held that the Supreme Court's ruling in *Cummings* prohibits emotional distress damages under Title II of the ADA. *See* ECF No. 85, pp. 8-9; ECF No. 92.

  Since the date of Defendants' supplemental letter, several additional district courts have dismissed claims for emotional distress damages pursuant to Title II of the ADA based on the

---

[1] Defendants Stammer and Balascio are no longer employed by SUNY and therefore they are not proper defendants. *See* Fed. R. Civ. P. 25(d).

[2] Defendants' Motion was fully briefed on September 30, 2022. *See* ECF Nos. 84-91.

Hon. Nelson S. Román
February 13, 2023
Page 2 of 3

Supreme Court's decision in *Cummings*. In *A.T. v. Oley Valley Sch. Dist.*, the District Court for the Eastern District of Pennsylvania held that the plaintiff was foreclosed from recovering emotional distress damages for her claim pursuant to Title II of the ADA, finding that "although the ADA is not Spending Clause legislation, its text expressly incorporates the remedies available under a statute that is – the RA. Plaintiffs may therefore not seek compensatory emotional damages under the ADA in this action." *A.T. v. Oley Valley Sch. Dist.*, No. 17-4983, 2023 WL 1453143, at *3 (E.D. Pa. Feb. 1, 2023). District Courts in Illinois and Georgia have similarly dismissed claims for emotional distress damages under the ADA based on the Supreme Court's ruling in *Cummings*. *See Pennington v. Flora Comm. Unit Sch. Dist. No. 35*, 3:20-cv-11-MAB, 2023 WL 348320, at *3 (S.D. Il. Jan. 20, 2023) ("In *Cummings*, the Supreme Court held that emotional distress damages were not available in private actions to enforce Spending Clause antidiscrimination statutes, which include in pertinent part, the Rehab Act. Because Title II of the ADA incorporates the remedies set forth in the Rehab Act . . . it therefore follows that emotional distress damages are also not available in suits brought under the ADA.") (internal quotation marks and citations omitted); *A.W v. Coweta County Sch. Dist.*, 3:21-cv-218-TCB, 2022 WL 18107097, at *3 (N.D. Ga. Nov. 16, 2022) ("The ADA's remedies provision incorporates the related provision from the Rehabilitation Act, 42 U.S.C. § 12133, and the Supreme Court has held that the Rehabilitation Act does not provide recovery for damages for emotional distress.") (collecting cases).[3] These cases, in addition to the cases cited in Defendants' Motion and Defendants' prior letter, demonstrate that the Supreme Court's ruling in *Cummings* precludes Plaintiff's claim for emotional distress damages pursuant to Title II of the ADA.

Defendants' Motion also demonstrated that Plaintiff cannot assert a new claim for nominal damages at this late stage of the litigation in an attempt to save his claim from dismissal. *See* ECF No. 90, pp. 8-9. The District Court for the Eastern District of Kentucky's recent decision in *K.G. v. Woodford Cty. Bd. of Educ* supports Defendants' argument. In *Woodford*, the District Court dismissed plaintiff's claim pursuant to the Supreme Court's decision in *Cummings* where, as here, the complaint did not allege nominal damages and where the "only harm alleged by the plaintiffs are emotional in nature." *See K.G. v. Woodford Cty. Bd. of Educ.*, 18-555-DRC, 2022 WL 17993127, at *4 (E.D. Ky. Dec. 29, 2022). The District Court in *Woodford* relied on the District of Rhode Island's ruling in *Doe v. City of Pawtucket*, which concluded:

> [n]ominal damages are intended to be a substitute for a lack of damages or damages that cannot be proven . . . They are not a substitute for damages that might be proven but are otherwise unavailable . . . Therefore, to the extent that Plaintiffs seek nominal damages for harm that is properly characterized as emotional distress, the Court rejects such a facial rebranding . . .

*Id.* (quoting *Doe v. City of Pawtucket*, No. 17-365, 2022 WL 4551953, at *4 (D. R.I. Sept. 29, 2022)).[4] The District Court for the Eastern District of Pennsylvania also adopted the ruling in *City*

---

[3] The Court's decision in *A.W. v. Coweta* is dated November 16, 2022, however, it was published by Westlaw in January 2023, after the date of Defendants' prior letter to the Court.

[4] The District Court's opinion in *Woodford* noted that there was limited case law regarding the availability of

Hon. Nelson S. Román
February 13, 2023
Page 3 of 3

*of Pawtucket* to dismiss the plaintiff's Title IX claim pursuant to the Supreme Court's ruling in *Cummings* where, as here, the complaint alleged only emotional distress damages. *See Doe v. Moravian College*, 5:20-cv-00377-JMG, 2023 WL 144436, at *9 (E.D. Pa. Jan. 10, 2023). Similarly, here, Plaintiff cannot save his claims from dismissal by attempting to assert a new claim for nominal damages, when such damages were never alleged and are nevertheless unavailable as a substitute for Plaintiff's alleged emotional distress damages. Accordingly, Plaintiff's claims should be dismissed.

Thank you for your time and attention to this matter.

Respectfully submitted,

*/s/ Shaina Schwartz*
Shaina L. Schwartz
Assistant Attorney General
212-416-8560
shaina.schwartz@ag.ny.gov

cc:   E. Chris Murray, Esq. (via ECF)

---

nominal damages in the wake of the Supreme Court's decision in *Cummings*, and that the outcomes are not uniform. *See Woodford*, 2022 WL 17993127, at *3 (citing *Hejmej v. Peconic Bay Medical Center*, No. 17-cv-782, 2022 WL 5429675, at *8 (E.D.N.Y. July 5, 2022); *Fantasia v. Montefiore New Rochelle*, No. 19-CV-11054, 2022 U.S. Dist. LEXIS 107935, at *11–12 (S.D.N.Y. June 16, 2022); *City of Pawtucket*, 2022 WL 4551953, at *4). However, the two cited cases allowing nominal damages go against the weight of authorities in other districts that have addressed the issue, which properly found that nominal damages are not proper as a substitute for damages that are prohibited by Supreme Court precedent. *See, e.g., id.* at *4; *City of Pawtucket*, 2022 WL 4551953, at *4; *Moravian College*, 2023 WL 144436 at *9 (all rejecting claims for nominal damages post-*Cummings*). Here, allowing Plaintiff to recover nominal damages when his only alleged damages are based on his purported emotional distress would violate *Cummings*, as any money awarded to Plaintiff could only be for his purported emotional distress, which is foreclosed by the Supreme Court's decision. Moreover, in the sole case in this district allowing a plaintiff to seek nominal damages post-*Cummings*, the plaintiff had sought "compensatory damages" (*Fantasia*, 2022 U.S. Dist. LEXIS 107935, at 9); this is in stark contrast to Plaintiff here, who explicitly limited his request for damages solely to emotional distress injuries. Further, any allowance of nominal damages at this late stage of the litigation would also be contrary to the controlling authority in the Second Circuit which precludes Plaintiff from asserting a new claim for nominal damages in an attempt to save his claims from dismissal. *See* ECF No. 90, pp. 8-9 (citing cases, including *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135 (2d Cir. 1994)). Further, while the *Fantasia* court relied on the fact that "nominal damages are a generally accepted remedy in contract actions," the Restatement (Second) of Contracts makes clear that nominal damages cannot be a substitute for damages that are otherwise unavailable. *See City of Pawtucket*, 2022 WL 4551953, at *4. Here, where emotional distress damages are unavailable, and Plaintiff has never sought any other category of damages in this litigation, Plaintiff's claims should be dismissed.